Case 1:11-cv-00589-ACK-BMK   Document 1   Filed 09/28/11   Page 1 of 16   PageID #: 1

ORIGINAL

LAW OFFICES OF DONALD L. WILKERSON
A Law Corporation
DONALD L. WILKERSON    5730
1003 Bishop Street, Suite 1320
Honolulu, Hawaii 96813
Telephone: (808) 533-4447
Facsimile: (808) 528-2440
Email: don@allislandslaw.com

TE-HINA ICKES  9012
841 Bishop Street, Suite 2201
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Facsimile: (808) 566-0347
Email: tehina@gmail.com

Attorneys for Plaintiff
KIRK C. FISHER

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 28 2011

at 3 o'clock and 10 min P.M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KIRK C. FISHER,<br><br>      Plaintiff,<br><br>vs.<br><br>LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; PAUL PUTZULU, as an individual and in his official capacity as former Honolulu Acting Chief of Police; CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT and DOE DEFENDANTS 1-50,<br><br>      Defendants. | CIVIL NO. CV11 00589 MK<br>(Other Civil Action)<br><br>**COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS; DEMAND FOR JURY TRIAL; SUMMONS** |

## **COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS**

COMES NOW Plaintiff KIRK C. FISHER, by and through his undersigned counsel, and for his Complaint against the above-named Defendants, alleges and avers as follows:

### I. **INTRODUCTION**

1. Plaintiff Mr. Fisher is a natural person and a citizen of the United States of America, State of Hawaii and resident of the City and County of Honolulu. Mr. Fisher has been deprived of liberty and property in violation of the Second, Fifth and Fourteenth Amendments of the United States Constitution.

2. Mr. Fisher is fit and qualified to bear arms. Mr. Fisher applied for a permit to acquire firearms, pursuant to Section 134-2 of the Hawaii Revised Statutes (H.R.S.). However, the application was denied by Defendants Acting Chief of Police Paul Putzulu ("Defendant Putzulu") and Chief of Police Louis Kealoha ("Defendant Kealoha"), without providing Mr. Fisher with a meaningful opportunity for further review. Mr. Fisher was further ordered to surrender all firearms already in his possession.

3. The right to bear operational firearms and ammunition, and other weapons in common use for lawful purposes is a fundamental constitutional right guaranteed by the Second Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment to the United States

Constitution. The core of the Second Amendment is the right for law-abiding citizens to protect themselves. The denial of Mr. Fisher's application for a permit to acquire, and further order to surrender, firearms violated and continues to deprive Mr. Fisher of the fundamental constitutional rights guaranteed by the Second Amendment and made applicable to the states by the Fourteenth Amendment to the United States Constitution as Mr. Fisher is deprived of any means to protect himself, and deprived of the personal use and enjoyment of firearms.

    4.    Mr. Fisher made an inquiry and was told by Defendant Honolulu Police Department that denial of the application for a permit to acquire was not reviewable. Because of this, Mr. Fisher was deprived of the minimal protection of Due Process of law, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, in addition to the rights described above. There is no meaningful opportunity for an applicant, such as Mr. Fisher, to be heard. There is also no means for that applicant to seek further review following the denial of the application. Thus, an applicant can seek no administrative or appellate remedy.

    5.    Mr. Fisher continues to be deprived of his Second and Fourteenth Amendment rights due to the denial of his application for a permit to acquire.

    6.    Accordingly, Mr. Fisher seeks damages, attorney's fees, all applicable statutory damages, fees or awards to which he may be entitled, and costs.

## II. <u>PARTIES</u>

7. Plaintiff KIRK C. FISHER ("Plaintiff" or "Mr. Fisher") is a natural person and a citizen of the United States of America, who at all relevant times herein did reside in the City and County of Honolulu, State of Hawaii. Mr. Fisher continues to reside in the City and County of Honolulu, State of Hawaii. At all relevant times herein, Mr. Fisher is and was at least twenty-one years of age.

8. Defendant City and County of Honolulu is a governmental entity organized under the Constitution and laws of the State of Hawaii. The City and County of Honolulu is responsible for executing, administering, and enforcing the policies, customs, laws and practices complained of in this civil action. The City and County possesses legal personhood as defined in the meaning of 42 U.S.C. §1983.

9. Defendant Honolulu Police Department is a governmental entity organized under the constitution and laws of the State of Hawaii. Defendant Honolulu Police Department is responsible for executing, administering, and enforcing the policies, customs, laws and practices complained of in this civil action.

10. Defendant Louis Kealoha is the Chief of Police for the Honolulu Police Department. Defendant Kealoha is responsible for executing, administering, and enforcing the State law and the Hawaii Revised Statutes,

including H.R.S. Chapter 134. Defendant Kealoha is being sued as an individual and in his official capacity as Chief of Police at the Honolulu Police Department.

11. Defendant Paul Putzulu was the Acting Chief of Police for the Honolulu Police Department for unknown period of time in 2009. During that time, Defendant Putzulu was responsible for executing, administering, and enforcing the State law and the Hawaii Revised Statutes, including H.R.S. Chapter 134. Defendant Putzulu is being sued as an individual and in his official capacity as Acting Chief of Police at the Honolulu Police Department.

### III. JURISDICTION

12. This action is brought pursuant to 42 U.S.C. §1983 for violations of the Second, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is based upon 42 U.S.C. §1983 and the Second, Fifth and Fourteenth Amendments to the United States Constitution (Federal Question).

13. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1343, *et. seq.*

### IV. VENUE

14. Venue lies in the District Court pursuant to 28 U.S.C. §1391. The events actions complained of occurred in the City and County of Honolulu, State of Hawaii, within the jurisdiction of this Court.

## V. STATEMENT OF FACTS

### a. Background

15. On November 5, 1997, Mr. Fisher was arrested on two counts of Harassment in violation of *Hawaii Revised Statutes* (H.R.S.) §711-1106(1)(a).

16. Collette Fisher and Nicole Fisher were the complainants.

17. In or around November 20, 1997, Mr. Fisher owned firearms, and pursuant to a Family Court Order implementing H.R.S. §806-11 and §134-7, transferred said firearms to the Defendant Honolulu Police Department.

18. On December 3, 1997, Mr. Fisher pled guilty to two counts of Harassment in the Family Court of the First Circuit, State of Hawaii (State of Hawaii v. Kirk C. Fisher, FC-CR No. 97-3233). Mr. Fisher was sentenced to six (6) months probation.

19. The transcripts/audio recordings of the December 3, 1997, hearing have since been destroyed per judiciary retention statutes. The retention period for FC-CR hearing is ten (10) years after trial has commenced.

20. On November 4, 1998, in State of Hawaii v. Kirk C. Fisher, FC-CR No. 97-3233 the Honorable Dan Kochi issued an "Order Permitting Return of Firearms, Ammunition, Permits and Licenses, With Conditions," and ordered the following:

> Whereas, said party was ordered to surrender all firearms, ammunition, permits and licenses to the Honolulu Police Department

pursuant to an order issued in the above-mentioned case and filed on November 20, 1997, and the Court then ordered that defendant could pick up his firearms at the Honolulu Police Department, pursuant to an order issued on December 3, 1997; now therefore,

IT IS HEREBY ORDERED that the Honolulu Police Department shall return to KIRK C. FISHER all firearms and ammunition which were surrendered pursuant to the above mentioned court order, provided that the provisions of HRS Chapter 134 are satisfied and that there are no outstanding state of [sic] federal restraining orders, prohibitions under HRS Section 134-7 or the Violence Against Women Act of 1994 (18 U.S.C. Section 2265 et. Seq. and section 922(g)(8)), or a conviction of a misdemeanor crime of violence under 18 U.S.C. section 922(g)(9), or other outstanding federal or state (HRS Section [sic] 804-7.1) court orders against defendant which would prohibit defendant's possession or control of firearms and ammunition. In the event that any permits or licenses were revoked, said permits or licenses shall be reissued by the Honolulu Police Department, but only to the extent of the original expiration date of such permits or licenses.

21.    Following this order, Defendant Honolulu Police Department promptly returned Mr. Fisher's firearms.

22.    More than ten years later, in the fall of 2009, Mr. Fisher submitted an application to Defendant Honolulu Police Department to acquire an additional firearm.

23.    Defendant Putzulu responded on October 1, 2009, by denying Mr. Fisher's application, and informed him that pursuant to H.R.S. §134-7, he was disqualified from firearm ownership and possession.

24.    Defendant Putzulu further ordered Mr. Fisher to surrender to the chief of police or otherwise lawfully dispose of his firearms and ammunition within

thirty (30) days.

25. Mr. Fisher promptly contacted Defendant Honolulu Police Department and was informed that he was disqualified because of the prior Harassment conviction in <u>State of Hawaii v. Kirk C. Fisher</u>, FC-CR No. 97-3233. Mr. Fisher was also informed by Defendant Honolulu Police Department that it was Defendant Honolulu Police Department's custom, practice and policy to review the police reports to determine whether or not a defendant's alleged crime was a crime of violence. Mr. Fisher was further informed that Defendant Putzulu's decision was final and there were no appellate remedies.

26. Thereafter, Mr. Fisher transferred ownership and possession of all of his firearms to his wife, Collette Fisher, after she obtained the proper permits.

27. H.R.S. §134-7(b) states, "No person who ... has been **convicted** in this State or elsewhere of committing ... any crime of violence ... shall own possess, or control any firearm or ammunition therefore." H.R.S. §134-7(b) reads exactly the same now as it did in 1997 and 1998 at the time of Mr. Fisher's guilty plea, sentence and Judge Kochi's Order.

28. H.R.S. §134-1 defines "crime of violence" as, "... any offense, as defined in title 37, that involves injury or threat of injury to the person of another." H.R.S. §134-1 reads exactly the same now as it did in 1997 and 1998 at the time of Mr. Fisher's guilty plea, sentence and Judge Kochi's Order.

29.  "Injury" and "threat of injury" are not elements of Harassment. H.R.S. §711-1106(1)(a) Harassment states, "(1) A person commits the offense of harassment if, with intent to harass, annoy or alarm the other person, that person: (a) strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact." H.R.S. §711-1106(1)(a) reads exactly the same now as it did in 1997 and 1998 at the time of Defendant's guilty plea, sentence and Judge Kochi's Order.

30.  The Commentary on H.R.S. §711-1106 states, "Subsection (1)(a) is a restatement of the common-law crime of battery, which was committed by any slight touching of another person in a manner which is known to be offensive to that person."

31.  H.R.S. §134-7.3(a) states, "If any applicant is denied a permit, the chiefs of police of the perspective counties shall send, by certified mail, a notice setting forth the reasons for the denial and may require that the applicant voluntarily surrender all firearms and ammunition to the chief of police where the applicant resides or dispose of all firearms and ammunition ...."

32.  On June 10, 2010, through undersigned counsel, Mr. Fisher filed in a Motion to Enforce Order Permitting Return of Firearms, Ammunition, Permits and Licenses, with Conditions, in the Family Court of the First Circuit, State of Hawaii FC-CR No. 97-3233.

9

33.   Said Motion came on for hearing before the Honorable Darryl Y.C. Choy in the Family Court of the First Circuit, State of Hawaii on June 22, 2010. Said Motion was denied. No Findings of Fact or Conclusions of Law were entered.

34.   On August 31, 2010, Mr. Fisher, through undersigned counsel, wrote to Defendant Kealoha and requested that Defendant Honolulu Police Department grant his Application for Permit to Acquire Firearms and to rescind the prior order instructing Mr. Fisher to surrender of dispose of his firearms.

35.   On September 29, 2010, Defendant Kealoha responded to Mr. Fisher's inquiry by re-affirming Defendant Putzulu's prior denial of Mr. Fisher's Application.

### b.   Violations of Mr. Fisher's Right to Keep and Bear Arms

36.   Mr. Fisher is fit and qualified to keep and bear arms pursuant to H.R.S. §134-2 [Permits to Acquire].

37.   Even though Mr. Fisher is fit and qualified to keep and bear arms, should he exercise that right without first obtaining a permit to acquire pursuant to H.R.S. §134-2, Mr. Fisher would be subject to arrest and prosecution for committing an alleged criminal offense.

38.   Prohibited ownership or possession of a firearm or ammunition is a class C felony, pursuant to §H.R.S. 134-7.

39. Mr. Fisher fears arrest and prosecution should he exercise his fundamental constitutional right to keep and bear firearms and ammunition for lawful purposes.

40. H.R.S. §134-2 permits "the chief of police of the respective counties may issue permits to acquire firearms to citizens of the United States of the age of twenty-one years or more...."

41. H.R.S. §134-2 vests no discretion with the Chief of Police to determine whether an applicant is qualified, pursuant to H.R.S. Chapter 134.

42. So long as an applicant meets the objective criteria detailed in H.R.S. §§134-2 and 134-7, the permit must be issued.

43. Other than completing a basic form application, an applicant has no opportunity to participate in the decision-making process; to present his or her position on whether the application should be issued; or to demonstrate his or her fitness and/or qualifications.

44. Furthermore, if an application is denied, there are no means by which the applicant can seek review of the police chief's decision. Thus, all Hawaii citizens, including Mr. Fisher, whose application was wrongfully denied, are deprived of minimal protections of due process of law as there is no means to have the police chief's decisions reviewed by operation of any administrative procedure or judicial process.

45. During times relevant to this claim, Defendant Putzulu was the Acting Chief of Police for Defendant Honolulu Police Department. Acting under color of law, Defendant Putzulu and/or his agents or those of Defendant Honolulu Police Department did unlawfully deny Mr. Fisher application for a permit to acquire. This action was condoned by Defendant Honolulu Police Department and Defendant City and County of Honolulu who knew or should have known of this illegal deprivation of Mr. Fisher's rights, yet permitted the deprivation to occur and continue to permit Mr. Fisher's rights to be deprived.

46. During times relevant to this claim, Defendant Kealoha was the Chief of Police for Defendant Honolulu Police Department. Acting under color of law, Defendant Kealoha and/or his agents or those of Defendant Honolulu Police Department did unlawfully deny Mr. Fisher application for a permit to acquire. This action was condoned by Defendant Honolulu Police Department and Defendant City and County of Honolulu who knew or should have known of this illegal deprivation of Mr. Fisher's rights, yet permitted the deprivation to occur and continue to permit Mr. Fisher's rights to be deprived.

## VI. CAUSES OF ACTION

### COUNT I

### THE SECOND AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983 AGAINST ALL DEFENDANTS

47. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 46 above.

48. Pursuant to the Second and Fourteenth Amendments to the United States Constitution, the people cannot be prohibited from keeping and bearing arms. A wrongful denial of a person's right to keep and bear arms constitutes a violation of the Second Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment of the United States Constitution.

49. Mr. Fisher has been damaged by this unlawful prohibition, and has been deprived of liberty and property that is protected by the United States Constitution as a foreseeable result of Defendants' unlawful actions.

50. By maintaining and enforcing a set of customs, practices, and policies prohibiting Mr. Fisher from keeping and bearing firearms despite properly applying for a permit to acquire, which was unconstitutionally and arbitrarily denied, Defendants are propagating customs, policies, and practices that violate Mr. Fisher's guaranteed by the Second and Fourteenth Amendments to the United

States Constitution, damaging Mr. Fisher in violation of 42 U.S.C. §1983.

## COUNT II

### THE SECOND, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983 AGAINST ALL DEFENDANTS

51. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 50 above.

52. Before depriving a citizen of a fundamental constitutional right, such as those guaranteed by the Second Amendment, states and individuals acting on their behalf must afford the citizen minimal due process protection guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

53. The only means for Mr. Fisher to avoid the complete deprivation of his right to bear arms and ammunition for lawful purposes, is to acquire a permit pursuant to the procedure set forth in H.R.S. Chapter 134.

54. Mr. Fisher is fit and qualified to bear firearms and ammunition and to use a handgun for protected purposes. Mr. Fisher properly applied for a permit to acquire pursuant to H.R.S. §134-2. Mr. Fisher's application was wrongfully denied without affording Mr. Fisher minimal due process protection, including but not limited to a meaningful opportunity to be heard and any opportunity to have the decision reviewed. As a direct result of the wrongful denial of his application for a permit to acquire, Mr. Fisher was and continues to be deprived of his Second

Amendment rights, made applicable to the states through the Fourteenth Amendment.

55. Mr. Fisher has been damaged by this unlawful denial as Mr. Fisher has been deprived of liberty and property that is protected by the United States Constitution as a foreseeable result of Defendants' unlawful actions.

56. Mr. Fisher is entitled to an award of monetary damages, attorneys' fees, costs, and all applicable statutory fees, damages, and awards.

57. By maintaining and enforcing a set of customs, practices, and policies prohibiting Mr. Fisher from keeping and bearing firearms despite properly applying for a permit to acquire, which was unconstitutionally and arbitrarily denied, Defendants are propagating customs, policies, and practices that violate Mr. Fisher's rights guaranteed by the Second and Fourteenth Amendments to the United States Constitution, damaging Mr. Fisher in violation of 42 U.S.C. §1983.

## VII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff KIRK C. FISHER respectfully prays for judgment in his favor and against Defendants as follows:

A. An order compelling Defendants to issue a permit to acquire authorizing Mr. Fisher to keep and bear arms;

B. For general damages in an amount to be shown at trial;

C. For special damages in an amount to be shown at trial;

D. For punitive and/or exemplary damages in an amount to be shown at trial;

E. For attorneys, fees, costs, prejudgment and post-judgment interest and such other and further relief both legal and equitable as the Court deems just and necessary under the circumstances;

F. Attorneys' fees and costs pursuant to 42 U.S.C. §1988; and

G. Any and all statutory damages or awards to which Mr. Fisher may be entitled.

DATED: Honolulu, Hawaii, 9/28/11.

DONALD L. WILKERSON
TE-HINA ICKES
Attorneys for Plaintiff
KIRK C. FISHER