IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| KIRK C. FISHER, ) | CIVIL NO. CV11 00589BMK |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM IN SUPPORT OF |
| vs. ) | MOTION |
| ) | |
| LOUIS KEALOHA, as an individual ) | |
| and in his official capacity as Honolulu ) | |
| Chief of Police; PAUL PUTZULU, as ) | |
| an individual and in his official capacity ) | |
| as former Honolulu Acting Chief of ) | |
| Police; CITY AND COUNTY OF ) | |
| HONOLULU; HONOLULU POLICE ) | |
| DEPARTMENT and DOE ) | |
| DEFENDANTS 1-50, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

MEMORANDUM IN SUPPORT OF MOTION

Defendant CITY AND COUNTY OF HONOLULU (hereinafter referred to as the "City"), by and through its counsel, Robert C. Godbey, Corporation Counsel, and D. Scott Dodd, Deputy Corporation Counsel, hereby submits this memorandum in support of its motion to dismiss.

I.  INTRODUCTION

Plaintiff Kirk C. Fisher ("Plaintiff") filed his Complaint ("Complaint") on September 28, 2011. In this motion to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b), Defendant City is moving to dismiss Plaintiff's Complaint

for failure to state a claim upon which relief can be granted and because the Honolulu Police Department ("HPD") is not a separate legal entity from the City. More specifically, the City moves to dismiss both counts of Plaintiff's Complaint.

II.  FACTUAL ALLEGATIONS IN PLAINTIFF'S COMPLAINT

According to the Complaint, on November 5, 1997, Plaintiff was arrested on two counts of Abuse of Family or Household Member. See, Complaint, ¶ 15. Plaintiff pleaded guilty on December 3, 1997 to two counts of Harassment and sentenced to six months probation. Id., ¶ 18. On November 4, 1998, the Honorable Dan Kochi issued an "Order Permitting Return of Firearms, Ammunition, Permits and Licenses, With Conditions," which ordered the return of the firearms surrendered pursuant to Hawaii Revised Statutes § 134-7(b) ("HRS"). Id., ¶ 20. Then in 2009, Plaintiff submitted an application for an additional firearm which was denied via letter dated October 9, 2009. Id., ¶ 23. In addition to denying the application, the letter further ordered Plaintiff to surrender any firearms in his possession pursuant to HRS § 134-7.

Plaintiff alleges that his application for a permit should not have been denied based on the Second and Fourteenth Amendments to the Constitution of the United States ("Constitution"). Id., ¶ 48. Plaintiff further alleges that Defendants "propagated customs, policies, and practices that violate Plaintiff's rights by arbitrarily and unconstitutionally denying his permit application." Id., ¶ 50.

III.     APPLICABLE LAW

A Rule 12(b)(6) dismissal for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal v. Ashcroft, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007) (emphasis added). Although the "plausibility standard" does not rise to the level of a "probability requirement," it does require plaintiff plead sufficient facts that show more than the mere "possibility" of defendant liability; and facts that are more than merely "consistent" with liability.  Id.[1]

The Court in Iqbal applied the following two-prong approach for assessing the adequacy of a complaint:

1)   Identify factual pleadings that are merely conclusory and not entitled to the assumption of truth; and

2)   Determine whether the nonconclusory factual allegations that are plead give rise to a "plausible" theory of defendant liability.

---

[1] "Where the complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitled to relief."  Id. (internal quotes and cite omitted).

Id., at 1950; *see also* Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Circuit 2009) (recognizing the afore-referenced "methodological approach for assessing the adequacy of a plaintiff's complaint" laid out by the Court in Iqbal).

The first prong requires the court to determine what factual pleading are conclusory, and therefore not entitled to be assumed true. Id. The Court in Iqbal provided guidance in making this determination. First, allegations that merely state legal conclusions are not entitled to assumption of truth. Id., at 1949. Second "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are also not entitled to the assumption of truth. Id.

Further, "a municipality cannot be held liable solely because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Department of Social Services, 436 U.S. 658, 691. The Supreme Court has established that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id., at 694.

A Rule 12(b)(6) dismissal for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a

cognizable legal claim. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal v. Ashcroft, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007) (emphasis added). Although the "plausibility standard" does not rise to the level of a "probability requirement," it does require plaintiff plead sufficient facts that show more than the mere "possibility" of defendant liability; and facts that are more than merely "consistent" with liability. Id.[2]

The Court in Iqbal applied the following two-prong approach for assessing the adequacy of a complaint:

1) Identify factual pleadings that are merely conclusory and not entitled to the assumption of truth; and

2) Determine whether the nonconclusory factual allegations that are plead give rise to a "plausible" theory of defendant liability.

Id., at 1950; *see also* Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Circuit 2009) (recognizing the afore-referenced "methodological approach for assessing the adequacy of a plaintiff's complaint" laid out by the Court in Iqbal).

---

[2] "Where the complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitled to relief." Id. (internal quotes and cite omitted).

The first prong requires the court to determine what factual pleading are conclusory, and therefore not entitled to be assumed true. Id. The Court in Iqbal provided guidance in making this determination. First, allegations that merely state legal conclusions are not entitled to assumption of truth. Id., at 1949. Second "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are also not entitled to the assumption of truth. Id.

Further, "a municipality cannot be held liable solely because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Department of Social Services, 436 U.S. 658, 691. The Supreme Court has established that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id., at 694.

Where a party is not *sui juris*, "the case presented is not one which might be the subject of a civil action between the parties…and should be dismissed." Lester McCoy v. Gerald R. Corbett, 35 Haw. 743 (1940). Article VI, Chapter 16, Sections 6–601 and 6–602 of the City Charter establish that the Honolulu Police Department ("HPD") is an executive department which is under the supervision of

the managing director of the City, and is not subject to suit as a separate entity from the City.

## IV.  LEGAL CONCLUSIONS AND/OR CONCLUSORY ALLEGATIONS

Plaintiff makes the following conclusory allegations in his Complaint:

1.  Mr. Fisher has been deprived of liberty and property in violation of the Second, Fifth and Fourteenth Amendments of the United States Constitution. (Complaint, p. 2, ¶ 1.)

2.  Mr. Fisher is fit and qualified to bear arms. (Complaint, p. 2, ¶ 2.)

3.  The denial of Mr. Fisher's application for a permit to acquire, and further order to surrender, firearms violated and continues to deprive Mr. Fisher of the fundamental constitutional rights guaranteed by the Second Amendment and made applicable to the states by the Fourteenth Amendment to the United States Constitution as Mr. Fisher is deprived of any means to protect himself, and deprived of the personal use and enjoyment of firearms. (Complaint, p. 3, ¶ 3.)

4.  Mr. Fisher was deprived of the minimal protection of Due Process of law, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.  (Complaint, p.3, ¶4.)

5.  Mr. Fisher continues to be deprived of his Second and Fourteenth Amendment rights due to the denial of his application for a permit to acquire. (Complaint, p.3, ¶5.)

6. The City and County of Honolulu is responsible for executing, administering, and enforcing the policies, customs, laws and practices complained of in this civil action. (Complaint, p.4, ¶8.)

7. "Injury" and "threat of injury" are not elements of Harassment. (Complaint, p.9, ¶29.)

8. Mr. Fisher is fit and qualified to keep and bear arms pursuant to H.R.S. §134-2 [Permits to Acquire]. (Complaint, p.10, ¶36.)

9. Even though Mr. Fisher is fit and qualified to keep and bear arms, should he exercise that right without first obtaining a permit to acquire pursuant to H.R.S. §134-2, Mr. Fisher would be subject to arrest and prosecution for committing an alleged criminal offense. (Complaint, p.10, ¶37.)

10. H.R.S. §134-2 vests no discretion with the Chief of Police to determine whether an applicant is qualified, pursuant to H.R.S. Chapter 134. (Complaint, p.11, ¶41.)

11. So long as an applicant meets the objective criteria detailed in H.R.S. §§134-2 and 134-7, the permit must be issued. (Complaint, p.11, ¶42.)

12. Furthermore, if an application is denied, there are no means by which the applicant can seek review of the police chief's decision. Thus, all Hawaii citizens, including Mr. Fisher, whose application was wrongfully denied, are deprived of minimal protections of due process of law as there is no means to have

the police chief's decisions reviewed by operation of any administrative procedure or judicial process. (Complaint, p.11, ¶44.)

13.   Acting under color of law, Defendant Putzulu and/or his agents or those of the Defendant Honolulu Police Department did unlawfully deny Mr. Fisher application [sic] for a permit to acquire. This action was condoned by Defendant Honolulu Police Department and Defendant City and County of Honolulu who knew or should have known of this illegal deprivation of Mr. Fisher's rights, yet permitted the deprivation to occur and continue to permit Mr. Fisher's rights to be deprived. (Complaint, p.12, ¶45.)

14.   Acting under color of law, Defendant Kealoha and/or his agents or those of Defendant Honolulu Police Department did unlawfully deny Mr. Fisher application [sic] for a permit acquire. This action was condoned by Defendant Honolulu Police Department and Defendant City and County of Honolulu who knew or should have known of this illegal deprivation of Mr. Fisher's rights, yet permitted the deprivation to occur and continue to permit Mr. Fisher's rights to be deprived. (Complaint, p.12, ¶46.)

15.   Mr. Fisher has been damaged by this unlawful prohibition, and has been deprived of liberty and property that is protected by the United States Constitution as a foreseeable result of Defendants' unlawful actions. (Complaint, p.13, ¶49.)

16. By maintaining and enforcing a set of customs, practices, and policies prohibiting Mr. Fisher from keeping and bearing firearms despite properly applying for a permit to acquire, which was unconstitutionally and arbitrarily denied, Defendants are propagating customs, policies, and practices that violate Mr. Fisher's guaranteed by the Second and Fourteenth Amendments to the United States Constitution, damaging Mr. Fisher in violation of 42 U.S.C. §1983. (Complaint, p.14, ¶50.)

17. The only means for Mr. Fisher to avoid the complete deprivation of his right to bear arms and ammunition for lawful purposes, is to acquire a permit pursuant to the procedure set forth in H.R.S. Chapter 134. (Complaint, p.14, ¶53.)

18. Mr. Fisher is fit and qualified to bear firearms and ammunition and to use a handgun for protected purposes. Mr. Fisher properly applied for a permit to acquire pursuant to H.R.S. §134-2. Mr. Fisher's application was wrongfully denied without affording Mr. Fisher minimal due process protection, including but not limited to a meaningful opportunity to be heard and any opportunity to have the decision reviewed. As a direct result of the wrongful denial of his application for a permit to acquire, Mr. Fisher was and continues to be deprived of his Second Amendment rights, made applicable to the states through the Fourteenth Amendment. (Complaint, p.14-15, ¶54.)

19.   Mr. Fisher has been damaged by this unlawful denial as Mr. Fisher has been deprived of liberty and property that is protected by the United States Constitution as a foreseeable result of Defendants' unlawful actions.  (Complaint, p.15, ¶55.)

20.   By maintaining and enforcing a set of customs, practices, and policies prohibiting Mr. Fisher from keeping and bearing firearms despite properly applying for a permit to acquire, which was unconstitutionally and arbitrarily denied, Defendants are propagating customs, policies, and practices that violate Mr. Fisher's rights guaranteed by the Second and Fourteenth Amendments to the United States Constitution, damaging Mr. Fisher in violation of 42 U.S.C. §1983. (Complaint, p.15, ¶57.)

V.   DISCUSSION

   A.   PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983

Plaintiff fails to state any ground upon which the City can be held liable under a §1983 claim.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40(1988).  Plaintiff claims that the City and the other named Defendants maintained and enforced, "a set of customs, practices, and policies prohibiting

Mr. Fisher from keeping and bearing firearms despite properly applying for a permit to acquire, which was unconstitutionally and arbitrarily denied, Defendants are propagating customs, policies, and practices that violate Mr. Fisher's guaranteed by the Second and Fourteenth Amendments to the United States Constitution, damaging Mr. Fisher in violation of 42 U.S.C. §1983." Id., ¶ 50.

A plaintiff may establish municipal liability by proving that the alleged constitutional violation was committed pursuant to a formal policy or custom that constitutes the standard operating procedure; that an official with "final policy-making authority" committed the constitutional tort; or "that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992); see Monell, 436 U.S. at 690-91; Sunn v. City & County of Honolulu, 852 F. Supp. 903, 908-09 (D. Haw. 1994).

"[T]he word 'policy' generally implies a course of action consciously chosen from among various alternatives." Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985). The word 'custom' recognizes situations where the practices of officials are permanent and well settled. See Adickes v. S. H. Kress & Co., 398 U.S. 144, 167-68 (1970). A plaintiff may not assert a claim under Section 1983 merely by identifying conduct properly attributable to the municipality. Bd. of County Comm'rs v. Brown, 520 U.S. 397, 404 (1997). "The plaintiff must also

demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Id. The conduct that is alleged must show the "practices of…officials permanent and well-settled as to constitute a 'custom or usage' with the force of law." Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691, 98 S.Ct.2018, 56 L.Ed.2d 611 (1978). "To show ratification creating municipal liability under § 1983, a plaintiff must prove that the authorized policymakers approved a subordinate's decision and the basis for it, and thus, ratification requires, among other things, knowledge of the alleged constitutional violation, but a policymaker's knowledge of an unconstitutional act does not, by itself, constitute ratification." Christie v. Iopa, 176 F.3d 1231, 1239 (9th Cir. 2009).

The mere enforcement of state law on the part of local government, in the absence of express incorporation or adoption of state law into local regulations, has been found insufficient to sustain a federal action under §1983. See, e.g., Surplus Store & Exchange, Inc. v. City of Delphi, 928 F.2d 78, 793 (7th Cir. 1991).

Here, in both counts of the Complaint, which appear to allege duplicative counts, Plaintiff does not allege any deliberate conduct on the part of the City nor

- 13 -

any policy or custom that was the cause of the alleged injury.  Plaintiff merely cites the actions of the Acting Chief of Police in enforcing state and federal law.  Both HRS §134-7 and the Lautenberg Amendment of 1997, 18 U.S.C. §922(d)(9), clearly prohibit the ownership, control, sale to or possession of firearms or ammunition by persons who are convicted of misdemeanor domestic violence; mere enforcement of a lawful statute, without more, could not be the basis of municipal liability under § 1983.

Moreover, Plaintiff never alleges with any specificity actions by the City or each Defendant which led to any alleged injury.  Such vague pleading cannot properly notify the City of what actions it is being charged.  See e.g., Keith McHenry v. Louise Renee, et al., 84 F.3d 1172 (9th Cir. 1996).

B.     DOE DEFENDANTS SHOULD BE DISMISSED

"Pleading fictitious Doe defendants is improper in federal court."  State Farm Mut. Auto Ins. Co., v. Ireland, 2009 WL 4280282, at *1 (D. Nevada) (citing Turner v. County of Los Angeles, 18 Fed.App'x 592, 596 (9th Cir. 2001) ("As a general rule, the use of Doe pleading is disfavored in federal court."); Graziose v. American Home Products Corp., 202 F.R.D. 638, 643 (D. Nev. 2001) ("If there are unknown persons or entities, whose role is known, that fact should be expressed in the complaint, but it is unnecessary and improper to include 'Doe' parties in the pleadings. This in no way precludes a party's right, upon learning of the

participation of additional parties, to seek to amend the complaint (or answer) and have the amendment relate back in time to the original filing if the circumstances justify it.")). "A claim against Does has no effect in federal court. Dismissal without prejudice of the claims against the Doe defendants is proper." Id. Thus, the City seeks dismissal of Plaintiffs' claims against all Doe defendants.

    C.    HPD IS NOT A SEPARATE LEGAL ENTITY FROM THE CITY

HPD is not an independent legal entity that is subject to suit. See Dowkin v. Honolulu Police Dep't, Civil No. 10–00087 SOM/LEK, 2010 WL 4961135, at 3 (D. Hawaiʻi Nov. 30, 2010) (citing Meyer v. City & County of Honolulu, 6 Haw.App. 505, 507 n. 1, 729 P.2d 388, 390 n. 1, rev'd in part on other grounds, 69 Haw. 8, 731 P.2d 149 (1986) (stating "the HPD is a department placed under supervision of the managing director of the City and County of Honolulu" and is not an "independent legal entity"); Headwaters Forest Def. v. Cnty. of Humboldt, et al., 276 F.3d 1125, 1127 (9th Cir.2002) (treating police departments as part of their respective county or city)); accord N Group LLC v. Hawaiʻi Cnty. Liquor Comm' n, 681 F.Supp.2d 1209, 1234 (D. Hawaiʻi 2009) (dismissing the Liquor Commission because it lacks the capacity to be sued)."

Because HPD is not a separate legal entity from the City, it is not a proper defendant in this lawsuit and should be dismissed as a defendant.

// // //

## VI. CONCLUSION

For the foregoing reasons, the City respectfully requests that this Honorable Court grant its motion to dismiss for failure to state a claim upon which relief can be granted.

DATED:  Honolulu, Hawaiʻi, Wednesday, January 4, 2012.

                        ROBERT CARSON GODBEY
                        Corporation Counsel

                By:  /s/ D. Scott Dodd
                     D. SCOTT DODD
                     Deputy Corporation Counsel

                     Attorney for Defendant
                     CITY AND COUNTY OF HONOLULU

**10-06858/207434**