LAW OFFICES OF DONALD L. WILKERSON
A Law Corporation
DONALD L. WILKERSON      5730
1003 Bishop Street, Suite 1320
Honolulu, Hawaii 96813
Telephone: (808) 533-4447
Facsimile:  (808) 528-2440
Email:  don@allislandslaw.com

TE-HINA ICKES  9012
841 Bishop Street, Suite 2201
Honolulu, Hawaii  96813
Telephone:  (808) 521-3336
Facsimile:  (808) 566-0347
Email: tehina@gmail.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KIRK C. FISHER,<br><br>        Plaintiff,<br><br>  vs.<br><br>LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; PAUL PUTZULU, as an individual and in his official capacity as former Honolulu Acting Chief of Police; CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT and DOE DEFENDANTS 1-50,<br><br>        Defendants. | CIVIL NO. 11-00589 ACK/BMK<br><br>**PLAINTIFF KIRK C. FISHER'S MEMORANDUM IN OPPOSITION TO DEFENDANT CITY AND COUNTY OF HONOLULU'S AMENDED MOTION FOR PARTIAL DISMISSAL OF COMPLAINT, FILED SEPTEMBER 28, 2011; CERTIFICATE OF SERVICE**<br><br>Hearing:<br>Date: April 9, 2012<br>Time: 10:00 a.m.<br>Judge: The Honorable Alan C. Kay |

**PLAINTIFF KIRK C. FISHER'S MEMORANDUM IN OPPOSITION TO DEFENDANT CITY AND COUNTY OF HONOLULU'S AMENDED MOTION FOR PARTIAL DISMISSAL OF COMPLAINT, FILED SEPTEMBER 28, 2011**

## I.    INTRODUCTION

This is a 42 U.S.C. §1983 action for deprivation of civil rights wherein Plaintiff alleges that Defendants, and each of them, deprived Plaintiff of his constitutional rights under the Second, Fifth and Fourteenth Amendments to the United States Constitution.

Defendant City and County now moves this Honorable Court for an order granting its Motion for Partial Dismissal of Plaintiff's Complaint, arguing that Plaintiff fails to state a claim under 42 U.S.C. §1983.

Plaintiff submits that Defendant City **is not** entitled to a dismissal, as Plaintiff has plead sufficient facts to state plausible claims against all Defendants.

## II.    APPLICABLE LAW

Fed. R. Civ. Pr. 12(b)(6) states in relevant part

**Rule 12 Defenses and objections: When and How Presented**
**(b)    How to present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if on is required.  But a party may assert the following defenses by motion:
    **(6)    failure to state a claim upon which relief can be granted.**

Fed. R. Civ. Pr. 8(a)(2), requires only that a pleading must contain a short and plain of the claim showing that the pleading is entitled to relief.

Review of a motion to dismiss is limited to the contents of the Complaint. Cleff v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). All allegations of material fact in the Complaint are taken as true and construed in the light most favorable to the non-moving party. Id. A Complaint should not be dismissed unless it appears beyond doubt the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Id. The Court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Id.

To survive a motion to dismiss, a Complaint must contain sufficient factual matters, accepted as true, to state a claim which is plausible on its face. Ashcroft v. Iqbal, 12 S.Ct. 1937, 1949 (2009). A claim has plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. Id. Determining whether a complaint states a plausible claim [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Id. at 1950.

Plaintiff submits that the "legal conclusions" alleged in the Complaint **can be** reasonably drawn from the non-conclusory facts alleged.

## III.  STATEMENT OF FACTS

Plaintiff's Complaint alleges the following facts, which must be taken as

true and construed in the light most favorable to Plaintiff, Cleff v. Cult Awareness Network, 18 F.3d at 754, Ashcroft v. Iqbal, 12 S.Ct. at 1949:

Plaintiff Mr. Fisher is a natural person and a citizen of the United States of America, State of Hawaii and a resident of the City and County of Honolulu. (Complaint, p2, ¶1)

Mr. Fisher applied for a permit to acquire firearms, pursuant to §134-2 of the Hawaii Revised Statutes (H.R.S.). However, the application was denied by Defendants Acting Chief of Police Paul Putzulu ("Defendant Putzulu") and Chief of Police Louis Kealoha ("Defendant Kealoha"), without providing Mr. Fisher with a meaningful opportunity for further review. Mr. Fisher was further ordered to surrender all firearms already in his possession. (Complaint, p2, ¶2).

The right to bear operational firearms and ammunition, and other weapons in common use for lawful purposes is a fundamental constitutional right guaranteed by the Second Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment to the United States Constitution. The core of the Second Amendment is the right for law-abiding citizens to protect themselves. [Because of t]he denial of Mr. Fisher's application for a permit to acquire, and further order to surrender firearms ... Mr. Fisher is deprived of the use and personal enjoyment of firearms. (Complaint, p2-3, ¶3).

Mr. Fisher made an inquiry and was told by the Defendant Honolulu Police Department that denial of the application for a permit to acquire was not reviewable.  (Complaint, p3, ¶4).

There is no meaningful opportunity for an applicant, such as Mr. Fisher, to be heard.  There is also no means for that applicant to seek further review following the denial of the application.  Thus, an applicant can seek no administrative or appellate remedy.  (Complaint, p3, ¶4).

Accordingly, Mr. Fisher seeks damages, attorney's fees, all applicable statutory damages, fees or awards to which he may be entitled, and costs. (Complaint, p3, ¶6).

Plaintiff Kirk C. Fisher ("Plaintiff" or "Mr. Fisher") is a natural person and a citizen of the United States of America, who at all times relevant herein did reside in the City and County of Honolulu, State of Hawaii.  Mr. Fisher continues to reside in the City and County of Honolulu, State of Hawaii.  At all relevant times herein, Mr. Fisher is and was at least twenty-one years of age.  (Complaint, p4, ¶7).

Defendant City and County of Honolulu is a governmental entity organized under the Constitution and laws of the State of Hawaii.  Defendant City and County of Honolulu is responsible for executing, administering, and enforcing the policies, customs, laws and practices complained of in this civil action. The City

and County possesses legal personhood as defined in the meaning of 42 U.S.C.

§1983.  (Complaint, p4, ¶8).

Defendant Honolulu Police Department is a governmental entity organized under the Constitution and laws of the State of Hawaii.  Defendant Honolulu Police Department is responsible for executing, administering, and enforcing the policies, customs, laws and practices complained of in this civil action. (Complaint, p4, ¶9).

Defendant Louis Kealoha is the Chief of Police for the Honolulu Police Department.  Defendant Kealoha is responsible for executing, administering, and enforcing the State law and the Hawaii Revised Statutes, including H.R.S. Chapter 134.  Defendant Kealoha is being sued as an individual and in his official capacity as Chief of Police at the Honolulu Police Department.  (Complaint, p4-5, ¶10).

Defendant Paul Putzulu was the Acting Chief of Police for the Honolulu Police Department for unknown period of time in 2009.  During that time, Defendant Putzulu was responsible for executing, administering, and enforcing the State law and the Hawaii Revised Statutes, including H.R.S. Chapter 134. Defendant Puzulu is being sued as an individual and in his official capacity as Acting Chief of Police at the Honolulu Police Department.  (Complaint, p5, ¶11).

On November 5, 1997, Mr. Fisher was arrested on two counts of

**Harassment**[1] in violation of H.R.S. §711-1106(1)(a).  (Complaint, p6, ¶15).

Collette Fisher and Nicole Fisher were the complainants.  (Complaint, p6, ¶16).

In or around November 20, 1997, Mr. Fisher owned firearms, and pursuant to a Family Court Order implementing H.R.S. §806-11 and §134-7, transferred said firearms to the Defendant Honolulu Police Department.  (Complaint, p6, ¶17).

On December 3, 1997, Mr. Fisher pled guilty to two counts of Harassment in the Family Court of the First Circuit, State of Hawaii (State of Hawaii v. Kirk C. Fisher, FC-CR No. 97-3233).  Mr. Fisher was sentenced to six (6) months probation.  (Complaint, p6, ¶18).

The transcripts/audio recordings of the December 3, 1997, hearing have since been destroyed per judiciary retention statutes.  The retention period for FC-CR hearing is ten (10) years after trial has commenced.  (Complaint, p6, ¶19).

---

[1]Defendant City and County **erroneously** states in its Motion for Partial Dismissal of Complaint that "According to the Complaint, on November 5, 1997, Plaintiff was arrested on two counts of Abuse of a Family or Household Member. See, Complaint, ¶15." (emphasis added).  Paragraph 15 of Plaintiff's Complaint for Deprivation of Civil Rights, filed September 28, 2011, states "On November 5, 1997, Mr. Fisher was arrested on two counts of Harassment in violation of *Hawaii Revised Statutes* (H.R.S. §711-1106(1)(a)." (emphasis added).

On November 4, 1998, in <u>State of Hawaii v. Kirk C. Fisher</u>, FC-CR No. 97-3233 the Honorable Dan Kochi issued an "Order Permitting Return of Firearms, Ammunition, Permits and Licenses, With Conditions." (Complaint, p6-7, ¶20).

Following this order, Defendant Honolulu Police Department promptly returned Mr. Fisher's firearms. (Complaint, p7, ¶21).

More than ten years later, in the fall of 2009, Mr. Fisher submitted an application to Defendant Honolulu Police Department to acquire an additional firearm. (Complaint, p7, ¶22).

Defendant Putzulu responded on October 1, 2009, by denying Mr. Fisher's application, and informed him that pursuant to H.R.S. §134-7, he was disqualified from firearm ownership and possession. (Complaint, p7, ¶23).

Defendant Putzulu further ordered Mr. Fisher to surrender to the chief of police or otherwise lawfully dispose of his firearms and ammunition within thirty (30) days. (Complaint, p7-8, ¶24).

Mr. Fisher promptly contacted Defendant Honolulu Police Department and was informed that he was disqualified because of the prior Harassment conviction in <u>State of Hawai v. Kirk C. Fisher</u>, FC-CR No. 97-3233. Mr. Fisher was also informed by Defendant Honolulu Police Department that it was Defendant Honolulu Police Department's custom, practice and policy to review the police reports to determine whether or not a defendant's alleged crime was a crime of

8

violence.  Mr. Fisher was further informed that Defendant Putzulu's decision was final and there were no appellate remedies.  (Complaint, p8, ¶25).

Thereafter, Mr. Fisher transferred ownership and possession of all of his firearms to his wife, Collette Fisher, after she obtained the proper permits. (Complaint, p8, ¶26).

H.R.S. §134-7(b) states, "No person who ... has been **convicted** in this State or elsewhere of committing ... any crime of violence ... shall own, possess, or control any firearm or ammunition therefore."  H.R.S. §134-7(b) reads exactly the same now as it did in 1997 and 1998 at the time of Mr. Fisher's guilty plea, sentence and Judge Kochi's Order.  (Complaint, p8, ¶27).

H.R.S. §134-1 defines "crime of violence" as, "... any offense, as defined in title 37, that involves injury or threat of injury to the person of another."  H.R.S. §134-1 reads exactly the same now as it did in 1997 and 1998 at the time of Mr. Fisher guilty plea, sentence and Judge Kochi's Order.  (Complaint, p8, ¶28).

"Injury" and "threat of injury" are not elements of Harassment.  H.R.S. §711-1106(1)(a) Harassment states, "(1) A person commits the offense of harassment, if, with intent to harass, annoy or alarm the other person, that person: (a) strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact."  H.R.S. §711-

1106(1)(a) reads exactly the same now as it did in 1997 and 1998 at the time of Defendant's guilty plea, sentence and Judge Kochi's Order.  (Complaint, p9, ¶29).

The Commentary on H.R.S. §711-1106 states, "Subsection (1)(a) is a restatement of the common-law crime of battery, which was committed by any slight touching of another person in a manner which is known to be offensive to that person."  (Complaint, p9, ¶30).

H.R.S. §134-7.3(a) states, "If any applicant is denied a permit, the chiefs of police of the perspective counties shall send, by certified mail, a notice setting forth the reasons for denial and may require that the applicant voluntarily surrender all firearms and ammunition to the chief of police where the applicant resides or dispose of all firearms and ammunition..." (Complaint, p9, ¶31).

On June 10, 2010, through undersigned counsel, Mr. Fisher filed a Motion to Enforce Order Permitting Return of Firearms, Ammunition, Permits and Licenses, with Conditions, in the Family Court of the First Circuit, State of Hawaii, FC-CR No. 97-3233.  (Complaint, p9, ¶32).

Said Motion came on for hearing before the Honorable Darryl Y.C. Choy in the Family Court of the First Circuit, State of Hawaii on June 22, 2010.  Said Motion was denied.  No Findings of Fact or Conclusions of Law were entered. (Complaint, p10, ¶33).

On August 31, 2010, Mr. Fisher, through undersigned counsel, wrote to Defendant Kealoha and requested that Defendant Honolulu Police Department grant his Application for Permit to Acquire Firearms and to rescind the prior order instructing Mr. Fisher to surrender or dispose of his firearms.  (Complaint, p10, ¶34).

On September 29, 2010, Defendant Kealoha responded to Mr. Fisher's inquiry by re-affirming Defendant Putzulu's prior denial of Mr. Fisher's application.  (Complaint, p10, ¶35).

Should Mr. Fisher exercise his right to bear arms without first obtaining a permit to acquire pursuant to H.R.S. §134-2, Mr. Fisher would be subject to arrest and prosecution for committing an alleged criminal offense.  (Complaint, p10, ¶37).

Prohibited ownership or possession of a firearm or ammunition is a class C felony, pursuant to H.R.S. §134-7.  (Complaint, p10, ¶38).

Mr. Fisher fears arrest and prosecution should he exercise his fundamental constitutional right to keep and bear firearms and ammunition for lawful purposes. (Complaint, p11, ¶39).

H.R.S. §134-2 permits "the chief of police of the respective counties may issue permits to acquire firearms to citizens of the United States of the age of twenty-one years or more ..."  (Complaint, p11, ¶40).

Other than completing a basic form application, an applicant has no opportunity to participate in the decision-making process; to present his or her position on whether the application should be issued; or to demonstrate his or her fitness and/or qualifications.  (Complaint, p11, ¶43).

During times relevant to this claim, Defendant Putzulu was Acting Chief of Police for Defendant Honolulu Police Department.  (Complaint, p12, ¶45).

During times relevant to this claim, Defendant Kealoha was the Chief of Police for Defendant Honolulu Police Department.  (Complaint, p12, ¶46).

Pursuant to the Second and Fourteenth Amendments to the United States Constitution, the people cannot be prohibited from keeping and bearing arms.  A wrongful denial of a person's right to keep and bear arms constitutes a violation of the Second Amendment of the United States Constitution, made applicable to the state through the Fourteenth Amendment of the United States Constitution.  (Complaint, p13, ¶48).

Before depriving a citizen of a fundamental constitutional right, such as those guaranteed by the Second Amendment, states and individuals acting on their behalf must afford the citizen minimal due process protection guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.  (Complaint, p14, ¶52).

Mr. Fisher properly applied for a permit to acquire pursuant to H.R.S. §134-2.  (Complaint, p14, ¶54).

## IV.  ARGUMENT

In a §1983 action, courts require plaintiffs to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes.  Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986); see also Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); WMX Techs., Inc. v. Miller, 197 F.3d 367, 372 (9th Cir. 1999) (en banc); Ortez v. Washington County, Or., 88 F.3d 804, 810 (9th Cir. 1996).

"[M]unicipalities and other local government units ... [are] among those persons to whom §1983 applies."  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978); see also Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Delia v. City of Rialto, 621 F.3d 1069, 1081 (9th Cir. 2010); Eagerly v. City and County of San Francisco, 599 F.3d 946, 960 (9th Cir. 2010).  Counties are also persons for purposes of §1983.  See Miranda v. Clark County, Nev., 319 F.3d 465, 469 (9th Cir. 2003)(en banc).  Municipal government officials are also persons for purposes of §1983.  Monell, 436 U.S. at 691 n.55.

Here, Mr. Fisher has plead that Acting Chief of Police Putzulu and Chief of Police Kealoha were acting under color of state law.  See Complaint, p12, ¶¶45-

46. Mr. Fisher has also plead that these defendants, acting under color of state law law, deprived him of his constitutional rights.  Id.

### *The Constitutional deprivations predicated upon Mr. Fisher was the product of a policy or custom of Defendant City*

Local government units may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability.  Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  A plaintiff must go beyond the *respondeat superior* theory of liability and demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local government unit.  Brown, 520 U.S. at 403.

Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law.  Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011).

A choice among alternatives by a municipal officer with final decision-making authority may serve as the basis of municipal liability.  See Pembaur v. City of Cincinnati, 475 U.S. 469, 482-83 (1986); Waggy v. Spokane, 594 F.3d 707, 713 (9th Cir. 2010) (explaining that a policy has been defined as a deliberate choice, made from among various alternatives, to follow a course of action); see also City of St. Louis v. Prapotnik, 485 U.S. 112, 127 (1988) (emphasizing that

critical inquiry is whether official has final decision-making authority).  To identify officials with final policy-making authority, the court should look to state law.  Id. at 124.

Here, Defendants Kealoha and Putzulu are and were municipal officials with final decision-making authority.  In fact, Defendants Kealoha and Putzulu, in their role as the chief of police in the City and County of Honolulu, are and were designated by statute as the individuals responsible for granting or denying permits to acquire firearms.  See H.R.S. §134-2(d) ("the chief of police of the respective counties may issue permits to acquire).

Both Kealoha and Putzulu made deliberate choices, made from among various alternatives, to follow a course of action – denial of Mr. Fisher's application for a permit to acquire.

Moreover, ratification of the decisions of a subordinate by an official with final decision-making authority can also be a policy for purposes of municipal liability under §1983.  Id. at 127; Trevino v. Gates, 99 F.3d 911, 920-21 (9th Cir. 1996); Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th Cir. 1992).

Assuming *arguendo* that Kealoha did not make the deliberate choice to wrongfully deny Mr. Fisher's application, he certainly ratified that decision on September 29, 2010, when he re-affirmed Defendant Putzulu's prior denial.

(Complaint, p10, ¶¶34-35).  Ratification is a question for the jury.  See Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995).

Even if there is not an explicit policy, a plaintiff may establish municipal liability upon a showing that there is a permanent and well-settled practice by the municipality which gave rise to the alleged constitutional violation.  See Prapotnik, 485 U.S. at 127; Navarro v. Block, 72 F.3d 712, 714-15 (9th Cir. 1996). Once a plaintiff has demonstrated that a custom existed, the plaintiff need not also demonstrate that "official policy-makers had actual knowledge of the practice at issue."  Id. at 714-15; see also Blair v. City of Pomona, 223 F.3d 1074, 1080 (9th Cir. 2000) ("open to the [municipality] to show that the custom was not known to the policy-makers").

Defendant's contention that Plaintiff does not allege any deliberate conduct on the part of the City nor any policy or custom that caused injury is incorrect. Paragraph 25 of the Complaint states:

> Mr. Fisher was informed by Defendant Honolulu Police Department that it was their custom, practice and policy to review the police reports to determine whether or not a defendant's alleged crime was a crime of violence.

This custom, practice and policy of reviewing police reports exceeds the scope of what is statutorily mandated.  H.R.S. §134-7(b) does not contemplate what a defendant was arrested for, but whether he has been **convicted** of a felony or a

crime of violence. "The elements of an offense depend on the offense's definition under law, **not on the facts underlying an individual's conviction**. In other words, '[w]hat [the defendant] actually did is **irrelevant** to whether the statute has [a particular] element. The elements are the elements, and they can be determined only by reading and interpreting the statute itself." United States v. Zuniga-Soto, 527 F.3d 1110, 1118 (10th Cir. 2008) (emphasis added) (quoting United States v. Maldonado-Lopez, 517 F.3d 1207, 1211 (10th Cir. 2008).

Mr. Fisher is not statutorily disqualified by H.R.S. §134-7 and the Lautenberg Amendment of 1997, 18 U.S.C. §922(d)(9). See also Plaintiff's Memorandum in Opposition to Defendant Louis Kealoha's Motion for Partial Dismissal of Complaint.

### *Mr. Fisher has provided adequate notice to Defendant City*

Defendant's contention that Plaintiff fails to provide notice of what the City is being charged is also incorrect. In addition to the facts set forth in section III, *supra*, which must be taken as true and construed in the light most favorable to Plaintiff, Paragraph 45 of the Complaint states:

> During times relevant to this claim, Defendant Putzulu was the Acting Chief of Police for Defendant Honolulu Police Department. Acting under color of state law, Defendant Putzulu and/or his agents of those of the Honolulu Police Department did unlawfully deny Mr. Fisher's application for a permit to acquire. This action was condoned by Defendant City and County of Honolulu who knew or should have known of this illegal deprivation of Mr. Fisher's rights, yet permitted

17

the deprivation to occur and continue to permit Mr. Fisher's rights to be deprived.

Paragraph 46 states:

> During times relevant to this claim, Defendant Kealoha was the Chief of Police for Defendant Honolulu Police Department.  Acting under color of state law, Defendant Kealoha and/or his agents of those of the Honolulu Police Department did unlawfully deny Mr. Fisher's application for a permit to acquire.  This action was condoned by Defendant City and County of Honolulu who knew or should have known of this illegal deprivation of Mr. Fisher's rights, yet permitted the deprivation to occur and continue to permit Mr. Fisher's rights to be deprived.

And the last paragraph of each count affirms each Defendant's role in violating

Mr. Fisher's constitutional rights:

> By maintaining and enforcing a set of customs, practices, and policies prohibiting Mr. Fisher from keeping and bearing firearms despite properly applying for a permit to acquire, which was unconstitutionally and arbitrarily denied, Defendants are propagating customs, policies, and practices that violate Mr. Fisher's rights guaranteed by the Second and Fourteenth Amendments to the United States Constitution, damaging Mr. Fisher in violation of 42 U.S.C. §1983.

Yet, instead of acknowledging that these paragraphs clearly alleges conduct

attributable to each defendant that results in the violations of Mr. Fisher's

constitutional rights, Defendant City complains that Plaintiff's complaint is too

vague and does not properly notify the City of what actions it is being charged

with.

Plaintiff submits that the Complaint clearly notifies each of the Defendants of the actions at issue with enough particularity to permit them to mount a defense.

### *There is no heightened pleading for the "policy or custom" requirement of demonstrating municipal liability*

Finally, there is no heightened pleading standard with respect to the "policy or custom" requirement of demonstrating municipal liability." See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 167-68 (1993); see also Empress LLC v. City of San Francisco, 419 F.3d 1052, 1055 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1124 (9th Cir. 2002).  The 9th circuit has previously held that "a claim of municipal liability under §1983 is sufficient to withstand a motion to dismiss 'even if the claim is based on nothing more than a bare allegation that the individual officer's conduct conformed to official policy, custom, or practice."  Karim-Panahi v. L.A. Police Dep't., 839 F.2d 621, 624 (9th Cir. 1988) (quoting Shah v. County of Los Angeles, 797 F.2d 743, 747 (9th Cir. 1986)); see also Evans v. McKay, 869 F.2d 1341, 1349 (9th Cir. 1989); Shaw v. Cal. Dep't of Alchoholic Beverage Control, 788 F.2d 600, 610 (9th Cir. 1986) ("[I]t is enough if the custom or policy can be inferred from the allegations of the complaint.)

**V.   ASSUMING *ARGUENDO* THAT THE COURT FINDS  MERIT TO DEFENDANT CITY'S ARGUMENT, PLAINTIFF REQUESTS LEAVE TO AMEND COMPLAINT**

Fed. R. Civ. Pr. 15(a) admonishes that leave to amend a complaint "should be freely given when justice so requires."  It is therefore well settled that plaintiffs should ordinarily be given an opportunity to correct any deficiencies in their claims before those claims are dismissed for failure to state a cause of action.  See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962); Health Cost Controls v. Skinner, 44 F.3d 535, 538 (7th Cir. 1995); La Porte Constr. Co. v. Bayshore Nat'l Bank, 805 F.2d 1254, 1256 (5th Cir. 1986).

Leave to amend a Complaint is routinely granted at any stage of the litigation process.  Leave has been granted after discovery has been completed, following a pretrial conference, after a motion to dismiss has been granted but before the order of dismissal has been entered, after a case has been set for trial, at the beginning, middle and end of trial, after a judgment has been entered, and even on remand following an appeal. See, Archibald v. McLaughlin, 181 F.Supp. 175 (D. D.C. 1960); Raymond International v. Bookcliff Construction, Inc., 347 F.Supp. 208 (D. Neb. 1972); aff'd per curium, 489 F.2d 732 (8th Cir. 1974) (amendment permitted after discovery completed); Goldberg v. Worldlife Shippers & Movers of Chicago, Inc., 236 F.2d 198 (7th Cir. 1956) (amendment permitted after pretrial conference and two days before trial); Lloyd v. United States Corp.,

203 F.2d 789 (6th Cir. 1953) (amendment permitted after argument on motion to

dismiss and for summary judgment made); <u>Loan Star Import v. Citroen Cars

Corp.</u>, 288 F.2d 69 (5th Cir. 1961) (amendment permitted after motion to dismiss

granted but before entry of order of dismissal); <u>Seifert v. Solem</u>, 387 F.2d 925 (7th

Cir. 1967) (amendment permitted on first day of trial); <u>Maryland Casualty

Company v. Reickenbacher</u>, 146 F.2d 751 (4th Cir. 1944) (amendment permitted

during trial).

Assuming *arguendo* that the Court finds merit to any of Defendant City's

argument, Plaintiff respectfully requests leave to amend his Complaint.

## VI.   <u>CONCLUSION</u>

Plaintiff submits that his Complaint contains sufficient factual matters to

state a plausible claim for liability against all Defendants for all claims stated in

the Complaint.  Plaintiff submits that is quite reasonable for one to infer from the

facts plead that the Defendants are liable for the misconduct alleged.

Based on the foregoing, Plaintiff respectfully requests that Defendant City's

Amended Motion for Partial Dismissal of Complaint be **DENIED**.

DATED: Honolulu, Hawaii, March 19, 2012.

   */s/ Te-Hina Ickes*         
DONALD L. WILKERSON
TE-HINA ICKES
Attorneys for Plaintiff
KIRK C. FISHER
