LAW OFFICES OF DONALD L. WILKERSON
A Law Corporation
DONALD L. WILKERSON     5730
1003 Bishop Street, Suite 1320
Honolulu, Hawaii 96813
Telephone: (808) 533-4447
Facsimile:  (808) 528-2440
Email:  don@allislandslaw.com

TE-HINA ICKES  9012
841 Bishop Street, Suite 2201
Honolulu, Hawaii  96813
Telephone:  (808) 521-3336
Facsimile:  (808) 566-0347
Email: tehina@gmail.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KIRK C. FISHER, | ) CIVIL NO. 11-00589 ACK/BMK |
| | ) |
| Plaintiff, | ) **PLAINTIFF KIRK C. FISHER'S** |
| | ) **MEMORANDUM IN** |
| vs. | ) **OPPOSITION TO DEFENDANT** |
| | ) **LOUIS KEALOHA'S MOTION** |
| LOUIS KEALOHA, as an individual | ) **FOR PARTIAL DISMISSAL OF** |
| and in his official capacity as Honolulu | ) **COMPLAINT, FILED** |
| Chief of Police; PAUL PUTZULU, as | ) **SEPTEMBER 28, 2011;** |
| an individual and in his official capacity | ) **CERTIFICATE OF SERVICE** |
| as former Honolulu Acting Chief of | ) |
| Police; CITY AND COUNTY OF | ) |
| HONOLULU; HONOLULU POLICE | ) Hearing: |
| DEPARTMENT and DOE | ) Date: April 9, 2012 |
| DEFENDANTS 1-50, | ) Time: 10:00 a.m. |
| | ) Judge: The Honorable Alan C. Kay |
| Defendants. | ) |

**PLAINTIFF KIRK C. FISHER'S MEMORANDUM IN OPPOSITION TO DEFENDANT LOUIS KEALOHA'S MOTION FOR PARTIAL DISMISSAL OF COMPLAINT, FILED SEPTEMBER 28, 2011**

## I.   INTRODUCTION

This is a 42 U.S.C. §1983 action for deprivation of civil rights wherein Plaintiff alleges that Defendants, and each of them, deprived Plaintiff of his constitutional rights under the Second, Fifth and Fourteenth Amendments to the United States Constitution.

Defendant Kealoha now moves this Honorable Court for an order granting its Motion for Partial Dismissal of Plaintiff's Complaint, arguing that (1) Plaintiff's claims against Kealoha in his official capacity should be dismissed as duplicative; (2) Plaintiff fails to allege a violation of his constitutional or statutory rights; and (3) Plaintiff's claims against Kealoha in his individual capacity should be dismissed for qualified immunity.

Plaintiff submits that for the reasons set forth below, Defendant Kealoha **is not** entitled to a dismissal.

## II.   APPLICABLE LAW

Fed. R. Civ. Pr. 12(b)(6) states in relevant part

**Rule 12 Defenses and objections: When and How Presented**
**(b)     How to present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if on is required.  But a party may assert the following defenses by motion:
**(6)**     failure to state a claim upon which relief can be granted.

Fed. R. Civ. Pr. 8(a)(2), requires only that a pleading must contain a short and plain of the claim showing that the pleading is entitled to relief.

Review of a motion to dismiss is limited to the contents of the Complaint. Cleff v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). All allegations of material fact in the Complaint are taken as true and construed in the light most favorable to the non-moving party. Id. A Complaint should not be dismissed unless it appears beyond doubt the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Id. The Court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Id.

To survive a motion to dismiss, a Complaint must contain sufficient factual matters, accepted as true, to state a claim which is plausible on its face. Ashcroft v. Iqbal, 12 S.Ct. 1937, 1949 (2009). A claim has plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. Id. Determining whether a complaint states a plausible claim [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Id. at 1950.

Plaintiff submits that the "legal conclusions" alleged in the Complaint **can be** reasonably drawn from the non-conclusory facts alleged.

III.   **STATEMENT OF FACTS**

Plaintiff's Complaint alleges the following facts, which must be taken as true and construed in the light most favorable to Plaintiff, Cleff v. Cult Awareness Network, 18 F.3d at 754, Ashcroft v. Iqbal, 12 S.Ct. at 1949:

Plaintiff Mr. Fisher is a natural person and a citizen of the United States of America, State of Hawaii and a resident of the City and County of Honolulu. (Complaint, p2, ¶1)

Mr. Fisher applied for a permit to acquire firearms, pursuant to §134-2 of the Hawaii Revised Statutes (H.R.S.). However, the application was denied by Defendants Acting Chief of Police Paul Putzulu ("Defendant Putzulu") and Chief of Police Louis Kealoha ("Defendant Kealoha"), without providing Mr. Fisher with a meaningful opportunity for further review. Mr. Fisher was further ordered to surrender all firearms already in his possession. (Complaint, p2, ¶2).

The right to bear operational firearms and ammunition, and other weapons in common use for lawful purposes is a fundamental constitutional right guaranteed by the Second Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment to the United States Constitution. The core of the Second Amendment is the right for law-abiding citizens to protect themselves. [Because of t]he denial of Mr. Fisher's application

for a permit to acquire, and further order to surrender firearms ... Mr. Fisher is deprived of the use and personal enjoyment of firearms. (Complaint, p2-3, ¶3).

Mr. Fisher made an inquiry and was told by the Defendant Honolulu Police Department that denial of the application for a permit to acquire was not reviewable.  (Complaint, p3, ¶4).

There is no meaningful opportunity for an applicant, such as Mr. Fisher, to be heard.  There is also no means for that applicant to seek further review following the denial of the application.  Thus, an applicant can seek no administrative or appellate remedy.  (Complaint, p3, ¶4).

Accordingly, Mr. Fisher seeks damages, attorney's fees, all applicable statutory damages, fees or awards to which he may be entitled, and costs. (Complaint, p3, ¶6).

Plaintiff Kirk C. Fisher ("Plaintiff" or "Mr. Fisher") is a natural person and a citizen of the United States of America, who at all times relevant herein did reside in the City and County of Honolulu, State of Hawaii.  Mr. Fisher continues to reside in the City and County of Honolulu, State of Hawaii.  At all relevant times herein, Mr. Fisher is and was at least twenty-one years of age.  (Complaint, p4, ¶7).

Defendant City and County of Honolulu is a governmental entity organized under the Constitution and laws of the State of Hawaii.  Defendant City and

County of Honolulu is responsible for executing, administering, and enforcing the policies, customs, laws and practices complained of in this civil action. The City and County possesses legal personhood as defined in the meaning of 42 U.S.C. §1983. (Complaint, p4, ¶8).

Defendant Honolulu Police Department is a governmental entity organized under the Constitution and laws of the State of Hawaii. Defendant Honolulu Police Department is responsible for executing, administering, and enforcing the policies, customs, laws and practices complained of in this civil action. (Complaint, p4, ¶9).

Defendant Louis Kealoha is the Chief of Police for the Honolulu Police Department. Defendant Kealoha is responsible for executing, administering, and enforcing the State law and the Hawaii Revised Statutes, including H.R.S. Chapter 134. Defendant Kealoha is being sued as an individual and in his official capacity as Chief of Police at the Honolulu Police Department. (Complaint, p4-5, ¶10).

Defendant Paul Putzulu was the Acting Chief of Police for the Honolulu Police Department for unknown period of time in 2009. During that time, Defendant Putzulu was responsible for executing, administering, and enforcing the State law and the Hawaii Revised Statutes, including H.R.S. Chapter 134. Defendant Puzulu is being sued as an individual and in his official capacity as Acting Chief of Police at the Honolulu Police Department. (Complaint, p5, ¶11).

6

On November 5, 1997, Mr. Fisher was arrested on two counts of

**Harassment**[1] in violation of H.R.S. §711-1106(1)(a).  (Complaint, p6, ¶15).

Collette Fisher and Nicole Fisher were the complainants.  (Complaint, p6, ¶16).

In or around November 20, 1997, Mr. Fisher owned firearms, and pursuant to a Family Court Order implementing H.R.S. §806-11 and §134-7, transferred said firearms to the Defendant Honolulu Police Department.  (Complaint, p6, ¶17).

On December 3, 1997, Mr. Fisher pled guilty to two counts of Harassment in the Family Court of the First Circuit, State of Hawaii (State of Hawaii v. Kirk C. Fisher, FC-CR No. 97-3233).  Mr. Fisher was sentenced to six (6) months probation.  (Complaint, p6, ¶18).

The transcripts/audio recordings of the December 3, 1997, hearing have since been destroyed per judiciary retention statutes.  The retention period for FC-CR hearing is ten (10) years after trial has commenced.  (Complaint, p6, ¶19).

On November 4, 1998, in State of Hawaii v. Kirk C. Fisher, FC-CR No. 97-

---

[1]Defendant Louis Kealoha **erroneously** states in his Motion for Partial Dismissal of Complaint that "According to the Complaint, on November 5, 1997, Plaintiff was arrested on two counts of Abuse of a Family or Household Member. See, Complaint, ¶15." (emphasis added).  Paragraph 15 of Plaintiff's Complaint for Deprivation of Civil Rights, filed September 28, 2011, states "On November 5, 1997, Mr. Fisher was arrested on two counts of Harassment in violation of *Hawaii Revised Statutes* (H.R.S. §711-1106(1)(a)." (emphasis added).

3233 the Honorable Dan Kochi issued an "Order Permitting Return of Firearms, Ammunition, Permits and Licenses, With Conditions."  (Complaint, p6-7, ¶20).

Following this order, Defendant Honolulu Police Department promptly returned Mr. Fisher's firearms.  (Complaint, p7, ¶21).

More than ten years later, in the fall of 2009, Mr. Fisher submitted an application to Defendant Honolulu Police Department to acquire an additional firearm.  (Complaint, p7, ¶22).

Defendant Putzulu responded on October 1, 2009, by denying Mr. Fisher's application, and informed him that pursuant to H.R.S. §134-7, he was disqualified from firearm ownership and possession.  (Complaint, p7, ¶23).

Defendant Putzulu further ordered Mr. Fisher to surrender to the chief of police or otherwise lawfully dispose of his firearms and ammunition within thirty (30) days.  (Complaint, p7-8, ¶24).

Mr. Fisher promptly contacted Defendant Honolulu Police Department and was informed that he was disqualified because of the prior Harassment conviction in State of Hawai v. Kirk C. Fisher, FC-CR No. 97-3233.  Mr. Fisher was also informed by Defendant Honolulu Police Department that it was Defendant Honolulu Police Department's custom, practice and policy to review the police reports to determine whether or not a defendant's alleged crime was a crime of

violence.  Mr. Fisher was further informed that Defendant Putzulu's decision was final and there were no appellate remedies.  (Complaint, p8, ¶25).

Thereafter, Mr. Fisher transferred ownership and possession of all of his firearms to his wife, Collette Fisher, after she obtained the proper permits. (Complaint, p8, ¶26).

H.R.S. §134-7(b) states, "No person who ... has been **convicted** in this State or elsewhere of committing ... any crime of violence ... shall own, possess, or control any firearm or ammunition therefore."  H.R.S. §134-7(b) reads exactly the same now as it did in 1997 and 1998 at the time of Mr. Fisher's guilty plea, sentence and Judge Kochi's Order.  (Complaint, p8, ¶27).

H.R.S. §134-1 defines "crime of violence" as, "... any offense, as defined in title 37, that involves injury or threat of injury to the person of another."  H.R.S. §134-1 reads exactly the same now as it did in 1997 and 1998 at the time of Mr. Fisher guilty plea, sentence and Judge Kochi's Order.  (Complaint, p8, ¶28).

"Injury" and "threat of injury" are not elements of Harassment.  H.R.S. §711-1106(1)(a) Harassment states, "(1) A person commits the offense of harassment, if, with intent to harass, annoy or alarm the other person, that person: (a) strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact."  H.R.S. §711-

9

1106(1)(a) reads exactly the same now as it did in 1997 and 1998 at the time of Defendant's guilty plea, sentence and Judge Kochi's Order.  (Complaint, p9, ¶29).

The Commentary on H.R.S. §711-1106 states, "Subsection (1)(a) is a restatement of the common-law crime of battery, which was committed by any slight touching of another person in a manner which is known to be offensive to that person."  (Complaint, p9, ¶30).

H.R.S. §134-7.3(a) states, "If any applicant is denied a permit, the chiefs of police of the perspective counties shall send, by certified mail, a notice setting forth the reasons for denial and may require that the applicant voluntarily surrender all firearms and ammunition to the chief of police where the applicant resides or dispose of all firearms and ammunition..." (Complaint, p9, ¶31).

On June 10, 2010, through undersigned counsel, Mr. Fisher filed a Motion to Enforce Order Permitting Return of Firearms, Ammunition, Permits and Licenses, with Conditions, in the Family Court of the First Circuit, State of Hawaii, FC-CR No. 97-3233.  (Complaint, p9, ¶32).

Said Motion came on for hearing before the Honorable Darryl Y.C. Choy in the Family Court of the First Circuit, State of Hawaii on June 22, 2010.  Said Motion was denied.  No Findings of Fact or Conclusions of Law were entered. (Complaint, p10, ¶33).

10

On August 31, 2010, Mr. Fisher, through undersigned counsel, wrote to Defendant Kealoha and requested that Defendant Honolulu Police Department grant his Application for Permit to Acquire Firearms and to rescind the prior order instructing Mr. Fisher to surrender or dispose of his firearms.  (Complaint, p10, ¶34).

On September 29, 2010, Defendant Kealoha responded to Mr. Fisher's inquiry by re-affirming Defendant Putzulu's prior denial of Mr. Fisher's application.  (Complaint, p10, ¶35).

Should Mr. Fisher exercise his right to bear arms without first obtaining a permit to acquire pursuant to H.R.S. §134-2, Mr. Fisher would be subject to arrest and prosecution for committing an alleged criminal offense.  (Complaint, p10, ¶37).

Prohibited ownership or possession of a firearm or ammunition is a class C felony, pursuant to H.R.S. §134-7.  (Complaint, p10, ¶38).

Mr. Fisher fears arrest and prosecution should he exercise his fundamental constitutional right to keep and bear firearms and ammunition for lawful purposes. (Complaint, p11, ¶39).

H.R.S. §134-2 permits "the chief of police of the respective counties may issue permits to acquire firearms to citizens of the United States of the age of twenty-one years or more ..."  (Complaint, p11, ¶40).

Other than completing a basic form application, an applicant has no opportunity to participate in the decision-making process; to present his or her position on whether the application should be issued; or to demonstrate his or her fitness and/or qualifications.  (Complaint, p11, ¶43).

During times relevant to this claim, Defendant Putzulu was Acting Chief of Police for Defendant Honolulu Police Department.  (Complaint, p12, ¶45).

During times relevant to this claim, Defendant Kealoha was the Chief of Police for Defendant Honolulu Police Department.  (Complaint, p12, ¶46).

Pursuant to the Second and Fourteenth Amendments to the United States Constitution, the people cannot be prohibited from keeping and bearing arms.  A wrongful denial of a person's right to keep and bear arms constitutes a violation of the Second Amendment of the United States Constitution, made applicable to the state through the Fourteenth Amendment of the United States Constitution. (Complaint, p13, ¶48).

Before depriving a citizen of a fundamental constitutional right, such as those guaranteed by the Second Amendment, states and individuals acting on their behalf must afford the citizen minimal due process protection guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.  (Complaint, p14, ¶52).

Mr. Fisher properly applied for a permit to acquire pursuant to H.R.S. §134-2.  (Complaint, p14, ¶54).

## IV.   ARGUMENT

### A.   STATE OFFICIALS CAN BE SUED IN THEIR OFFICIAL CAPACITY FOR INJUNCTIVE RELIEF

State officials sued in their official capacity for injunctive relief **are** persons for purposes of §1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n.10 (1989); Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007); Doe v. Lawrence Livermore Nat'l Lab, 131 F.3d 836, 839 (9th Cir. 1997); Guam Soc'y of Obstetricians & Gynecologists v. Ada, 962 F.2d 1366, 1371 (9th Cir. 1992).

In this case, Mr. Fisher alleges claims against Defendant Kealoha in both his official and individual capacity.  Mr. Fisher seeks not only damages, but also injunctive relief.  Specifically, for an order compelling Defendants to issue a permit to acquire authorizing Mr. Fisher to keep and bear arms. (Complaint, p15, ¶A).  Because Defendant Kealoha has been sued for injunctive relief, Plaintiff's claims against Defendant Kealoha, in his official capacity, should not be dismissed.

### B.   MR. FISHER'S SECOND AMENDMENT RIGHT HAS BEEN UNDULY RESTRICTED

Contrary to Defendant's argument, Mr. Fisher **is not** statutorily disqualified from owning firearms.  Therefor, the denial of his application for a permit to

acquire has unduly restricted his Second Amendment right to keep and bear arms.

### i.   **Applicable Hawaii Law**

H.R.S. §134-7(b) states, "No person who … has been **convicted** in this State or elsewhere of committing … any crime of violence … shall own possess, or control any firearm or ammunition therefore." (emphasis added).

H.R.S. §134-1 defines "crime of violence" as, "… any offense, as defined in title 37, that involves injury or threat of injury to the person of another."

H.R.S. §711-1106(1)(a) Harassment states, "(1) A person commits the offense of harassment if, with intent to harass, annoy or alarm the other person, that person: (a) strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact." H.R.S. §711-1106(1)(a) reads exactly the same now as it did in 1997 and 1998 at the time of Defendant's guilty plea, sentence and Judge Kochi's Order.

The Commentary on H.R.S. §711-1106 states, "Subsection (1)(a) is a restatement of the common-law crime of battery, which was committed by any slight touching of another person in a manner which is known to be offensive to that person."

H.R.S. §134-7.3(a) states, "If any applicant is denied a permit, the chiefs of police of the perspective counties shall send, by certified mail, a notice setting forth the reasons for the denial and may require that the applicant voluntarily

surrender all firearms and ammunition to the chief of police where the applicant resides or dispose of all firearms and ammunition ….”

Prohibited ownership or possession of a firearm or ammunition is a class C felony, pursuant to H.R.S. §134-7.

H.R.S. §134-2 states that “the chief of police of the respective counties may issue permits to acquire firearms to citizens of the United States of the age of twenty-one years or more….”  H.R.S. §134-2 vests no discretion with the Chief of Police to determine whether an applicant is qualified, pursuant to H.R.S. Chapter 134.

### ii.    Applicable Federal Law

18 U.S.C. §922(g) states in relevant part that it shall be unlawful for any person - (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; ... or (9) who has been convicted in any court of a misdemeanor crime of domestic violence ... to ... possess in or affecting commerce, any firearm or ammunition.”

“Misdemeanor crime of domestic violence" is defined as a misdemeanor and has, **as an element**, the use or attempted use of **physical force** ... committed by a current or former spouse, parent or guardian of the victim.  18 U.S.C. §921 (emphasis added).

### iii.    Discussion

"Injury" and "threat of injury" are not elements of Harassment (H.R.S. §711-1106.  "Use of physical force" and "attempted use of physical force" are not elements of Harassment (H.R.S. §711-1106).  "To constitute an element of a crime, the particular factor in question needs to be a constituent part of the offense that must be proved in *every case* to sustain a conviction under a given statute." United States v. Beltran-Mungia, 489 F.3d 1042, 1045 (9th Cir. 2007) (citations and internal quotation marks omitted) (emphasis in original).

"The elements of an offense depend on the offense's definition under law, **not on the facts underlying an individual's conviction**.  In other words, '[w]hat [the defendant] actually did is **irrelevant** to whether the statute has [a particular] element.  The elements are the elements, and they can be determined only by reading and interpreting the statute itself." United States v. Zuniga-Soto, 527 F.3d 1110, 1118 (10th Cir. 2008) (emphasis added) (quoting United States v. Maldonado-Lopez, 517 F.3d 1207, 1211 (10th Cir. 2008).  In United States v. Taylor, 495 U.S. 575, 110 S.Ct. 2143 (1990) the U.S. Supreme Court characterized this type of inquiry as a "categorical approach," which entails "looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions. Zuniga-Soto, 527 F.3d at 1119.  The categorical approach limiting [a sentencing] court's inquiry to the statutory elements of [a] conviction is

well-settled law.  United States v. Gamez, 577 F.3d 394, 401 (2nd Cir. 2009).

In United States v. Maldonado-Lopez, 517 F.3d 1207 (10th Cir. 2008) the Tenth Circuit found that a Colorado Harassment statute was not a crime of violence.  Id. at 1209.  The Colorado statute is substantially the same as Hawaii's Harassment statute.  Under that statute a person commits harassment if "with intent to harass, annoy, or alarm another person," he "[s]trikes, shoves, kicks, or otherwise touches a person or subjects him to physical contact" (Colo. Rev. Stat. §18-9-111(1)(a) (2007)).  The Tenth Circuit held that the statute was broad enough to cover conduct such as spitting on a person, which involved physical contact but not physical force, and was therefore not a crime of violence.  See Maldonado-Lopez, 517 F.3d at 1209.  Other recent cases have reached similar conclusions.  See e.g. United States v. Zuniga-Soto, 527 F.3d 1110, 1121 (10th Cir. 2008) (recognizing that Tenth Circuit had recently deviated from the categorical approach as rigorously as law required, but holding that a strict categorical approach was proper and that "intentionally, knowingly, or recklessly caus[ing] bodily injury to another" is not categorically a crime of violence); United States v. Ruiz-Rodriguez, 494 F.3d 1273, 1277 (10th Cir. 2007) (holding that false imprisonment effected "under terrorizing circumstances or under circumstances which expose the person to the risk of serious bodily injury" is not categorically a crime of violence).  In United States v. Herrera, 286 F.Appx. 546, 553 (2008), the

court reasoned that Colorado's Harassment statute was broad enough to cover violent crimes, such as striking a victim, and also non-violent crimes, such as spitting on a victim.  <u>Maldonado-Lopez</u>, 517 F.3d at 1209.

The Hawaii Harassment statute encompasses less violent behavior than the "use or attempted use of physical force" as set forth in 18 U.S.C. §921(a)(33) and therefore is too broad to qualify as a "misdemeanor crime of domestic violence." <u>See</u> <u>United States v. Belless</u>, 338 F.3d 1063 (9th Cir. 2003).  "Physical force," to which 18 U.S.C. § 921(a)(33)(A)(ii) refers, is not de minimis but means violent use of force against the body of another individual.  <u>Id</u>. at 1068.  This category does not include mere rude touching or impolite behavior.  <u>Id</u>.

Under the provisions of the Hawaii Harassment statute (§711-1106(1)(a)) at issue, a defendant could be convicted, not for causing injury, threatening injury, using physical force or threatening physical force, but by annoying or alarming another person by touching them in an offensive manner (i.e. spitting on).  Based on a mere allegation of physical injury without proof injury or threat of injury and/or use of physical force or threatened use of physical force, the Hawaii Harassment statute does not qualify as a crime of violence.  <u>See</u> <u>Zuniga-Soto</u>, 527 F.3d at 1126.  It is possible for a defendant to engage in behavior that violates §711-1106(1)(a) but without injury, threat of injury, use of physical force and/or threatened use of physical force.

Here, Mr. Fisher pled guilty to two counts of Harassment, in violation of H.R.S. §711-1106(1)(a).  As discussed above, harassment **is not** a crime of violence because "injury", "threat of injury", "use of physical force," and/or "threatened use of physical force" is **not** required for conviction.  H.R.S. §134-1 and 18 U.S.C. §921 do not contemplate what one was arrested for, but rather what one is convicted of. Mr. Fisher was never **convicted** of a crime of violence as defined by H.R.S. §134-1, nor was he **convicted** of a misdemeanor crime of domestic violence as defined by 18 U.S.C. §921.  Therefore, he has met the objective criteria detailed in H.R.S. §§134-2 and 134-7, and the permit must be issued.

Paragraph 25 of the Complaint states:

> Mr. Fisher was informed by Defendant Honolulu Police Department that it was their custom, practice and policy to review the police reports to determine whether or not a defendant's alleged crime was a crime of violence.

This custom, practice and policy of reviewing police reports exceeds the scope of what is statutorily mandated.  H.R.S. §134-7(b) does not contemplate what a defendant was arrested for, but whether he has been **convicted** of a felony or a crime of violence.  Defendant Kealoha has not complied with State and Federal law, thus depriving Mr. Fisher of his Second Amendment right to keep and bear arms.

### C.    MR. FISHER HAS BEEN DENIED DUE PROCESS OF LAW

The text of the due process clause - "nor shall any State deprive any person

of life, liberty, or property without due process of law" requires procedural

safeguards to accompany substantive choices.  U.S. Const. amend. XIV.

When analyzing procedural due process the court should apply the three

factor test articulated by the Supreme Court in <u>Mathews v. Elridge</u>, 424 U.S. 319

(1976).  There, the Supreme Court stated that in order to determine the adequacy

of due process, the following should be considered: "[t]he private interest that will

be affected by the official action; second, the risk of any erroneous deprivation of

such interest through the procedures used, and the probable value, if any, of

additional or substitute procedural safeguards; and, finally, the Government's

interest, including the function involved and the fiscal and administrative burdens

that the additional substitute procedural requirement would entail."  <u>Id</u>.

Mr. Fisher's liberty and property interests are being unduly restricted.  The

risk of continued deprivation is great.

Other than completing a basic form application, an applicant has no

opportunity to participate in the decision-making process; to present his or her

position on whether the application should be issued; or to demonstrate his or her

fitness and/or qualifications.

Furthermore, if an application is denied, there are no means by which the applicant can seek review of the police chief's decision.  Thus, all Hawaii citizens, including Mr. Fisher, whose application was wrongfully denied, are deprived of minimal protections of due process of law as there is no means to have the police chief's decisions reviewed by operation of any administrative procedure or judicial process.

In fact, Mr. Fisher made an inquiry and was told by the Defendant Honolulu Police Department that denial of the application for a permit to acquire was not reviewable.  (Complaint, p3, ¶4).

### D.   DEFENDANT KEALOHA IS NOT ENTITLED TO QUALIFIED IMMUNITY

Police officers are not entitled to absolute immunity.  See Imbler v. Pactman, 424 U.S. 409, 418-419 (1976); Elliot-Park v. Manglona, 592 F.3d 1003, 1006 (9th Cir. 2010) (stating police officers are entitled only to qualified immunity in §1983 cases).  Municipal employees sued in their official capacity are not entitled to qualified immunity in a §1983 action.  Eng v. Cooley, 552 F.3d 1062, 1064 n.1 (9th Cir. 2009).

Qualified immunity is only an immunity from suit for damages, it is not an immunity from suit for declaratory or injunctive relief.  See L.A. Police Protective League v. Gates, 995 F.2d 1469, 1472 (9th Cir. 1993).  Here, Defendant Kealoha has been sued for injunctive relief.

The Supreme Court has set forth a two-part analysis for resolving government officials' qualified immunity claims.  <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001), *overruled in part on other grounds by* <u>Pearson v. Callahan</u>, 555 U.S. 223, 236 (2009).  First, the Court must consider whether the facts "[t]aken in the light most favorable to the party asserting the injury ... show [that] the [defendant's] conduct violated a constitutional right[.]" <u>Saucier</u>, 533 U.S. at 201. Second, the Court must determine whether the right was clearly established at the time of the alleged violation.  <u>Id</u>.  The court need not proceed through the two-step inquiry sequentially.  <u>A.D. v. Markgraf</u>, 636 F.3d 555, 559 (9th Cir. 2011).

The court has stressed that "the right allegedly violated must be defined at the appropriate level of specificity before a court can determine if it was clearly established." <u>Dunn v. Castro</u>, 621 F.3d 1196, 1201 (9th Cir. 2010).  "Whether the law was clearly established is an objective standard; the defendant's subjective understanding of the constitutionality of his conduct is irrelevant." <u>Clairmont v. Sound Mental Health</u>, 632 F.3d 1091, 1109 (9th Cir. 2011) (internal quotation marks and citation omitted).

Here, Mr. Fisher alleges that Defendants wrongfully denied his application for a permit to acquire firearms and said denial resulted in violations of his Second, Fifth and Fourteenth amendment rights.  See section III, *supra* for

additional facts.  At all times relevant herein, these laws and rights were clearly established.

Qualified or "good faith" immunity is defeated if an official knows or reasonably should know that the action he takes within his sphere of official responsibility will violate the constitutional rights of the plaintiff, or if he takes the action with the malicious intention to cause a deprivation of constitutional rights or other injury.  Harlow v. Fitzgerald, 457 U.S. 800, 815, 102 S.Ct. 2727, 2737 (1982).

Once a court determines that "the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing [the official's] conduct."  Harlow, 457 U.S. at 818-819. Moreover, unlawful enforcement of an otherwise valid statute demonstrates unreasonable behavior depriving the government official of qualified immunity. Pierce v. Multnomah County, Or., 76 F.3d 1032, 1037 (9th Cir. 1996).

As discussed above, HPD's custom, practice and policy of reviewing police reports exceeds the scope of what is statutorily mandated.  H.R.S. §134-7(b) does not contemplate what a defendant was arrested for, but whether he has been **convicted** of a felony or a crime of violence.  Mr. Fisher has been convicted of neither and is statutorily qualified in all other respects.  Therefore the permit must issue.  Defendant Kealoha has not complied with State and Federal law, thus

depriving Mr. Fisher of his Second Amendment right to keep and bear arms.

Because a reasonably competent official in Defendant Kealoha's position should

understand the law, Defendant Kealoha is not entitled to qualified immunity.

## V.   ASSUMING *ARGUENDO* THAT THE COURT FINDS  MERIT TO DEFENDANT CITY'S ARGUMENT, PLAINTIFF REQUESTS LEAVE TO AMEND COMPLAINT

Fed. R. Civ. Pr. 15(a) admonishes that leave to amend a complaint "should

be freely given when justice so requires."  It is therefore well settled that plaintiffs

should ordinarily be given an opportunity to correct any deficiencies in their

claims before those claims are dismissed for failure to state a cause of action.  See,

e.g., Foman v. Davis, 371 U.S. 178, 182 (1962); Health Cost Controls v. Skinner,

44 F.3d 535, 538 (7th Cir. 1995); La Porte Constr. Co. v. Bayshore Nat'l Bank, 805

F.2d 1254, 1256 (5th Cir. 1986).

Leave to amend a Complaint is routinely granted at any stage of the

litigation process.  Leave has been granted after discovery has been completed,

following a pretrial conference, after a motion to dismiss has been granted but

before the order of dismissal has been entered, after a case has been set for trial, at

the beginning, middle and end of trial, after a judgment has been entered, and even

on remand following an appeal. See, Archibald v. McLaughlin, 181 F.Supp. 175

(D. D.C. 1960); Raymond International v. Bookcliff Construction, Inc., 347

F.Supp. 208 (D. Neb. 1972); aff'd per curium, 489 F.2d 732 (8th Cir. 1974)

(amendment permitted after discovery completed); <u>Goldberg v. Worldlife Shippers & Movers of Chicago, Inc.</u>, 236 F.2d 198 (7th Cir. 1956) (amendment permitted after pretrial conference and two days before trial); <u>Lloyd v. United States Corp.</u>, 203 F.2d 789 (6th Cir. 1953) (amendment permitted after argument on motion to dismiss and for summary judgment made); <u>Loan Star Import v. Citroen Cars Corp.</u>, 288 F.2d 69 (5th Cir. 1961) (amendment permitted after motion to dismiss granted but before entry of order of dismissal); <u>Seifert v. Solem</u>, 387 F.2d 925 (7th Cir. 1967) (amendment permitted on first day of trial); <u>Maryland Casualty Company v. Reickenbacher</u>, 146 F.2d 751 (4th Cir. 1944) (amendment permitted during trial).

Assuming *arguendo* that the Court finds merit to any of Defendant City's argument, Plaintiff respectfully requests leave to amend his Complaint.

## VI.   <u>CONCLUSION</u>

Based on the foregoing, Plaintiff respectfully requests that Defendant Kealoha's Amended Motion for Partial Dismissal of Complaint be **DENIED**.

DATED: Honolulu, Hawaii, March 19, 2012.

       */s/ Te-Hina Ickes*
       DONALD L. WILKERSON
       TE-HINA ICKES
       Attorneys for Plaintiff
       KIRK C. FISHER