ROBERT CARSON GODBEY, 4685
Corporation Counsel

D. SCOTT DODD, 6811
Deputy Corporation Counsel
Department of the Corporation Counsel
City and County of Honolulu
Honolulu Hale, Room 110
530 South King Street
Honolulu, Hawai'i 96813
Telephone:   (808) 768-5129
Facsimile:    (808) 768-5105
E-mail address:  dsdodd@honolulu.gov

Attorneys for City Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| KIRK C. FISHER, | CIVIL NO. CV11 00589BMK |
| Plaintiff, | DEFENDANTS CITY AND COUNTY OF HONOLULU AND LOUIS KEALOHA'S REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITIONS TO DEFENDANTS' MOTIONS FOR PARTIAL DISMISSAL OF COMPLAINT FILED JANUARY 4, 2012 AND JANUARY 24, 2012; CERTIFICATE OF SERVICE |
| vs. | |
| LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; PAUL PUTZULU, as an individual and in his official capacity as former Honolulu Acting Chief of Police; CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT and DOE DEFENDANTS 1-50, | |
| | Hearing: |
| | Date:   April 9, 2012 |
| | Time:   11:00 a.m. |
| Defendants. | Judge:   Honorable Alan C. Kay |
| | Trial Date:  November 14, 2012 |

DEFENDANTS CITY AND COUNTY OF HONOLULU AND LOUIS KEALOHA'S REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITIONS TO DEFENDANTS' MOTIONS FOR PARTIAL DISMISSAL OF COMPLAINT FILED JANUARY 4, 2012 AND JANUARY 24, 2012

Comes now, Defendants CITY AND COUNTY OF HONOLULU ("City") and LOUIS KEALOHA ("Kealoha")(hereinafter collectively the "City Defendants") by and through their attorneys, Robert Carson Godbey, Corporation Counsel, and D. Scott Dodd, Deputy Corporation Counsel, hereby submit their reply to Plaintiff's "Opposition To Defendant City And County Of Honolulu's Motion For Partial Dismissal Of Complaint" filed March 19, 2012 (ECF No. 19), and to Plaintiff's "Opposition To Defendant Louis Kealoha's Motion to Partial Dismissal of Complaint" filed March 19, 2012 (ECF No. 20), and in support of their respective motions for partial dismissal of Plaintiff's Complaint filed September 28, 2011.

I.   DISCUSSION

    A.   Plaintiff Fails To Properly Plead a Municipal Liability Claim under Section 1983

Plaintiff's opposing memorandum appears to miscomprehend the standard required for establishing municipal liability under § 1983. In his opposition to the City's motion, Plaintiff argues "[b]oth Kealoha and Putzulu made deliberate choices, made from among various alternatives, to follow a course of action – denial of [Plaintiff's] application for a permit to acquire." *See* ECF No. 19, at page

15. But what Plaintiff fails to plead, is that such course of action was taken, by a policymaking individual, with the requisite degree of culpability and knowledge of the alleged constitutional violation.

Here, Plaintiff has alleged only that Putzulu and/or Kealoha took a course of action, and that action deprived Plaintiff of his constitutional rights. This is in essence a *respondeat superior* argument – that the official took an unconstitutional action and that action violated Plaintiff's rights. What is missing is an allegation, for example, that Putzulu and/or Kealoha, as the final decision maker, took an action he knew to be unconstitutional and did so to deprive Plaintiff of his constitutional rights. Or perhaps that the City had a policy to deny suitable individuals permits to acquire firearms, etc. It cannot be reasonably disputed that the mere enforcement of a state law on the part of a local government is not the basis of § 1983 liability on the part of the municipality.

In order to establish municipal liability, a plaintiff must show that the municipal action was taken with "the requisite degree of culpability." Monell, 436 U.S. 658, 691. And to establish a "ratification" theory based upon a policymaker's decision, a plaintiff must show "knowledge of the alleged constitutional violation," even though "a policymaker's knowledge of an unconstitutional act does not, by itself, constitute ratification." Christie v. Iopa, 176 F.3d 1231, 1239 (9th Cir. 2009).

Plaintiff's Complaint pleads only that the Acting Chief Putzulu and Chief Kealoha enforced state and federal law. This is insufficient to establish municipal liability. Because Plaintiff's Complaint fails to state a claim upon which relief can be granted, the Complaint should be dismissed as to the City.

### B.  Plaintiff's Claims Against Kealoha Similarly Misplaced

#### 1.  *Official Capacity Claims*

Plaintiff's "official capacity" claims against Kealoha are merely duplicative claims against the municipality. As such, they are properly pled against the City and should be dismissed as against Kealoha.

#### 2.  *Plaintiff Fails to Sufficiently Allege a Violation of His Rights*

Plaintiff's argument that his conviction for Harassment under H.R.S. §134-7 is not a "crime of violence" appears to be something of a play on words. Plaintiff's claim that Kealoha violated his Second Amendment rights, by merely enforcing a state statute which Plaintiff does not contest the validity of, is without merit. The Defendants posit that because Plaintiff was lawfully barred from firearm ownership under H.R.S. § 134-7, his Second Amendment claim fails.

Further, since Plaintiff has no direct claim against or Kealoha under the Fifth Amendment, this claim also fails against him and should be dismissed. And, as stated in Kealoha' motion, Plaintiff's procedural due process claim against Kealoha is similarly flawed. Kealoha was in no way involved in creating the

procedural requirements of H.R.S. § 134-7 and cannot be liable to Plaintiff based upon a mere enforcement of said statute.

### 3. *Kealoha is Entitled to Qualified Immunity*

In opposition to Kealoha's argument that he is entitled to assert the defense of qualified immunity, Plaintiff basically argues that Kealoha should not be entitled to assert the defense of qualified immunity. Plaintiff argues that "HPD's custom, practice and policy of reviewing police reports exceeds the scope of what is statutorily mandated." See ECF No. 20, at page 23. However, HPD's "custom, practice or policy" is entirely irrelevant to whether Kealoha is entitled to qualified immunity.

Kealoha reasonably relied on H.R.S. § 134-7. Further, his interpretation of that statute was reasonable. Plaintiff's arguments to the contrary are unavailing. Therefore, Kealoha is entitled to qualified immunity and all claims against him should be dismissed.

## II. CONCLUSION

Based on the foregoing and the City's and Kealoha's motions for partial dismissal of Plaintiff's Complaint, the City Defendants respectfully request that this Honorable Court grant these motions and dismiss those portions of Plaintiff's Complaint which fail to state a claim upon which relief can be granted.

// // //

DATED:  Honolulu, Hawaiʻi, March 26, 2012.

        ROBERT CARSON GODBEY
        Corporation Counsel


By:  /s/ D. Scott Dodd
     D. SCOTT DODD
     Deputy Corporation Counsel

     Attorney for Defendant
     CITY AND COUNTY OF HONOLULU

**10-06858/219722**