LAW OFFICES OF DONALD L. WILKERSON
A Law Corporation
DONALD L. WILKERSON     5730
1003 Bishop Street, Suite 1320
Honolulu, Hawaii 96813
Telephone: (808) 533-4447
Facsimile: (808) 528-2440
Email: don@allislandslaw.com

TE-HINA ICKES          9012
841 Bishop Street, Suite 2201
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Facsimile: (808) 566-0347
Email: tehina@gmail.com

Attorneys for Plaintiff
KIRK C. FISHER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KIRK C. FISHER,<br><br>   Plaintiff,<br><br>vs.<br><br>LOUIS KEALOHA, in his individual capacity and his official capacity as Honolulu Chief of Police; PAUL PUTZULU, in his individual capacity and his official capacity as Honolulu Acting Chief of Police; CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT and DOE DEFENDANTS 1-50,<br><br>   Defendants.<br>_____ | CIVIL NO. 11-00589 ACK/BMK<br><br>**PLAINTIFF KIRK C. FISHER'S REPLY TO DEFENDANTS CITY AND COUNTY OF HONOLULU AND LOUIS KEALOHA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, FILED MARCH 19, 2012; CERTIFICATE OF SERVICE**<br><br>**Hearing:**<br>**Date:** June 14, 2012<br>**Time:** 10:00 a.m.<br>**Judge:** The Honorable Alan C. Kay<br><br>**Trial Week: November 14, 2012** |

**PLAINTIFF KIRK C. FISHER'S REPLY TO DEFENDANTS CITY AND COUNTY OF HONOLULU AND LOUIS KEALOHA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, FILED MARCH 19, 2012**

COMES NOW, Plaintiff Kirk C. Fisher, by and through undersigned counsel, and hereby files his Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction, filed March 19, 2012.

**I.  Introduction**

As a preliminary matter, Defendants again erroneously state that "According to the Complaint, on November 5, 1997, Plaintiff was arrested on two counts of Abuse of a Family or Household Member."  This is false.  Rather, the Complaint states that on November 5, 1997, Plaintiff was arrested on two counts of **Harassment** in violation of *Hawaii Revised Statutes* (H.R.S.) §711-1106(1)(a).

**II.  Likelihood of success on the merits**

Defendants categorically fail to address Plaintiffs arguments regarding likelihood of success on the merits, but instead seem to rely on the Court's April 19, 2012, Order Granting City's Motion to Dismiss and Order Granting in Part and Denying in Part Defendant Kealoha's Motion to Dismiss (ECF No. 25). Defendants ignore Plaintiff's arguments that he is not statutorily disqualified from firearm ownership under H.R.S. Chapter 134. Based on the aforementioned Order, Defendants believe that Plaintiff is unlikely to succeed on the merits.  Plaintiff

disagrees.

With respect to the City, the court concluded that Plaintiff has not presented sufficient allegations to establish Section 1983 municipal liability against the City.

With respect to Kealoha in his individual capacity, the Court concluded that Plaintiff has sufficiently alleged that he was not prohibited under federal or state law from gun ownership when Defendants denied his permit to acquire a firearm under H.R.S. §134-7.  Plaintiff has sufficiently alleged that his Second Amendment right to bear arms was infringed.  See ECF No. 25, page 40.

These are defects that can and will be cured upon filing of Plaintiff's Amended Complaint.

Notably, the Court has granted leave to amend the Complaint.  The Court notes in its April 19, 2012, Order (ECF No. 25)

> "Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009) (internal quotation marks omitted).  "But courts have discretion to deny leave to amend a complaint for futility, and futility includes the inevitability of a claim's defeat on summary judgment." Johnson v. Am. Airlines, Inc., 834 F.2d 721, 724 (9th Cir. 1987) (internal quotation marks omitted).

The Court could have, but did not deny Plaintiff's Motion for Leave to Amend the Complaint.  Presumably, the Court believes amendment can save Plaintiff's claims and would not be futile.  Plaintiff intends to file his Amended

3

Complaint prior to hearing on this matter.

Defendants note that the state of Second Amendment case law in this Circuit, and the applicable level of scrutiny, is in flux. Both Plaintiff and Defendants cite District of Columbia v. Heller, 554 U.S. 570 (2008), which invalidated a ban on handgun possession, as well as its requirement that firearms in the home be kept inoperable. Though the Supreme Court did not decide the level of constitutional scrutiny to be applied to Second Amendment cases, the Court said that these types of laws "were unconstitutional [u]nder any ... standard[] of scrutiny." Id. at 628.

However, the Fourth Circuit found the application of strict scrutiny important to protect the core right of the self-defense of a law-abiding citizen in his home ("where the need for defense of self, family, and property is most acute," Heller, 554 U.S. at 629), and concluded that a lesser showing is necessary with respect to laws that burden the right to keep and bear arms outside of the home. U.S. v. Masciandaro, 638 F.3d 458, 471 (4th Cir. 2011).

Any law that would burden the fundamental, core right of self-defense in the home by a law-abiding citizen would be subject to strict scrutiny under the Second Amendment. Woollard v. Sheridan, 2012 U.S. Dist. LEXIS 28498, 13 (D. Md. Mar. 2, 2012).

Under strict scrutiny, the government would be required to prove that the

restriction furthers a compelling interest and is narrowly tailored to achieve that interest.  <u>Minority TV Project, Inc. v. FCC</u>, 676 F.3d 869, 875 (9th Cir. 2012).

Plaintiff submits that for the reasons set forth in the instant Motion for Preliminary Injunction, the government cannot prove that the denial of Plaintiff's application for a permit to acquire furthers a compelling governmental interest and is narrowly tailored to achieve that interest.  Public interest is discussed below in paragraph IV below.

Plaintiff submits that despite the Court's previous Order, Plaintiff is likely to succeed on the merits and the injunction should issue.

## III.   <u>Irreparable harm</u>

As discussed above, the Court has indicated that Plaintiff has sufficiently alleged that his Second Amendment right to bear arms was infringed when Defendants denied his permit to acquire.

Plaintiff is currently suffering and will continue to suffer irreparable harm because of the constitutional deprivations.  Violation of a constitutional right is itself irreparable harm.  <u>Appel v. Spiridon</u>, 463 F.Supp. 2d 255 (2006, DC Conn).  When a constitutional deprivation is involved most Courts hold that no further showing of irreparable injury is necessary.  <u>Mclendon v. City of Albuquerque</u>, 272 F.Supp. 2d 1250 (2003, DC NM).  Irreparable harm is generally viewed as established when Plaintiff's claim for preliminary injunction is based upon

violation of plaintiff's constitutional rights. Haynes v. Office of the AG, 298 F.Supp. 2d 1154 (2003, DC Kan). When reviewing a motion for preliminary injunction, if it is found that a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated. Mich. Rehad. Clinic, Inc., P.C. v. City of Detroit, 310 F.Supp. 2d 867 (2004, ED Mich).

Defendants entirely ignore and fail to address Plaintiff's arguments concerning the loss of a property interest. Again, "property is always unique under general principles of the law of equity and its possible loss or destruction usually constitutes irreparable harm." Bennet v. Dunn, 504 F.Supp. 981, 986 (DC Nev. 1980).

Plaintiff has been and will continue to be irreparably harmed due to these constitutional violations and the injunction should issue.

## IV. Public interest

In this case, it serves the public interest to grant relief. In its Opposition, Defendants inexplicably discuss the right to carry a firearm in public, which is clearly not at issue here. Here, Plaintiff simply seeks a permit to acquire firearms pursuant to H.R.S. §134-2.

Defendants argue that the public interest is at risk and cite U.S. v. Masciandaro, 638 F.3d 458, 475 (4th Cir. 2011). There, the Fourth Circuit noted that danger to the public would rise exponentially if the right to carry a weapon

6

moved from the home to the public square. <u>Masciandaro</u> is distinguishable in this regard because there, the court was dealing with prosecution of a criminal defendant for possessing a firearm in public (a national park). In this case, Plaintiff is not seeking a license to carry (in public) pursuant to H.R.S. §134-9, but rather a permit to acquire a firearm pursuant to H.R.S. §134-2.

The "possibilities" of harm to the public set forth in Defendants' Opposition is nothing more that mere speculation. Defendants fail to state how the requested injunction would impair HPD's ability to perform its function in carefully screening applicants. They also fail to show how the requested injunction would permit the carrying of a firearm by any person without regard to their training or intent to use the weapon for crimes of violence, without regard to whether the person was intoxicated, and without limitation as to the nature of the public place.

Other Hawaii citizens who are not statutorily disqualified are also being wrongfully denied permits to acquire and thus suffer constitutional deprivations because of HPD's unconstitutional actions. According to a Criminal Justice Date Brief compiled by the Department of the Attorney General, 54 applications for permits to acquire were rejected in 2011. 8 of those rejections were based on a prior conviction of harassment.[1]

Plaintiff submits that it serves the public interest to grant relief in the instant

---

[1] Criminal Justice Data Brief, 2011, "Firearm Registration in Hawaii, 2011"

case, as Plaintiff, as well as all Hawaii citizens, have and could suffer constitutional deprivation because of HPD unconstitutional actions. The injunction should issue.

## IV. Balance of equities

Defendants entirely ignore and fail to address Plaintiff's arguments concerning the balance of equities.

Plaintiff submits that the balance of equities tips in his favor and mandates relief. Therefore, the injunction should issue.

## V. Conclusion

Based on the foregoing, Plaintiff respectfully requests the preliminary injunction issue.

Dated: Honolulu, Hawaii, June 4, 2012.

                            */s/ Te-Hina Ickes*
                            DONALD L. WILKERSON
                            TE-HINA ICKES
                            Attorneys for Plaintiff
                            KIRK C. FISHER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KIRK C. FISHER, ) | CIVIL NO.  11-00589 ACK/BMK |
| ) | |
| Plaintiff, ) | **CERTIFICATE OF SERVICE** |
| ) | |
| vs. ) | |
| ) | |
| LOUIS KEALOHA, in his individual ) | |
| capacity and his official capacity as ) | |
| Honolulu Chief of Police; PAUL ) | |
| PUTZULU, in his individual capacity ) | |
| and his official capacity as     Honolulu ) | |
| Acting Chief of Police; CITY AND ) | |
| COUNTY OF HONOLULU; ) | |
| HONOLULU POLICE DEPARTMENT ) | |
| and DOE DEFENDANTS 1-50, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document will be duly served by ELECTRONIC MAIL to the parties identified below at their last known address:

/

/

/

/

9

D. SCOTT DODD        (VIA CM/ECF)
Department of the Corporation Counsel
530 South King Street, Room 110
Honolulu, Hawaii 96813
    Attorneys for Defendants
    CITY AND COUNTY OF HONOLULU
    LOUIS KEALOHA

Dated: Honolulu, Hawaii, June 4, 2012.


                                                  */s/ Te-Hina Ickes*
                                                 DONALD L. WILKERSON
                                                 TE-HINA ICKES
                                                 Attorneys for Plaintiff
                                                 KIRK C. FISHER