ROBERT CARSON GODBEY, 4685
Corporation Counsel

D. SCOTT DODD, 6811
Deputy Corporation Counsel
Department of the Corporation Counsel
City and County of Honolulu
Honolulu Hale, Room 110
530 South King Street
Honolulu, Hawai'i 96813
Telephone:   (808) 768-5129
Facsimile:   (808) 768-5105
E-mail address:  dsdodd@honolulu.gov

Attorneys for City Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| KIRK C. FISHER, | CIVIL NO. CV11 00589 ACK-BMK |
| Plaintiff, | |
| vs. | DEFENDANTS CITY AND COUNTY OF HONOLULU AND LOUIS KEALOHA'S ANSWER TO FIRST AMENDED COMPLAINT FILED ON JUNE 14, 2012; DEMAND FOR JURY TRIAL; CERTIFICATE OF SERVICE |
| LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; PAUL PUTZULU, as an individual and in his official capacity as former Honolulu Acting Chief of Police; CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT and DOE DEFENDANTS 1-50, | |
| Defendants. | |

DEFENDANTS CITY AND COUNTY OF HONOLULU
AND LOUIS KEALOHA'S ANSWER TO FIRST
AMENDED COMPLAINT FILED ON JUNE 14, 2012

Defendants CITY AND COUNTY OF HONOLULU (hereinafter referred to as "City") and LOUIS KEALOHA (hereinafter referred to as "Kealoha"), (hereinafter collectively referred to as the "City Defendants"), by and through their attorneys, Robert Carson Godbey, Corporation Counsel, and D. Scott Dodd, Deputy Corporation Counsel, for their answer to Plaintiff Kirk C. Fisher's [first] Amended Complaint filed herein on June 14, 2011 (hereinafter "Complaint"), state and allege as follows:

FIRST DEFENSE

The Complaint fails to state a claim against the City Defendants upon which relief can be granted.

SECOND DEFENSE

1.    In response to the allegations contained in paragraphs 19, 20, 21, and 22 of the Complaint, the City Defendants admit said allegations.

2.    In response to the allegations contained in paragraphs 6, 7, 11, 12, 13, 14, 15, 16, 17, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 48, 49, 50, 51, 52, 53, 54, 55, 56, 60, and 64 of the Complaint, the City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraphs, and on that basis deny the

same.

3. In response to the allegations contained in paragraphs 1, 2, 3, 42, 43, 44, 57, 58, 65, 66, and 67 of the Complaint, the City Defendants deny the allegations of wrongdoing. The City Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in said paragraphs, and on that basis deny the same.

4. The City Defendants deny the allegations contained in paragraphs 5, 45, 46, 47, 59, 62, 63, 68, 69 and 70 of the Complaint.

5. In response to the allegations contained in paragraph 4 of the Complaint, the City Defendants admit that Plaintiff Kirk C. Fisher's application for a permit to acquire firearms was denied. The City Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in said paragraphs, and on that basis deny the same.

6. In response to the allegations contained in paragraph 8 of the Complaint, the City Defendants admit that the City is a municipal corporation, organized and existing under the laws of the State of Hawaiʻi and the United States of America. The City Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in said paragraphs, and on that basis deny the same.

7. In response to the allegations contained in paragraph 9 of the

Complaint, the City Defendants admit that Defendant Louis Kealoha ("Defendant Kealoha") was and is the Chief of Police for the Honolulu Police Department. The City Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in said paragraphs, and on that basis deny the same.

8.  In response to the allegations contained in paragraph 10 of the Complaint, the City Defendants admit that Defendant Paul Putzulu ("Defendant Putzulu") was the Acting Chief of Police for the Honolulu Police Department for periods of time in 2009. The City Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in said paragraphs, and on that basis deny the same.

9.  In response to the allegations contained in paragraph 61 of the Complaint, the City Defendants deny the allegations of said paragraph as worded. The City Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in said paragraphs, and on that basis deny the same.

10. The City Defendants deny all allegations of the Complaint not previously admitted, denied, or otherwise responded to herein.

THIRD DEFENSE

The acts alleged do not constitute an official policy or persistent pattern,

practice or custom.

FOURTH DEFENSE

Plaintiff's alleged injuries and/or damages were the result of his own wrongful, intentional, reckless and malicious misconduct.

FIFTH DEFENSE

The City Defendants assert the defenses of *res judicata* and collateral estoppel.

SIXTH DEFENSE

The City Defendants give notice that they may assert the defenses of laches, waiver, estoppel, and unclean hands.

SEVENTH DEFENSE

The City Defendants give notice that they assert the right to rely on the defenses of consent and justification.

EIGHTH DEFENSE

The conduct of the City Defendants was at all times lawful, reasonable and proper.

NINTH DEFENSE

The City Defendants give notice that they have no duty, and accordingly, are not liable for any injuries and/or damages to Plaintiff that may have resulted from any illegal acts committed by others that may have given rise to the alleged injuries

and/or damages allegedly suffered by Plaintiff.

## TENTH DEFENSE

Plaintiff has not suffered any emotional distress compensable under the law.

## ELEVENTH DEFENSE

By law, Plaintiff is not entitled to punitive damages against the City.

## TWELFTH DEFENSE

The City Defendants are not liable to the Plaintiff for the alleged injuries and/or damages on any and all claims based on alleged failure to adequately enforce statutes, ordinances, rules, regulations and/or any other applicable law.

## THIRTEENTH DEFENSE

The City Defendants give notice that they may rely upon the defense of truth.

## FOURTEENTH DEFENSE

The City Defendants give notice that they may rely on the defense of privilege.

## FIFTEENTH DEFENSE

The City Defendants give notice that they may rely on the defenses of fraud and illegality.

## SIXTEENTH DEFENSE

The City Defendants may rely on the defense of bad faith.

SEVENTEENTH DEFENSE

The individual Defendants are entitled to assert the defense of qualified immunity, and the Hawai'i state law conditional or qualified privilege. If a City employee or officer is immune from liability, then his/her employer, the City, is likewise immune from liability.

EIGHTEENTH DEFENSE

The City Defendants give notice that they may rely on the defense that Plaintiff failed to mitigate his damages.

NINETEENTH DEFENSE

The City Defendants are not liable for Plaintiff's alleged injuries because the City Defendants did not have actual or constructive knowledge or notice of the alleged facts and circumstances, which Plaintiff asserts were responsible for his injuries.

TWENTIETH DEFENSE

The City Defendants may rely on the defense of misconduct of others over whom the City Defendants have no control.

TWENTY-FIRST DEFENSE

The City Defendants give notice that they may rely on the defense of knowledge or acquiescence on Plaintiff's part.

TWENTY-SECOND DEFENSE

The acts of the City Defendants were not done with malice or reckless indifference to Plaintiff's federally protected rights.

## TWENTY-THIRD DEFENSE

Plaintiff has failed to bring his action within the applicable time period.

## TWENTY-FOURTH DEFENSE

The actions of the City Defendants were not in retaliation for the exercise of any rights enjoyed by Plaintiff.

## TWENTY-FIFTH DEFENSE

Plaintiff's alleged injuries were sustained as a result of his own misconduct and/or wrongful acts.

## TWENTY-SIXTH DEFENSE

The negligence or other wrongful acts and/or omissions of the City Defendants, if any, were not the proximate cause of the injuries and/or damages Plaintiff allegedly sustained, i.e., such negligence or other wrongful acts and/or omissions, if any, were not a substantial factor in causing the injuries and/or damages allegedly sustained by Plaintiff.

## TWENTY-SEVENTH DEFENSE

The City Defendants state that if the Plaintiff was injured and/or damaged as alleged in the Complaint, Plaintiff's own negligence or other wrongful acts and/or omissions were the sole proximate cause of, or contributed to such injuries and/or

damages to such extent that Plaintiff's negligence and other wrongful acts and/or omissions were greater than that of the City Defendants and Plaintiff cannot recover against the City Defendants therefore.

## TWENTY-EIGHTH DEFENSE

The City Defendants are not liable for the injuries and/or damages allegedly suffered by Plaintiff because the City Defendants did not have actual or constructive knowledge or notice of the condition alleged to have existed, if said condition alleged was responsible for the injuries and/or damages suffered by Plaintiff.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRTIETH DEFENSE

Plaintiff's claims, in whole or in part, are barred by Plaintiffs' consent, participation in, creation of or other acquiescence to the condition.

## THIRTY-FIRST DEFENSE

The City Defendants may rely upon the defense that Plaintiff failed to plead all elements of one or more of his causes of action.

## THIRTY-SECOND DEFENSE

The City Defendants reserve all rights to assert any affirmative defenses or

to rely on any other matter constituting an avoidance pursuant to Rule 8(c) of the Federal Rules of Civil Procedure and to seek leave to amend their Answer to allege any such defenses and to assert any other defenses, claims and counterclaims as discovery and the evidence may merit.

WHEREFORE, the City prays as follows:

A. That the Complaint herein be dismissed and the City Defendants be given their costs and attorneys' fees;

B. That if it be determined that the Plaintiff, the City Defendants and/or other defendants were negligent with respect to the events described in the Complaint, the relative and comparative degree of fault of each party be determined in accordance with Section 663-31 of the Hawai'i Revised Statutes, as amended;

C. That if it is determined that if any of the City Defendants are a tortfeasor along with one or more other tortfeasors, the City Defendants shall be liable for no more than that percentage of the damages attributable to the City Defendant(s), and judgment be rendered accordingly;

D.	The City Defendants be given such other and further relief as this Court deems just.

DATED:  Honolulu, Hawai'i, Monday, July 30, 2012.

        ROBERT CARSON GODBEY
        Corporation Counsel


By  /s/  D. Scott Dodd
    D. SCOTT DODD
    Deputy Corporation Counsel

    Attorneys for Defendants
    CITY AND COUNTY OF HONOLULU
    And LOUIS KEALOHA

11-07807/231878