# TABLE OF AUTHORITIES

**Cases**

389 Orange St. Partners v. Arnold,
 179 F.3d 656 (9th Cir. 1999) ...................................................................... 3

Eckard Brandes, Inc. v. Riley,
 338 F.3d 1082 (9th Cir. 2003) .................................................................... 5

Lehman Bros. v. Schein,
 416 U.S. 386, 94 S. Ct. 1741, 40 L. Ed. 2d 215 (1974) ....................................... 5

Louie v. United States,
 776 F.2d 819 (9th Cir. 1985) ...................................................................... 5

McDowell v. Calderon,
 197 F.3d 1253n. 1 (9th Cir. 1999) ............................................................... 3

Micomonaco v. State of Wash.,
 45 F.3d 316 (9th Cir. 1995) ........................................................................ 5

Pasatiempo by Pasatiempo v. Aizawa,
 103 F.3d 796 (9th Cir. 1996) ...................................................................... 4

State v. Char,
 80 Haw. 262, 909 P.2d 590 ........................................................................18

Taylor v. United States,
 495 U.S. 575, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990) ................................... 9

United Nat. Ins. Co. v. Spectrum Worldwide, Inc.,
 555 F.3d 772 (9th Cir. 2009) ..................................................................3, 4

United States v. Belless,
 338 F.3d 1063 (9th Cir. 2003) .............................................................7, 8, 15

United States v. Griffith,
 455 F.3d 1339 (11th Cir. 2006) .................................................................. 7

United States v. Hays,
 526 F.3d 674 (10th Cir. 2008) ........................................................8, 9, 15, 16

United States v. Nason,
   269 F.3d 10 (1st Cir. 2001) .................................................................7, 9, 10

United States v. Nobriga,
   474 F.3d 561 (9th Cir. 2006) ....................................................................7, 10

United States v. Serrao,
   301 F. Supp. 2d 1142 (D. Haw. 2004) ...............................................................12

United States v. Sweeten,
   933 F.2d 765 (9th Cir. 1991) ......................................................................13

Zimmerman v. City of Oakland,
   255 F.3d 734 (9th Cir. 2001) ....................................................................... 3

**Statues**

18 U.S.C. § 16(a) ................................................................................... 7

18 U.S.C. § 922(g) ..................................................................................16

18 U.S.C. § 922(g)(9) ...............................................................................15

H.R.S. § 291-0004 ..................................................................................17

Haw. Rev. Stat. § 134-1 ............................................................................14

Haw. Rev. Stat. § 134-7 ........................................................... 6, 7, 16, 17, 18

Haw. Rev. Stat. § 134-7(a) ....................................................................18, 19

Haw. Rev. Stat. § 709-906 ..........................................................................10

Haw. Rev. Stat. § 709-906(1) .......................................................................13

Haw. Rev. Stat. § 711-1106 ......................................................................... 8

Haw. Rev. Stat. § 711-1106(1)(a) ........................................... 6, 7, 8, 11, 14, 18, 19

**Rules**

Fed. R. Civ. P. 60(b) .................................................................................................... 4

Haw. R. App. P. 13 .....................................................................................................17

Haw. R. App. P. 13(a) .................................................................................................. 5

Rule 60.1 of the Local Rules of Practice ................................................................... 4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| KIRK C. FISHER, ) | CIVIL NO. CV11 00589 ACK-BMK |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM IN SUPPORT OF |
| vs. ) | MOTION |
| ) | |
| LOUIS KEALOHA, as an individual ) | |
| and in his official capacity as Honolulu ) | |
| Chief of Police; PAUL PUTZULU, as ) | |
| an individual and in his official capacity ) | |
| as former Honolulu Acting Chief of ) | |
| Police; CITY AND COUNTY OF ) | |
| HONOLULU; HONOLULU POLICE ) | |
| DEPARTMENT and DOE ) | |
| DEFENDANTS 1-50, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

MEMORANDUM IN SUPPORT OF MOTION

**I.   Introduction**

The City Defendants file this memorandum in support of their Motion for Reconsideration of the Court's June 29, 2012 Order Granting Plaintiff Kirk C. Fisher's Motion for a Preliminary Injunction (Doc. No. 35).

**II.   Relief Requested**

The City Defendants move for reconsideration of the Court's June 29, 2012 Order as they believe the Court committed error in two distinct rulings: (1) by not

permitting the City Defendants an opportunity to present evidence that Plaintiff's conviction in State of Hawai'i v. Kirk C. Fisher, FC-CR No. 97-3233 was in fact a crime of domestic violence, and (2) not employing or considering the "modified categorical approach to determine whether Plaintiff's offense constitutes, or may constitute a crime of violence disqualifying Plaintiff from possession of firearms.

In addition, the City Defendants request that this Court certify to the Hawai'i Supreme Court the question of whether the Honolulu Police Department (HPD) may use a harassment conviction, when the court record includes documents suggesting that the crime underlying the conviction do constitute a "crime of violence," may deny an applicant for a firearms permit based upon that conviction.

### III. Background

The factual and procedural history of this case was extensively summarized in the Court's June 29, 2012 Order and will not be restated here. In that Order, at pages 39 through 42, the Court granted Plaintiff's Motion for a Preliminary Injunction, and ordered Defendant Kealoha to rescind the prior denial of Plaintiff's permit to acquire firearms and to issue a permit authorizing Plaintiff to acquire firearms. *See*, Doc. No. 35, page 36.

IV. **Legal Standard**

    A. **Reconsideration**

Under Rule 59(e), it is appropriate to alter or amend a judgment if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." United Nat. Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772 (9th Cir. 2009) (quoting Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001). A motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). "[T]he district court enjoys considerable discretion in granting or denying the motion [for reconsideration] and "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." McDowell v. Calderon, 197 F.3d 1253, 1255n. 1 (9th Cir. 1999) (citing 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Rule 60(b) provides that the court may grant relief from a final judgment if the moving party shows:

       (1) mistake, inadvertence, surprise, or excusable neglect;
       (2) newly discovered evidence that, with reasonable

3