LAW OFFICES OF DONALD L. WILKERSON
A Law Corporation
DONALD L. WILKERSON    5730
1003 Bishop Street, Suite 1320
Honolulu, Hawaii 96813
Telephone: (808) 533-4447
Facsimile: (808) 528-2440
Email: don@allislandslaw.com

TE-HINA ICKES         9012
841 Bishop Street, Suite 2201
Honolulu, Hawaii 96813
Telephone: (808) 521-3336
Facsimile: (808) 566-0347
Email: tehina@gmail.com

Attorneys for Plaintiff
KIRK C. FISHER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KIRK C. FISHER,<br><br>      Plaintiff,<br><br>vs.<br><br>LOUIS KEALOHA, in his individual capacity and his official capacity as Honolulu Chief of Police; PAUL PUTZULU, in his individual capacity and his official capacity as Honolulu Acting Chief of Police; CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT and DOE DEFENDANTS 1-50,<br><br>      Defendants.<br>_____ | CIVIL NO. 11-00589 ACK/BMK<br><br>**PLAINTIFF KIRK C. FISHER'S MEMORANDUM IN OPPOSITION TO CITY DEFENDANTS' MOTION FOR RECONSIDERATION OF JUNE 29, 2012, ORDER GRANTING PLAINTIFF KIRK C. FISHER'S MOTION FOR A PRELIMINARY INJUNCTION, AND REQUEST FOR CERTIFICATION TO HAWAII SUPREME COURT; CERTIFICATE OF SERVICE**<br><br>**Non-Hearing Motion**<br><br>**Trial Week: November 14, 2012** |

**PLAINTIFF KIRK C. FISHER'S MEMORANDUM IN OPPOSITION TO CITY DEFENDANTS' MOTION FOR RECONSIDERATION OF JUNE 29, 2012, ORDER GRANTING PLAINTIFF KIRK C. FISHER'S MOTION FOR A PRELIMINARY INJUNCTION, AND REQUEST FOR CERTIFICATION TO HAWAII SUPREME COURT**

COMES NOW, Plaintiff Kirk C. Fisher, by and through undersigned counsel, and hereby files his Memorandum in Opposition to City Defendants' Motion for Reconsideration of June 29, 2012, Order Granting Plaintiff Kirk C. Fisher's Motion for a Preliminary Injunction, and Request for Certification to Hawaii Supreme Court.

I.      **APPLICABLE LAW**

City Defendants' move for reconsideration based on Federal Rules of Civil Procedure ("FRCP") Rules 59(e) and 60(b) and Local Rules of Practice for the United States District Court for the District of Hawaii ("LR") Rule 60.1.  Plaintiff submits that neither rule adequately supports his motion and reconsideration should be **DENIED**.

   A.      **FRCP 59(e) and LR 60.1**

FRCP Rule 59(e) allows for motions to alter or amend a judgment.

It is well settled in the Ninth Circuit that Courts have "established three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice." Great

2

Hawaiian Financial Corp. v. Aiu, 116 F.R.D. 612, 616 (D. Haw. 1987) (citations omitted), rev'd on other grounds, 863 F.2d 617 (9th Cir. 1988).

The District of Hawaii has implemented these standards in LR 60.1.

To succeed, the moving party "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986).

An FRCP 59(e) motion cannot be used to present evidence that could and should have been presented prior to entry of final judgment; thus, where party is made aware that particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, party may not introduce evidence to support FRCP 59(e) motion. In re Prince, 85 F.3d 314 (7th Cir. 1996); See Zimmerman v. City of Oakland, 255 F.3d 734 (9th Cir. 2001) (a district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to amend, and a party that fails to introduce facts in a motion or opposition cannot introduce them later in a motion to amend by claiming that they constitute newly discovered evidence); See Helionetics, Inc. v. Paige & Associates, Corp., 100 F.3d 962 (9th Cir. 1996) (a party seeking a new trial on the basis of newly discovered evidence must show that it could not with reasonable diligence have been discovered prior to trial and is also required to specify why it

3

could not have been produced at trial and what attempts were made to discover the present evidence.)

Furthermore, in order for a moving party to merit relief based on newly discovered evidence, the moving party must show the evidence (1) is in fact "newly discovered," (2) "could not have been discovered through due diligence, and (3) was 'of such magnitude that production of it earlier would have been likely to change the disposition of the case.'" Cranmer v. Tyconic, Inc. 278 Fed. Appx. 744, 746 (9th Cir. 2008) (quoting Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990).

An appellate court reviews denials of FRCP 59(e) motions for abuse of discretion. Zimmerman, 255 F.3d at 737.

### B.     FRCP 60(b)

"FRCP Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." Engleson v. Burlington Northern Railroad Co., 972 F.2d 1038, 1044 (9th Cir. 1992). Rule 60(b) provides for reconsideration where one or more of the following is shown:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not longer

4

equitable; or (6) any other reason that justifies relief.

FRCP 60(b); Sch. Dist. 1J v. ACandS Inc., 5 F.3d, 1255, 1263 (9th Cir. 1993).

"Like a motion to reconsider, a motion under FRCP 60(b) is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." Scherer v. Hill, 213 F.R.D. 431, 431 (D. Kan., May 1, 2003) (citing Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994); See Jelks v. Swenson, 2008 U.S. Dist. LEXIS 95213 (D. Haw., Sept. 25, 2008). "Reconsideration motions do not give parties a 'second bite at the apple'. Nor are they justified on the basis of new evidence which could have been discovered prior to the Court's ruling." Jelks, 2008 U.S. Dist. LEXIS 95213 at 17.

The application of FRCP 60(b) is committed to the sound discretion of the district court and is reviewable in an appellate court only for abuse of discretion. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 695 (9th Cir. 2000). There is a "compelling interest in the finality of judgments which should not lightly be disregarded." Rodgers v. Watt, 722 F.2d, 456, 459 (9th Cir. 1983) (citations omitted).

    C.    **CERTIFICATION**

The decision whether to certify a question of state law to a state supreme court rests in the sound discretion of the federal court and is reviewable in an

appellate court only for abuse of discretion.  Thompson v. Paul, 547 F.3d 1055 (9th Cir., 2008).

There is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision.  A party should not be allowed a chance a victory through certification by the appeals court after an adverse district court ruling.  Id. at 1065, citing  In re Complaint of McLinn, 744 F.2d 677, 681 (9th Cir. 1984).  See also Enfield v. A.B. Chance Co., 228 F.3d 1245, 1255 (10th Cir. 2000) ("Although the issues raised by the City are novel and somewhat difficult, the City did not seek certification until after it received an adverse ruling from the district court.  That fact alone persuades us that certification is inappropriate."); Perkins v. Clark Equip. Co., Melrose Div., 823 F.2d 207, 209-210 (8th Cir. 1987) (noting that request for certification was not made "until after the motion for summary judgment had been decided against them," and stating that this "practice ... should be discouraged.  Otherwise, the initial federal court decision will be nothing but a gamble with certification sought only after an adverse ruling.").

## II.   ARGUMENT

### A.   NO NEW EVIDENCE HAS BEEN PRESENTED TO JUSTIFY RECONSIDERATION

City Defendants argue that they were deprived a full opportunity to be heard

6

before ordering the injunction.  This argument is completely without merit.

Plaintiff filed his Motion for Preliminary Injunction on March 19, 2012.  A hearing was scheduled for June 4, 2012.  City Defendants' opposition memorandum was due on May 14, 2012.  However, City Defendants' failed to timely submit their opposition.  All parties stipulated to extend the time for City Defendants' to file their opposition.  The hearing on Plaintiff's Motion was continued to June 14, 2012.

City Defendants were given nearly three entire months to prepare for the hearing on Plaintiff's Motion for Preliminary Injunction.  During those three months, City Defendants had ample opportunity to propound discovery requests upon Plaintiff, take Plaintiff's deposition, subpoena documents from the Honolulu Police Department and/or the Hawaii State Judiciary, interview witnesses, and/or gather other relevant evidence.

City Defendants' have attached portions of the criminal record from Plaintiff's conviction in FC-CR 97-3233 and a declaration from Deputy Prosecuting Attorney Charlene Ikeda.   These items **are not** newly discovered evidence to justify reconsideration because these items certainly could have been discovered prior to the June 14, 2012, through due diligence.  Cranmer v. Tyconic, Inc. 278 Fed. Appx. 744, 746 (9th Cir. 2008) (quoting Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990).

As stated above, an FRCP 59(e) motion cannot be used to present evidence that could and should have been presented prior to entry of final judgment; thus, where party is made aware that particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, party may not introduce evidence to support FRCP 59(e) motion.  Therefore, all attachments in support of City Defendants' Motion for Reconsideration should be completely **DISREGARDED**.

### B.   THERE HAS BEEN NO CHANGE IN INTERVENING OR CONTROLLING LAW TO JUSTIFY RECONSIDERATION

In both their Memorandum in Opposition to Plaintiff's Motion for a Preliminary Injunction and their argument at the June 14, 2012, hearing, City Defendants categorically failed to address whether Mr. Fisher is statutorily disqualified from gun ownership under state or federal law.  A lengthy analysis of both state and federal law was submitted by Plaintiff in support of his Motion for Preliminary Injunction.

Here and now, City Defendants attempt to address and analyze whether the offense of Harassment as defined by H.R.S. §711-1106(1)(a) is a crime of violence.  City Defendants cite no intervening change in controlling law to justify reconsideration.  Rather, they appear to be raising the legal arguments that should have previously been raised.

Furthermore, City Defendants now attempt to address policy considerations. City Defendants erroneously state that this Court has made a blanket determination that harassment convictions cannot served to disqualify a person from acquiring firearms. The Court specifically noted in its June 29, 2012, Order that the "granting [ of Mr. Fisher's] request for a preliminary injunction ... and an order directing HPD to grant Plaintiff's permit to acquire would not extend to any applicants other than Plaintiff." See ECF No. 35, page 34. Regardless, City Defendants' attempts to re-argue policy considerations are inappropriate for purposes of the instant motion. City Defendants' again, appear to be raising legal arguments that should have previously been raised.

As stated above, City Defendants had ample opportunity to obtain evidence and formulate their legal argument but failed to do so. City Defendants' have attached portions of the criminal record from Plaintiff's conviction in FC-CR 97-3233 and a declaration from Deputy Prosecuting Attorney Charlene Ikeda. These items **are not** newly discovered evidence to justify reconsideration. These items certainly could have been discovered prior to the June 14, 2012, through due diligence.

Like a motion to reconsider, a motion under FRCP 60(b) is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. Scherer v. Hill, 213 F.R.D. 431, 431

9

(D. Kan., May 1, 2003) (citing <u>Voelkel v. Gen. Motors Corp.</u>, 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994).

These new arguments should be completely **DISREGARDED**.

### C. CITY DEFENDANTS FAIL TO PRESENT EVIDENCE THAT THE COURT COMMITTED CLEAR ERROR, OR MADE A DECISION THAT WAS MANIFESTLY UNJUST

City Defendants present no intervening change in controlling law or newly discovered evidence not previously available justifying reconsideration. Thus, the only portion of Rule 60(b) possibly applicable here is subsection (6): "extraordinary circumstances" justifying relief. Rule 60(b)(6) permits a district court to relieve a party from a final order or judgment for "any other reason that justifies relief." See <u>Fantasyland Video, Inc. v. County of San Diego</u>, 505 F.3d 996, 1005 (9th Cir. 2007) (recognizing that courts use this provision sparingly as an equitable remedy to prevent manifest injustice where extraordinary circumstances are present). Similarly, LR 60.1 permits reconsideration only when there is a need to correct clear or manifest error in law or fact, to prevent manifest injustice.

City Defendants' have failed to show that there are any extraordinary circumstances warranting a reconsideration of the June 29, 2012, Order Granting Plaintiff Kirk C. Fisher's Motion for Preliminary Injunction.

### D. REQUEST FOR CERTIFICATION SHOULD BE DENIED

Finally, City Defendants request certification to the Hawaii Supreme Court for a determination of whether a conviction of "harassment" under Hawaii law constitutes a "crime of violence" making one so convicted statutorily disqualified from possessing firearms under H.R.S. §134-7. Certification in this case is unwarranted as this Court has not made a ruling on the Hawaii harassment statute itself, but has rather ruled that in this particular case, Mr. Fisher is not statutorily disqualified.

As stated above, The Court specifically noted in its June 29, 2012, Order that the "granting [ of Mr. Fisher's] request for a preliminary injunction ... and an order directing HPD to grant Plaintiff's permit to acquire would not extend to any applicants other than Plaintiff." See ECF No. 35, page 34.

Additionally, City Defendants have been on notice since August 31, 2010[1], of Plaintiff's position regarding H.R.S. §§711-1106(1)(a) and 134-7. At the very least, counsel for City Defendants knew from the filing of Plaintiff's Complaint for Deprivation of Civil Rights, on September 28, 2011, of Plaintiff's specific arguments regarding the aforementioned statutes. Rather than requesting a certification of the question then, City Defendants chose to wait until an adverse

---

[1] Plaintiff's counsel wrote to Defendant Kealoha on August 31, 2010, requesting that the prior denial of Mr. Fisher's application for permit to acquire be rescinded. A copy of this letter is attached to ECF No. 33 at Exhibit 3.

ruling.  As stated above, a party should not be allowed a chance a victory through certification by the appeals court after an adverse district court ruling.  <u>Thompson v. Paul</u>, 547 F.3d 1055 (9th Cir., 2008).

As such, certification should be **DENIED**.

### III.  <u>CONCLUSION</u>

Based on the foregoing, Plaintiff respectfully requests that City Defendants' Motion for Reconsideration of June 29, 2012 Order Granting Plaintiff Kirk C. Fisher's Motion for Preliminary Injunction, and Request for Certification to Hawaii Supreme Court be **DENIED**.

Dated: Honolulu, Hawaii, August 24, 2012.

      */s/ Te-Hina Ickes*
DONALD L. WILKERSON
TE-HINA ICKES
Attorneys for Plaintiff
KIRK C. FISHER