ROBERT CARSON GODBEY, 4685
Corporation Counsel

D. SCOTT DODD, 6811
Deputy Corporation Counsel
Department of the Corporation Counsel
City and County of Honolulu
Honolulu Hale, Room 110
530 South King Street
Honolulu, Hawaiʻi 96813
Telephone:   (808) 768-5129
Facsimile:    (808) 768-5105
E-mail address:  dsdodd@honolulu.gov

Attorneys for City Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| KIRK C. FISHER,<br><br>      Plaintiff,<br><br>vs.<br><br>LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; PAUL PUTZULU, as an individual and in his official capacity as former Honolulu Acting Chief of Police; CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT and DOE DEFENDANTS 1-50,<br><br>      Defendants.<br>_____ | CIVIL NO. CV11 00589BMK<br><br>CITY DEFENDANTS' REPLY IN SUPPORT OF CITY DEFENDANTS' MOTION FOR RECONSIDERATION OF JUNE 29, 2012 ORDER GRANTING PLAINTIFF KIRK C. FISHER'S MOTION FOR A PRELIMINARY INJUNCTION, AND REQUEST FOR CERTIFICATION TO HAWAIʻI SUPREME COURT; CERTIFICATE OF SERVICE<br><br>Trial Date:  November 14, 2012 |

CITY DEFENDANTS' REPLY IN SUPPORT OF CITY
DEFENDANTS' MOTION FOR RECONSIDERATION OF
JUNE 29, 2012 ORDER GRANTING PLAINTIFF KIRK C.
FISHER'S MOTION FOR A PRELIMINARY INJUNCTION, AND
REQUEST FOR CERTIFICATION TO HAWAIʻI SUPREME COURT

Defendants CITY AND COUNTY OF HONOLULU and LOUIS KEALOHA (hereafter the "Defendants" or "City Defendants"), by and through their counsel, Robert C. Godbey, Corporation Counsel, and D. Scott Dodd, Deputy Corporation Counsel, hereby submit this reply in support of their motion for reconsideration of the Court's June 29, 2012 Order Granting Plaintiff Kirk C. Fisher's Motion for a Preliminary Injunction (Doc. No. 35).

I.   CITY DEFENDANTS ARE ENTITLED TO RECONSIDERATION

Plaintiff Kirk C. Fisher's (hereinafter "Plaintiff") Motion in Opposition ("opposition")(Doc. No. 45) improperly urges the Court to apply the standard of review to be employed by a Court in considering an *appeal* of a denial of, or the granting of, a motion for reconsideration.  In the instant case, this Court is considering Defendants' motion for reconsideration, not an appeal of the denial of their motion for consideration.  Plaintiff's Opposition also improperly argues the standards used to review the denial or granting of a motion for summary judgment; again, not the appropriate standard for considering a motion for reconsideration as presented here.

As stated in the City's moving papers, "a successful motion for reconsideration must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F.Supp.429, 430 (D.Hawai'i 1996); accord Tom v. GMAC Mortg., LLC, CIV. NO. 10-00653 SOM/BMK, 2011 WL 2712958, at *1 (D. Hawai'i July 12, 2011)(citations omitted).

And, Hawai'i District Courts "recognize[] three grounds for granting reconsideration of an order: '(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.'" Kaanapali Tours, LLC v. Hawai'i Dept. of Land and Natural Resources, 2012 WL 1080922 (D. Hawai'i 2012); (citing White v. Sabatino, 424 F.Supp. 2d 1271, 1274 (D. Hawai'i 2006); Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir.1998)).  "Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir.2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir.2000)).

In the instant case, City Defendants are not making the argument that there has been some applicable change in controlling law.  The Defendants posit simply that there is newly discovered evidence and the need to correct a manifest injustice.

Plaintiff's argument that City Defendants had "ample" time to conduct discovery is disingenuous because of Plaintiff's failure to comply with the rules *mandating* initial disclosures pursuant to Federal Rules of Civil Procedure, ("FRCP") Rule 26(a)(1)(A).  Plaintiff argues that City Defendants had nearly three months to obtain discovery; from the time the motion for preliminary injunction was filed on March 19, 2012 until the hearing on the motion on June 14, 2012, to conduct depositions and propound discovery requests for interrogatories and production of documents.  However, Plaintiff should be estopped from making such an argument because of his failure to provide *any* initial discovery disclosures pursuant to FRCP Rule 26(a)(1)(A).[1]  All of the evidence and information the City Defendants obtained in this case about the underlying facts and about Plaintiff's conviction was as a result of City Defendants' own investigation, and not because that information had been disclosed as required.  It is very difficult to believe that Plaintiff had *no* documents reasonably calculated to lead to the discovery of admissible evidence in his, or his attorney's possession.

---

[1] While such an argument might be availing in state court, FRCP Rule 26 requires the production of discoverable information *without any request* from the opposing side.  A party cannot state in good faith that the other side was not diligent when Plaintiff has failed to make *any* disclosures required by Rule 26.

FRCP Rule 26(a)(1)(A) provides as follows:

(a)  REQUIRED DISCLOSURES.

   (1)  *Initial Disclosure.*

      (A)  *In General.*  Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party ***must, without awaiting a discovery request***, provide to the other parties:

         (i)  the name and, if known, the address and telephone number of each individual likely to have discoverable information-along with the subjects of that information-that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

         (ii)  a copy-or a description by category and location-of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

         (iii)  a computation of each category of damages claimed by the disclosing party-who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

         (iv)  for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

FRCP Rule 26(a)(1)(A) (emphasis added).

The parties met for a Rule 16 scheduling conference on January 12, 2012. Pursuant to FRCP Rule 26(a)(1)(C)[2], Plaintiff's initial disclosures were due fourteen (14) days after the Rule 16 scheduling conference or on January 26, 2012. However, no disclosures were made. Plaintiff did not disclose the identity of any potential witness or produce a single document to City Defendants. Because of Plaintiff's failure to comply with the rules of discovery, he cannot now argue that City Defendants had more than enough time to conduct discovery when no initial disclosures were timely made. Further, the plain language of Rule 26(a)(1)(A) makes clear that City Defendants were under *no* obligation to make a discovery request to get such information.

The manifest injustice results from City Defendants not having a full and fair opportunity to present its case to the Court during the hearing on the preliminary injunction due to the Plaintiff's failure to make initial disclosures and the subsequent unavailability of necessary information to properly support City

---

[2] FRCP Rule 26(a)(1)(C) states:

(C)   *Time for Initial Disclosures-In General.*  A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

Defendants' position.³  As pointed out in City Defendants' Motion for Reconsideration, the complete criminal record related to Plaintiff's conviction for harassment was not available at the time of the hearing.  Recordings of the proceedings from Plaintiff's change of plea in December 1997 have long been purged from the Circuit Court's records and are unavailable.  Therefore, it was incumbent upon Plaintiff to make whatever records he had (or had access to) available to the Defendants for a full and fair hearing on his motion for preliminary injunction.

The City Defendants only discovered after the hearing on the motion for preliminary injunction the full and complete circumstances surrounding Plaintiff's change of plea and underlying criminal record.  Plaintiff surely has information related to his criminal conviction, either currently in his possession, or at least reasonable access to and would be easily obtained by him.⁴  Had this information

---

³ Additionally, the Defendants were not facing a motion for summary judgment; rather a motion for a preliminary injunction.  Plaintiff argues as if he has had summary judgment entered in his favor.  The requirement to come forward with evidence to defeat summary judgment is not applicable in opposing a motion for a preliminary injunction.

⁴ Information such as a copy of the police report, probation report, compliance reports, any Proof of Compliance status reports, the name of his public defender, the name of his probation officer, the name and location of any substance abuse or anger management treatments, the name and location of parenting classes, any recommendations by any person who conducted any assessment of Plaintiff for treatment for substance abuse, anger management or other conditions as part of his probation; all such

been properly provided by Plaintiff, as required by the Federal Rules of Civil Procedure, City Defendants would have had such information available to them to prepare and support their opposition to Plaintiff's motion for preliminary injunction, and would have been able to fully brief the Court on the facts and circumstances of Plaintiff's underlying conviction and the denial of his firearms permit application.

II.     CONCLUSION

For the foregoing reasons, the City respectfully requests that this Honorable Court grant its motion for reconsideration of the Court's June 29, 2012 Order Granting Plaintiff Kirk C. Fisher's Motion for a Preliminary Injunction.

DATED:  Honolulu, Hawai'i, Friday, August 31, 2012.

>ROBERT CARSON GODBEY
>Corporation Counsel
>
>By:  /s/ D. Scott Dodd
>       D. SCOTT DODD
>       Deputy Corporation Counsel
>
>       Attorney for City Defendants
>       CITY AND COUNTY OF HONOLULU
>       and LOUIS KEALOHA

11-07807/242868

---

information is reasonably likely to lead to the discovery of admissible evidence, and should have been timely disclosed by Plaintiff.