IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
                               )
KIRK C. FISHER,                )
                               )
               Plaintiff,      )
                               )
        vs.                    )
                               )  Civ. No. 11-00589 ACK-BMK
LOUIS KEALOHA, as an individual )
and in his official capacity as )
Honolulu Chief of Police; PAUL )
PUTZULU, as an individual and in)
his official capacity as former )
Acting Honolulu Chief of Police;)
CITY AND COUNTY OF HONOLULU,   )
                               )
               Defendants.     )
                               )
```

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**

**I.  BACKGROUND**

The factual and procedural history of this case is set

forth in detail in the Court's June 29, 2012 Order Granting

Plaintiff Kirk C. Fisher's Motion for a Preliminary Injunction,

and the Court does not restate it herein.  (See Doc. No. 35, the

"Preliminary Injunction Order.")  This action arises out of

Plaintiff's contention that Defendants deliberately denied him of

-1-

his constitutional right to keep and bear arms based upon an erroneous finding that a 1997 Hawaii state court conviction for Harassment disqualified him from gun ownership.  (See generally Compl.)  Currently before the Court is the City Defendants' Motion for Reconsideration of the Preliminary Injunction Order, wherein the Court granted Plaintiff's Motion for a Preliminary Injunction and ordered Defendant Kealoha to rescind the prior denial of Plaintiff's permit to acquire firearms and to issue a permit authorizing Plaintiff to acquire firearms.[1]

The Court held a hearing on Plaintiff's Motion for a Preliminary Injunction on Thursday, June 14, 2012.  At 9:09 a.m. that morning, Plaintiff dilatorily filed an Amended Complaint, which neither the Court nor Defendants had an opportunity to review prior to the hearing which commenced at approximately 10:00 a.m.  (See Rough Tr. of Jun. 14, 2012 Hearing, at 1-3; Doc. No. 31.)  Counsel for Defendants nevertheless stated that he was prepared to go ahead with the hearing on the Motion for Preliminary Injunction and submit arguments on the same.  (Rough Tr. of Jun. 14, 2012 Hearing, at 1-3.)  On June 29, 2012, following the Court's review of supplemental briefings from the

---

[1] On April 19, 2012, prior to holding a hearing on Plaintiff's Motion for a Preliminary Injunction, the Court granted Defendant City and County of Honolulu's motion to dismiss, and granted in part and denied in part Defendant Kealoha's motion to dismiss.  (See Doc. 25 for further details with respect to as to Court's ruling on these motions.)

parties, the Court granted Plaintiff's Motion for a Preliminary Injunction.

Defendants filed a Motion for Reconsideration of the Preliminary Injunction Order on July 27, 2012.[2/] (Doc. No. 39, hereinafter "Reconsideration Motion.") Plaintiff responded with an untimely opposition memorandum on August 24, 2012.[3/] (Doc. No. 45.) On August 31, 2012, Defendants filed a Reply in support of their Reconsideration Motion. (Doc. No. 46.) The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(e).

## II.  STANDARD OF REVIEW

**Motion for Reconsideration**

Pursuant to Local Rule 60.1, a motion for reconsideration of an interlocutory order may only be brought if there has been a discovery of new material facts not previously

---

[2/] The Court had previously granted Defendants' stipulated motion to allow City Defendants an extension of time to file a motion for reconsideration of the Preliminary Injunction Order, providing the City Defendants with an extension until July 27, 2012 to file any motion for reconsideration, as well as to file an answer to Plaintiff's Amended Complaint. (Doc. No. 38.) Defendants also filed a supplement to the Reconsideration Motion on August 2, 2012, adding a Table of Authorities and Table of Contents. (Doc. No. 43.)

[3/] Pursuant to the Local Rules, an opposition to a non-hearing motion such as a motion for reconsideration shall be served and filed not more than fourteen (14) days after service of the motion. See L.R. 7.4, 60.1. The Court allowed Plaintiff's late filing and will consider the same.

available, an intervening change in law, or a manifest error of law or fact.  See L.R. 60.1.  Motions for reconsideration asserting a manifest error of law or fact must be made not more than fourteen days after the Court's written order is filed.  Id.

A "motion for reconsideration must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Haw. 1996); Na Mamo O 'Aha 'Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (citation omitted).

Only three grounds justify reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice.  See Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998).  "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citation omitted).

-4-

### III. DISCUSSION

In their Motion for Reconsideration, the City Defendants contend that the Court committed error with respect to two distinct rulings: (1) by not permitting the City Defendants an opportunity to present evidence that Plaintiff's conviction for Harassment was in fact a crime of domestic violence; and (2) failing to employ or consider the "modified categorical approach" to determine whether Plaintiff's offense constitutes, or may constitute, a crime of violence, thus disqualifying Plaintiff from possession of firearms. (Mot. for Recon. at 1-2.) The City Defendants also challenge the Court's ruling on policy grounds, and request that the Court certify to the Hawaii Supreme Court the question of whether a conviction of Harassment under H.R.S. § 711-1106(1)(a) in the Family Court constitutes a "crime of violence." The Court considers each of the City Defendants' arguments, as well as Plaintiff's response, in turn.

### A.  The City Defendants' Opportunity to be Heard

The City Defendants contend that at the time of the hearing on Plaintiff's Motion for a Preliminary Injunction, they did not have a full opportunity to be heard for two reasons: (1) they had not filed an answer to the Amended Complaint, which Plaintiff in fact filed less than one hour before the hearing; and (2) Plaintiff failed to file initial disclosures, resulting

-5-

in the City Defendants' inability to gather evidence needed to develop their defense. (Mot. for Recon. at 5-6.)   Further, the City Defendants assert that they have not had an opportunity to conduct significant discovery upon Plaintiff nor take his deposition. Id. at 6.   At this juncture, the City Defendants seek an opportunity to present evidence supporting their position that Plaintiff's conviction for harassment statutorily disqualified him from possessing firearms, and they attach portions of Plaintiff's underlying criminal record for his conviction in FC-CR 97-3233 in support of their assertion that Harassment clearly constitutes a "crime of violence" pursuant to H.R.S. § 134-7. Id.

Plaintiff replies that the City Defendants were in fact given nearly three months to prepare for the hearing on Plaintiff's Motion for Preliminary Injunction, which was continued after all parties stipulated to an extension of time within which the City Defendants were permitted to file their untimely opposition memorandum. (Opp. Mem. at 7.)   During those three months, the City Defendants had "ample opportunity" to propound discovery requests upon and depose Plaintiff, as well as subpoena documents from HPD and/or the Hawaii State Judiciary, among other things. Id.   Plaintiff asserts that the portions of his criminal record from his conviction in FC-CR 97-3233 and the declaration from Deputy Prosecuting Attorney Charlene Ikeda are

-6-

not newly discovered evidence justifying reconsideration, but rather constitute evidence that could have been discovered prior to the June 14, 2012 hearing through due diligence.  Id.[4/]

In their Reply, the City Defendants challenge Plaintiff's assertion that they had "ample" time to conduct discovery, citing Plaintiff's alleged failure to comply with the rules mandating initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A).  (Reply at 4.)  Further, the City Defendants contend that Plaintiff should be estopped from making this argument because he failed to provide any initial discovery disclosures.  Id.[5/]  This failure on the part of Plaintiff allegedly resulted in manifest injustice for the City Defendants, who claim that they were denied a full and fair opportunity to present their case during the June 14, 2012 hearing.  Id. at 6.

The Court concludes the City Defendants did in fact have ample opportunity to raise the issue of Plaintiff's failure to provide Rule 26 initial disclosures before the Magistrate Judge or before this Court, but declined to do so until they were faced with an adverse decision when the Preliminary Injunction Order issued.  In fact, the Court explicitly inquired as to

---

[4/] In support of this assertion, Plaintiff cites <u>Cranmer v. Tyconic, Inc.</u>, 278 Fed. App'x 744, 746 (9th Cir. 2008) (quoting <u>Jones v. Aero/Chem Corp.</u>, 921 F.2d 875, 878 (9th Cir. 1990)).

[5/] The City Defendants also state that Fed. R. Civ. P. 26 "requires the production of discoverable information <u>without any request</u> from the opposing side."  (Reply at 4.)

whether defense counsel was prepared to proceed with the hearing on June 14, 2012, and he responded in the affirmative.  (Rough Tr. of Jun. 14, 2012 Hearing, at 1-3.)  The City Defendants now attempt to secure reconsideration based upon an alleged "manifest injustice" that they have quietly ignored since January of 2012. The Court finds this to be an unpersuasive basis for reconsideration.

**B.   Application of the Modified Categorical Approach**

The City Defendants also submit that the Court did not properly apply the modified categorical approach in reaching its decision that Plaintiff was likely to succeed on the merits in establishing that his conviction for Harassment was not a misdemeanor crime of violence.  The Court finds this argument unavailing; considering that it set forth a detailed explanation of the application of the categorical and modified categorical approaches to determine wether a state conviction falls within the generic federal definition of a crime in its Preliminary Injunction Order.  (Prelim. Inj. Order at 21-23.)  The Court explained that if there is no categorical match, courts in the Ninth Circuit will apply a modified categorical approach in some instances, which is to be a <u>limited</u> inquiry wherein the Court considers "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit

-8-

factual finding by the trial judge to which the defendant assented." (Prelim. Inj. Order at 22 n.19 (citing <u>Shepard v. United States</u>, 544 U.S. 13, 16 (2005)).  "Further, under the modified categorical approach, courts may also consider 'comparable' judicial documents of sufficient reliability." (Prelim. Inj. Order (citing <u>United States v. Snellenberger</u>, 548 F.3d 699, 701-02 (9th Cir. 2008) (en banc).[6/]  In its Preliminary Injunction Order, the Court stated, "[i]t appears that generally, under a modified categorical approach, the outcome depends upon whether the underlying conduct - as it can be determined by reliable documents - is of a violent nature."  (Prelim. Inj. Order. at 22 n.19.)

The City Defendants contend that "newly discovered" evidence contained in Plaintiff's criminal file, including the charging document, the judicial determination of probable cause, and other accompanying records, "make clear that Plaintiff was convicted not of mere offensive physical contact or the <u>de minimis</u> use of physical force," but of "violent use of force." <u>Id.</u> at 10.[7/]  As an initial matter, the Court notes that this

---

[6/]  The <u>Snellenberger</u> court held that district courts may rely on clerk minute orders that conform to certain essential procedures in applying the modified categorical approach, noting that the minute order in question was prepared by a neutral officer of the court and that defendant had the right to examine and challenge its content.  548 F.3d at 702.

[7/]  In its Preliminary Injunction Order, the Court recognized
(continued...)

evidence is not in fact "newly discovered," but could have been obtained through due diligence prior to the June 14, 2012 hearing.

Further, even if the Court were to consider this evidence, there are no new facts contained in the City Defendants' exhibits that establish that Plaintiff's Harassment conviction qualified as a misdemeanor crime of violence.[8/] The

---

[7/] (...continued)
the Ninth Circuit's holding that for purposes 18 U.S.C. § 921(a)(33)(A)(i) (the Gun Control Act, which contains the Lautenberg Amendment), "physical force" means "the violent use of force against the body of another individual." (Prelim. Inj. Order at 21-22 (citing Belless, 338 F.3d 1063, 1068)). In Belless, the Ninth Circuit reasoned that the physical force requirement could not possibly include "any touching" in the "sense of Newtonian mechanics" and held that the physical force requirement cannot be satisfied by "de minimis" touching. Id. at 1067-68. The commentary on Harassment, a Hawaii state criminal statute, on the other hand, describes the offense as "a restatement of the common-law offense of battery involving any slight touching of another person." (Prelim. Inj. Order at 21-22.)

[8/] In support of their Motion for Reconsideration, the City Defendants provide the following from Plaintiff's criminal file in FC-CR 97-3233: (1) a certified copy of the complaint, charging Plaintiff with two counts of Harassment pursuant to H.R.S. § 711-1106(1)(a); (2) certified copies of the judicial determinations of probable cause; (3) the judgment of conviction on December 3, 1997, showing that Plaintiff pleaded guilty to two counts of Harassment pursuant to H.R.S. § 711-1106(1)(a); (4) the terms and conditions of probation and the acknowledgment of the terms and conditions of probation signed by Plaintiff, showing the requirement that Plaintiff attend domestic violence intervention, parenting classes and drug and alcohol assessment and treatment; (5) the compliance reports showing that Plaintiff completed ten sessions of domestic violence counseling and twelve hours of drug and alcohol education; (6) the Order Permitting Return of
(continued...)

City Defendants contend that the police report, which allegedly was included by reference in the plea documents, "includes facts that make it clear the Plaintiff was convicted of conduct that qualifies as the 'use of physical force' such that a 'crime of violence' has occurred." (Mot. for Recon. at 14)  However, the City Defendants' newly submitted evidence does not contain the police report, and as a result the Court has not had an opportunity to review its contents.

In any event, even if the City Defendants had provided the Court with the police report that purportedly establishes Plaintiff's use of physical force, the City Defendants have not demonstrated that the police report in this case is the type of document that is sufficiently reliable pursuant to the standard set forth in Snellenberger.   548 F.3d at 701-02.  In the Ninth Circuit, police reports generally cannot be used in a modified categorical approach.  Shepard, 544 U.S. at 16 ("The question here is whether a sentencing court can look to police reports or

---

8/ (...continued)
Firearms, Ammunition, Permits and Licenses, With Conditions, filed on November 4, 1998.  (See Mot. for Recon., Exs. A-F.)  The documents do not provide the Court with any new information as to the specific conduct for which Plaintiff was convicted.  For example, the Complaint alleges that Plaintiff "did strike, shove, kick, or otherwise touch Colette Fisher in an offensive manner . . . " with intent to harass, annoy, or alarm her. (Mot. for Recon., Ex. A.)  This language merely recites the statutory language of H.R.S. § 711-1106(1)(a), and does not provide any information as to whether Plaintiff's conduct was violent as opposed to non-violent.

complaint applications to determine whether an earlier guilty

plea necessarily admitted, and supported a conviction for, [a

crime] . . . . We hold that it may not . . . .") However, in

certain limited instances police reports may be considered when

the defendant stipulates to their use as a factual basis for

supporting a plea.  See United States v. AlmazanBecerra, 537 F.3d

1094, 1098 (9th Cir. 2008).[9/]  In the absence of such a

stipulation, a police report, unlike a clerk minute order, is

drafted by a police officer who cannot be considered a "neutral"

figure, and the Court is unaware of any procedure by which a

criminal defendant may review and correct any inaccuracies in

such a report.  The "newly discovered" evidence does not

establish that Plaintiff stipulated to the use of a police report

as a factual basis for supporting his guilty plea, and

accordingly it would be error for the Court to consider this type

of unreliable document in applying the modified categorical

---

[9/] See also United States v. Osuna-Armenta, Cr. No.
10-041-JLQ, 2010 WL 4867380, at *5 (E.D. Wash. Nov. 23, 2010)
("because of the Defendant's specific consent in his written []
plea authorizing the court to review the police reports and/or
statement of probable cause to establish the factual conduct
supporting the plea, this court may also permissibly consider the
police incident report and the state's statement of probable
cause . . . ."; Parilla v. Gonzales, 414 F.3d 1038, 1044 (9th
Cir. 2005) (defendant's decision to incorporate the police report
into his guilty plea made the report "an explicit statement 'in
which the factual basis for the plea was confirmed by the
defendant'") (quoting Shepard, 544 U.S. at 26).

approach.[10/]

Furthermore, the case law relied upon by the City Defendants generally fails to support their argument that the Court misapplied the modified categorical approach.

For example, the City Defendants rely heavily upon United States v. Nobriga, which involved whether a plaintiff's conviction for Abuse of a Family or Household Member under the Hawaii Revised Statutes constituted a crime of violence.  474 F.3d 561 (9th Cir. 2006).  In Nobriga, however, the plaintiff actually pleaded no contest and was found guilty of the crime of Abuse of a Family or Household Member, not Harassment.  That fact, together with the court's finding that "the charging papers and the judgment of conviction ma[d]e clear that Nobriga pleaded guilty to 'physically abus[ing] a family or household member,' not to 'refus[ing] compliance with a lawful order of a police officer,' led the court to conclude that the plaintiff

_____

[10/] The City Defendants contend that, "[b]y pleading guilty to the charge of Harassment, as opposed to pleading no contest, Plaintiff did not dispute the facts included in the police report, and the police report was included by reference in the plea documents." (Mot. for Recon. at 11 n.3.)  However, the plea documents on their face do not incorporate the findings in the police report, and the City Defendants have not presented the Court with a transcript of the plea colloquy to substantiate the basis for Plaintiff's guilty plea and the specific facts to which Plaintiff stipulated in connection with that plea.  See, e.g., Almazan-Becerra, 482 F.3d at 1091 (finding police reports unreliable even though the defendant had stipulated that the reports formed a factual basis to support his plea, because the plea was disjunctive and therefore the conduct to which the defendant stipulated was not clear).

necessarily pleaded guilty to a "violent use of force."  <u>Id.</u> at

564.[11/]   In the instant action, Plaintiff never pleaded no

contest, nor was he convicted of, Abuse of a Family or Household

Member under H.R.S. § 709-906.  Plaintiff pleaded guilty to

Harassment, and there is no new evidence that he did so based

upon facts that revealed violent, rather than non-violent,

conduct.[12/] (<u>See</u> Motion for Recon., Exs. A-F.)

Moreover, the City Defendants' reliance upon <u>United</u>

<u>States v. Serrao</u> does not support their argument.  The issue in

<u>Serrao</u> was whether the plaintiff was entitled to have an

indictment against him dismissed, wherein he was charged with

possessing a firearm or ammunition following conviction of a

misdemeanor crime of domestic violence.  301 F. Supp. 2d 1142,

1143 (D. Haw. 2004).  The <u>Serrao</u> court stated that it "can, and

in fact must," consider the declarations of the prosecutor in the

state case to determine whether the record submitted "clearly

----

[11/] Although the court ultimately determined that because
H.R.S. 709-906(1)'s "physical abuse" prong could be satisfied
with a reckless, as opposed to intentional, use of force, the
court ruled that the defendant's motion to dismiss the indictment
should have been granted because Hawaii law holds that crimes
involving reckless use of force cannot be considered crimes of
violence.  <u>Nobriga</u>, 474 F.3d at 565.

[12/] Further, the fact that deputy prosecuting attorney
Charlene Ikeda declared that in her experience, she would amend
initial arrests for Abuse of a Family or Household Member to
Harassment does not change the fact that Plaintiff was ultimately
convicted of Harassment, a crime that by definition constitutes
both violent and non-violent conduct.  (<u>See</u> Ikeda Decl.)

establish[ed]" that the prior offense involved the use of
physical force.   Id. at 1146 (quoting United States v. Sweeten,
933 F.2d 765, 769-700 (9th Cir. 1991)).   In the state case, the
record showed that the plaintiff had been charged with Abuse of a
Family and Household Member, although he ultimately pled no
contest to Assault in the Third Degree.   Id. at 1145.[13/]   The
charge had been amended orally and there was no evidence of the
facts underlying the amended charge.   Id.   Significantly, the
Serrao court explained:

> This court, however, can only give limited weight to an ex
> parte document prepared many years after the fact . . . . More
> importantly, the key inquiry is what Serrao admitted while
> pleading, not what the prosecutor intended and understood him
> to be admitting.  [The state prosecutor's] declaration sheds
> little light on the specific facts that Serrao admitted. In
> all probability, Serrao understood that he was pleading no
> contest to Assault in the Third Degree based on the
> allegations in the initial Family Court complaint. The judge
> in all probability was accepting the plea thinking that it
> involved the acts complained of in the Family Court file. That
> may explain the inclusion in the sentence of conditions that
> Serrao not threaten or harm his wife and that he complete an
> anger management program.  But the "clearly establish"
> standard requires more than a mere likelihood.  The record
> does not "clearly establish" the facts to which Serrao pled no
> contest . . . .The court, therefore, cannot determine what
> Serrao pled guilty to, and the prior state conviction cannot
> serve as a predicate for a § 922(g) or § 924(a)(2) charge.

Id. at 1146.

        The Court of Appeals for the Ninth Circuit reached the

_____

        [13/] The assault charge, like Harassment under HRS 711-
1106(1)(a), did not require force as an element for conviction.
Serrao, 301 F. Supp. 2d at 1145.

opposite conclusion when presented with different facts in Sweeten.  In that case, the prosecutor had submitted an ex parte, nunc pro tunc order eleven years following the original conviction, stating that a typographical error had caused the original judgment to mischaracterize Sweeten's offense.  933 F.2d at 767.  Importantly, although the court did consider the prosecutor's ex parte statement, it held that a court could not rely "solely" on an ex parte, after the fact order to establish the earlier predicate offense.  Id. at 769.  Nevertheless, the court held that the nunc pro tunc order, in conjunction with the signed guilty plea and indictment that the government had provided to the court, demonstrated that the earlier conviction did involve the use or threat of physical force, and accordingly concluded that the conviction could serve as a predicate offense. Id.

The facts presented in the instant action much more closely mirror those in Serrao, because the City Defendants purport to rely on a state prosecutor's declaration that was obtained some 15 years after the fact, without sufficient additional reliable evidence, to establish that Plaintiff's state conviction constitutes a crime of violence.  The underlying criminal file establishes nothing more than the fact that Plaintiff was initially charged with Abuse of a Household Family Member.  (See Mot. for Recon., Exs. A, B.)  Moreover, the

-16-

Complaint does not contain any new factual allegations that suggest violent conduct, but instead merely sets forth the ambiguous language contained in the Harassment statute. (See Mot. for Recon., Ex. A.)  Just as in Serrao, here the record does not "clearly establish" the facts to which Plaintiff pled guilty. Consequently, the Court concludes that it correctly applied the modified categorical approach to determine that Plaintiff was likely to succeed on the merits in establishing that his Harassment conviction did not constitute a misdemeanor crime of violence.  Serrao, 301 F. Supp. 2d at 1146.

The Court observes that the City Defendants' other assertions with respect to this issue simply raise the legal arguments that were already raised, or should have previously been raised, as the City Defendants have identified no change in intervening or controlling law to justify reconsideration of the Court's Preliminary Injunction Order. (See Opp. Mem. at 8.)

The City Defendants have failed to convince the Court that it has committed a manifest error of law with respect to its application of the modified categorical approach to Plaintiff's Harassment conviction; particularly given the fact that this area of law is far from well-settled.  The Court additionally concludes that the City Defendants' "newly discovered" evidence certainly could have been discovered prior to the June 14, 2012 hearing through diligence.  Again, in any event, the Court

-17-

concludes that this evidence does not establish that Plaintiff's conduct was violent as opposed to non-violent in nature. For these reasons, the Court declines to grant reconsideration on this basis.

## C. Policy Considerations

The City Defendants' contention that the Court "should not make a blanket determination that harassment convictions cannot serve to disqualify a person from acquiring firearms," is without merit. (See Mot. for Recon. at 14.) Contrary to the City Defendants' assertion, the Court in no way excluded "ALL harassment convictions under subsection (a) as a 'crime of violence." Id. In fact, the Court specifically stated in its Preliminary Injunction Order that "an order directing [the Honolulu Police Department] to grant Plaintiff's permit to acquire would not extend to any applicants other than Plaintiff." (Prelim. Inj. Order at 34.) Accordingly, the City Defendants' several pages of policy arguments are misplaced because the Court's Preliminary Injunction Order applies only to Plaintiff.[14]

---

[14] The City Defendants mention for the first time in the Reconsideration Motion the fact that Plaintiff has a prior conviction for driving under the influence of an intoxicant in 1986, and state that he was ordered to participate in a drug assessment and treatment as a term and condition of probation for his Harassment conviction. (Mot. for Recon. at 16.) Based upon this information, the City Defendants contend, "it is reasonable to conclude that there was some indication of a substance abuse

(continued...)

D.   **Certification of a Question to the Hawaii Supreme Court**

The City Defendants also ask the Court to certify to the Hawaii Supreme Court the question of whether a conviction for Harassment under H.R.S. § 711-1106(1)(a) in Family Court constitutes a "crime of violence" for purposes of disqualification from firearm possession under H.R.S. § 134-7. (Mot. for Recon. at 17.)  Noting the Court's previous acknowledgment that State v. Char is the only available Hawaii case analyzing this issue,[15] the City Defendants assert that it is appropriate to certify this question.  Id. (citing 909 P.2d 590 (Haw. Ct. App. 1995)).

In response, Plaintiff emphasizes that there is a presumption against certifying a question to a state supreme court after a federal district court has already issued a decision, noting that the a party "should not be allowed a chance a[t] victory through certification by the appeals court after an adverse district court ruling." (Opp. Mem. at 6.)[16]  Plaintiff

---

[14] (...continued) problem or the use of an illicit substance by Plaintiff in connection to the incident that led to his arrest and conviction."  Id. at 16-17.  The City Defendants could have discovered and raised this issue prior to the June 14, 2012 hearing but failed to do so, and the Court will not consider it at this time.

[15] Further, Char analyzes a different subsection of the Harassment statute, namely H.R.S. § 711-1106(1)(b).

[16] Plaintiff cites the following cases in support of his
(continued...)

-19-

emphasizes that the City Defendants chose to wait until they had an adverse ruling from this Court to petition for certification, even though counsel for the City Defendants knew from the filing of the Complaint on September 28, 2011 that Plaintiff challenged the interpretation of the statutes at issue in this litigation. Id. at 11-12.  Moreover, Plaintiff argues that certification is not warranted because the Court has not made a ruling on the interpretation of the Hawaii harassment statute itself, but rather has ruled that the Plaintiff in this particular case is not statutorily disqualified from firearm possession based on his conviction for harassment.  Id. at 11.[17]

The Court agrees.  If the City Defendants believed that it was appropriate to certify this question to the Hawaii Supreme Court, they had an opportunity to do so prior to the issuance of

---

[16] (...continued)
assertion that the City Defendants should not be given an opportunity to certify this question to the Hawaii State Supreme Court when the federal district court has already issued its decision:  In re Complaint of McLinn, 744 F.2d 677, 681 (9th Cir. 1984); Enfield v. A.B. Chance Co., 228 F.3d 1245, 1255 (10th Cir. 2000) ("Although the issues raised by the City are novel and somewhat difficult, the City did not seek certification until after it received an adverse ruling from the district court. That fact alone persuades us that certification is inappropriate."); Perkins v. Clark Equip. Co., Melrose Div., 823 F.2d 207, 209-210

[17] In fact, Plaintiff notes, the Court specifically stated in its Preliminary Injunction Order that "granting [of Plaintiff's] request for a preliminary injunction ... and an order directing HPD to grant Plaintiff's permit to acquire would not extend to any applicants other than Plaintiff."  Opp. Mem. at 11 (citing Prelim. Inj. Order at 34).

the Preliminary Injunction Order.  Instead, they waited to request certification until this Court issued an adverse decision.  Courts in the Ninth Circuit recognize a presumption against certifying questions after the district court has reached a final decision.  JJCO, Inc. v. Isuzu Motors Amer., Inc., Civ. No. 10-16597, 2012 WL 2584294, at *3 (9th Cir. July 5, 2012) (citing Thompson v. Paul, 547 F.3d 1055, 1065 (9th Cir. 2008)). Seeing as the City Defendants had ample opportunity to request certification prior to the Court's issuance of its Preliminary Injunction Order, granting their request at this time would allow the City Defendants an unwarranted second chance at victory.  For these reasons, the Court denies the City Defendants' request for certification to the Hawaii Supreme Court.

\*\*\*

In conclusion, the City Defendants have failed to establish any of the three recognized bases for reconsideration, and have not set forth facts or law of a strongly convincing nature to induce this Court to reverse its prior decision.  See Donaldson, 947 F. Supp. at 430.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Motion for Reconsideration.

-21-

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, September 11, 2012.



_____
Alan C. Kay
Sr. United States District Judge

Fisher v. Kealoha, et al.; Civ. No. 11-00589 ACK-BMK:  Order Denying
Defendants' Motion for Reconsideration.