LAW OFFICES OF DONALD L. WILKERSON
A Law Corporation
DONALD L. WILKERSON     5730
1003 Bishop Street, Suite 1320
Honolulu, Hawaii 96813
Telephone: (808) 533-4447
Facsimile:  (808) 528-2440
Email:  don@allislandslaw.com

TE-HINA ICKES  9012
841 Bishop Street, Suite 2201
Honolulu, Hawaii  96813
Telephone:  (808) 521-3336
Facsimile:  (808) 566-0347
Email: tehina@gmail.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KIRK C. FISHER, | ) | CIVIL NO. 11-00589 ACK/BMK |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF KIRK C. FISHER'S** |
| | ) | **PRETRIAL CONFERENCE** |
| vs. | ) | **STATEMENT; CERTIFICATE OF** |
| | ) | **SERVICE** |
| LOUIS KEALOHA, as an individual | ) | |
| and in his official capacity as Honolulu | ) | |
| Chief of Police; PAUL PUTZULU, as | ) | |
| an individual and in his official | ) | |
| capacity as former Honolulu Acting | ) | |
| Chief of Police; and CITY AND | ) | |
| COUNTY OF HONOLULU | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF KIRK C. FISHER'S**
**PRETRIAL CONFERENCE STATEMENT**

I. **PARTIES**

Plaintiff Kirk C. Fisher, c/o The Law Offices of Donald L. Wilkerson, 1003 Bishop Street, Suite 1320, Honolulu, Hawaii 96813, is 56 years old. Mr. Fisher is married to Collette Fisher.

II. **JURISDICTION AND VENUE**

This action is brought pursuant to 42 U.S.C. §1983 for violations of the 2nd and 14th amendments to the United States Constitution. Jurisdiction is based upon federal question and appears appropriate.

Venue lies in the District Court pursuant to 28 U.S.C. §1391 and appears appropriate.

III. **SUBSTANCE OF ACTION**

This is a complaint for deprivation of civil rights wherein Plaintiff alleges that Defendants' deprived Mr. Fisher of his constitutional rights under the 2nd and 14th amendments to the United States Constitution.

IV. **UNDISPUTED FACTS**

Defendants City and County of Honolulu and Louis Kealoha (hereinafter "City Defendants") admit that Plaintiff's application for a permit to acquire was denied.

City Defendants admit that the City and County of Honolulu is a municipal corporation, organized and existing under the laws of the State of Hawaii and the United States of America.

City Defendants admit that Defendant Louis Kealoha was and is the Chief of Police for the Honolulu Police Department (hereinafter "HPD").

City Defendants admit that following a November 4, 1998, Order Permitting Return of Firearms, Ammunition, Permits and Licenses, With Conditions," (by the Honorable Dan Kochi in State of Hawaii v. Kirk C. Fisher, FC-CR No. 97-3233), HPD promptly returned Mr. Fisher's firearms.

City Defendants admit that more than ten years later, in the fall of 2009, Mr. Fisher submitted an application to HPD to acquire an additional firearm.

City Defendants admit that on October 1, 2009, Defendant Putzulu responded through his subordinate Major Kurt B. Kendro of the HPD Records and Identification Division, by denying Mr. Fisher's application, and informed him that pursuant to H.R.S. §134-7, he was disqualified from firearm ownership and possession.

City Defendants admit that Defendant Putzulu further ordered Mr. Fisher to surrender to the chief of police or otherwise lawfully dispose of his firearms and ammunition within thirty (30) days.

### V.         DISPUTED FACTUAL ISSUES

All other issues of material fact are in dispute.

### VI.        RELIEF PRAYED

Plaintiff prays for judgment in his favor as follows:

a.     an order compelling Defendants to issue a permit to acquire authorizing Mr. Fisher to keep and bear arms;

b.     for general damages in an amount to be shown at trial;

c.     for punitive and/or exemplary damages in an amount to be shown at trial;

d.     for attorney's fees, costs, pre-judgment interest and post-judgment interest and such other and further relief both legal and equitable as the Court deems just and necessary under the circumstances;

e.     for attorney's fees and costs pursuant to 42 U.S.C. §1988; and

f.     any and all statutory damages or awards to which Mr. Fisher may be entitled.

### VII.       POINTS OF LAW

The right to bear operational firearms and ammunition, and other weapons in common use for lawful purposes is a fundamental constitutional right guaranteed by the Second Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment to the United States

Constitution.  The core of the Second Amendment is the right for law-abiding citizens to protect themselves.  The denial of Mr. Fisher's application for a permit to acquire, and further order to surrender, firearms violated and continues to deprive Mr. Fisher of the fundamental constitutional rights guaranteed by the Second Amendment and made applicable to the states by the Fourteenth Amendment to the United States Constitution as Mr. Fisher is deprived of any means to protect himself, and deprived of the personal use and enjoyment of firearms.

   Mr. Fisher made an inquiry and was told by the Honolulu Police Department that denial of the application for a permit to acquire was not reviewable.  Because of this, Mr. Fisher was deprived of the minimal protection of Due Process of law, guaranteed by the Fourteenth Amendment to the United States Constitution, in addition to the rights described above.  There is no meaningful opportunity for an applicant, such as Mr. Fisher, to be heard.  There is also no means for that applicant to seek further review following the denial of the application.  Thus, an applicant can seek no administrative or appellate remedy.

   Mr. Fisher continues to be deprived of his Second and Fourteenth Amendment rights due to the denial of his application for a permit to acquire.

## VIII. <u>PREVIOUS MOTIONS</u>

Defendant City and County of Honolulu filed its Motion for Partial Dismissal of Complaint on December 9, 2011.  Said Motion was Granted in Part and Denied in Part.  The Court gave leave for Plaintiff to file an Amended Complaint.

Defendant Kealoha filed his Motion for Partial Dismissal of Complaint on January 24, 2012.  Said Motion was Granted in Part and Denied in Part.  The Court gave leave for Plaintiff to file an Amended Complaint.

Plaintiff filed his Motion for Preliminary Injunction on March 19, 2012.  Said Motion was granted on June 29, 2012.

City Defendants filed their Motion for Reconsideration of June 29, 2012, Order Granting Plaintiff Kirk C. Fisher's Motion for a Preliminary Injunction, and Request for Certification to Hawaii Supreme Court on July 27, 2012.  Said Motion was denied.

## IX. <u>WITNESSES TO BE CALLED</u>

1. KIRK C. FISHER

Mr. Fisher is expected to testify regarding liability and damages.  Specifically, Mr. Fisher will testify regarding the denial of his application for permit to acquire.

2.     **LOUIS KEALOHA**

Chief Kealoha is expected to testify regarding liability and damages. Specifically, Kealoha will testify regarding HPD's policy of denying applications for permits to acquire. He will further testify regarding the denial of Mr. Fisher's permit to acquire.

3.     **PAUL PUTZULU**

Mr. Putzulu is expected to testify regarding liability and damages. Specifically, Putzulu will testify regarding HPD's policy of denying applications for permits to acquire. He will further testify regarding the denial of Mr. Fisher's permit to acquire.

4.     **KURT KENDRO**

Major Kendro is expected to testify regarding liability and damages. Specifically, Kendro will testify regarding HPD's policy of denying applications for permits to acquire. He will further testify regarding the denial of Mr. Fisher's permit to acquire.

**X.      EXHIBITS, SCHEDULES AND SUMMARIES**

All documents relating to Mr. Fisher's applications for a permit to acquire firearms. Sponsoring witness: Kirk C. Fisher.

All documents relating to the denial of Mr. Fisher's applications for a permit to acquire firearms. Sponsoring witnesses: Kealoha, Putzulu, Kendro.

**XI.     FURTHER DISCOVERY OR MOTIONS**

None.

**XII.    STIPULATIONS**

None.

**XIII.   AMENDMENTS, DISMISSALS**

None.

**XIV.    SETTLEMENT DISCUSSION**

A settlement conference was held with the Honorable Barry M. Kurren on August 20, 2012. At that time, City Defendants' Motion for Reconsideration of June 29, 2012, Order Granting Plaintiff Kirk C. Fisher's Motion for a Preliminary Injunction, and Request for Certification to Hawaii Supreme Court was pending before the Honorable Alan C. Kay. No settlement was reached.

A settlement conference is scheduled for October 23, 2012, at 10:00 a.m. before the Honorable Barry M. Kurren.

**XV.     AGREED STATEMENT**

Presentation of the action or proceeding, in whole or in part, upon an agreed upon statement of facts is desired but may not be feasible.

**XVI.    BIFURCATION, SEPARATE TRIAL OF ISSUES**

Bifurcation or a separate trial of specific issues is not feasible nor desired.

## XVII.   REFERENCE TO MASTER OR MAGISTRATE JUDGE

Reference of all or part of the action or proceeding to a master or magistrate judge is feasible and agreeable.

## XVIII.   APPOINTMENT AND LIMITATION OF EXPERTS

Appointment by the court of an impartial expert witness, and limitation on the number of expert witnesses, is not feasible nor desired.

## XIX.   TRIAL

Plaintiff has made a demand for jury trial.  Trial in this matter is currently scheduled for November 14, 2012, before the Honorable Alan C. Kay.

## XX.   ESTIMATE OF TRIAL TIME

Plaintiff estimates that 2-3 court days will be required to present his case in chief.

## XXI.   CLAIMS OF PRIVILEGE OR WORK PRODUCT

None.

## XXII.   ADDITIONAL MATTERS

Plaintiff is unaware of any additional matters at this time.

DATED: Honolulu, Hawaii, September 28, 2012.

      /s/ Te-Hina Ickes
DONALD L. WILKERSON
TE-HINA ICKES
Attorneys for Plaintiff
KIRK C. FISHER