ALAN BECK (HI Bar No. 9145)
Attorney at Law
4780 Governor Drive
San Diego, California 92122
Telephone: (619) 971-0414
Email: ngord2000@yahoo.com

Attorney for Amicus Curiae Hawaii Defense Foundation

# UNITED STATE COURT OF THE DISTRICT OF HAWAII

| | |
|---|---|
| KIRK FISHER,<br><br>　　　　　Plaintiff,<br>vs.<br><br>LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; PAUL PUTZULU, as an individual and in his official capacity as former Honolulu Acting Chief of Police; and CITY AND COUNTY OF HONOLULU,<br>　　　　　Defendants. | Civ. No. 11-00589 ACK-BMK<br>Memorandum in Support of Motion |

<u>Memorandum in Support of Motion</u>

Pursuant to Rule 7 (b) of the Federal Rules of Civil Procedure and Local Rule 7, Hawaii Defense Foundation respectfully requests this Court grant leave to file an amicus curiae brief in support of the Plaintiff in this matter. The proposed brief is set forth as Exhibit "B" for the convenience of the Court and counsel. As set forth in the Declaration of Alan Beck, all parties were asked for consent for the Hawaii Defense Foundation to participate as *amicus curiae*. Plaintiff has provided consent but the Defendant has not. Nevertheless, as supported by the legal authorities set forth below, this Court

should grant this motion. As such and as set forth below, this Court has broad discretion to grant amicus status to the Hawaii Defense Foundation and it is urged to grant this motion

## I. IDENTITY OF AMICUS CURIAE

The Hawaii Defense Foundation is a non-profit member organization incorporated under the laws of the State of Hawaii with its principal place of business in Honolulu, Hawaii.  Hawaii Defense Foundation promotes legislative and legal action, as well as research, publishing, and advocacy, in support of people's civil liberties. Its current litigation includes both First and Second Amendment matters and it also serves the community by teaching low cost gun safety classes. The Hawaii Defense Foundation currently sponsors two civil rights cases that originate out of the same District Court as *Fisher v. Kealoha et. al.* One of those cases, *Baker v. Kealoha et. al.,* was heard by the same District Court Judge and is before now on appeal. It covers many of the same issues as those covered in *Fisher v. Kealoha*.  Both deal with a Second Amendment matter and raises procedural due process as a central claim. As such, the Hawaii Defense Foundation has knowledge regarding this appeal which will be of assistance to the court in rendering a verdict.

## II. SUMMARY OF PROPOSED AMICUS BRIEF

The proposed brief[1] provides an overview of recent and longstanding Supreme Court Second Amendment jurisprudence and the policy considerations behind the Lautenberg Act. It also raises separate arguments in favor of the Plaintiff's position. Hawaii Revised Statute 134-2 violates the Equal Protection Clause because Plaintiff and other similarly situated individuals are treated unequally under the law without the government presenting a compelling reason for this treatment.

Hawaii's interpretation of Lautenberg is not only incorrect but unconstitutional. Lautenberg envisions the restoration of rights after a period. Now that the right to bear arms has been ruled a fundamental right, Lautenberg must be interpreted this way for it to survive heightened scrutiny either intermediate or strict because misdemeanor domestic violence is not an enumerated historical prohibition on the right to bear arms Mr. Fisher's 1997 conviction even if of violence or one satisfying Lautenberg is not a compelling reason to ban him from exercising a fundamental right for life.

H.R.S. § 134-2 violates the procedural due process of the 14th Amendment because the Chief of Police is given unbridled discretion to determine whether a conviction of H.R.S. § 711-1106(1)(a) (Hawaii's harassment statute) in cases like Mr. Fisher's constitutes a crime of domestic violence. Accordingly he has unbridled discretion to determine whether he will issue licenses to people in Mr. Fisher's position.

---

[1] Attached as Exhibit B

H.R.S. §134-2 constitutes a prior restraint on the right to bear arms of Hawaii citizens who have been convicted of Hawaii's harassment statute. . Individuals such as Mr. Fisher have their fundamental rights infringed upon based on a unsubstantiated possibility that their conviction was for domestic violence. Standards governing prior restraints must be "narrow, objective and definite." Shuttlesworth v. Birmingham, 394 U.S. 147, 151 (1969). H.R.S. §134-2 is none of these. Lastly, the brief will show how Monell liability has been established. The State of Hawaii has given the City via its official, Chief Kealoha, actual and final authority to establish policy in regards to denial of H.R.S. § 134-2 permits, for person's in Mr. Fisher's position via HRS Chapter 91. This has been adopted by the City through Chapter 1 Article 9 of the Revised Ordinances of Honolulu.

III. ARGUMENT

   A. Court has Broad Discretion to Authorize Amicus Parties

This Court has the discretion to grant this motion and allow the Hawaii Defense Foundation to file its brief. Hoptowit v. Ray, 682 F.2d 1237 (9th Cir. 1982). The classic role of amici curiae is three-fold: (1) assist in a case of general public interest; (2) to supplement the efforts of counsel; and (3) to draw the court's attention to law that escaped consideration.

The Hawaii Defense Foundation's brief accomplishes the three aims of this formulation. First, the brief puts Hawaii's law in the context of a broader national

patchwork quilt of lower court decisions following the McDonald decision. The Hawaii Defense Foundation brief will focus directly on several arguably dispositive issues that should assist the Court in the ultimate resolution of this lawsuit. Similarly, it provides a national view of the Hawaii statutes in question which should assist the Court in its analysis.

    B.  Hawaii Defense Foundation Brief Will Assist the Court

The Hawaii Defense Foundation's brief can help inform the Court with a sense of the national trends in this area of the law and help put Hawaii's statutes in context with other court's ruling regarding equal protection, procedural due process and the Second Amendment.

IV. CONCLUSION

Per the cited authorities, this Court has wide discretion to allow amicus status. The parties have been consulted and, with the exception of the Defendants, have consented to Hawaii Defense Foundation filing an amicus curiae brief in this matter. Hawaii Defense Foundation, therefore, respectfully requests this Court grant this motion and grant leave to file the proposed brief.

Respectfully submitted this 20th day of December, 2012,

By: /s/ Alan Beck
ALAN BECK Esq.
4780 Governor Drive
San Diego, California 92122
(619)971-0414