LAW OFFICES OF DONALD L. WILKERSON
A Law Corporation
DONALD L. WILKERSON     5730
1003 Bishop Street, Suite 703
Honolulu, Hawaii 96813
Telephone: (808) 533-4447
Facsimile: (808) 369-8289
Email: don@allislandslaw.com

TE-HINA ICKES          9012
1003 Bishop Street, Suite 703
Honolulu, Hawaii 96813
Telephone: (808) 533-4447
Facsimile: (808) 369-8289
Email: tehina@gmail.com

Attorneys for Plaintiff
KIRK C. FISHER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KIRK C. FISHER, | CIVIL NO. 11-00589 ACK/BMK |
| Plaintiff, | **PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION;** |
| vs. | **DECLARATION OF TE-HINA ICKES; EXHIBIT "1";** |
| LOUIS KEALOHA, in his individual capacity and his official capacity as Honolulu Chief of Police; PAUL PUTZULU, in his individual capacity and his official capacity as Honolulu Acting Chief of Police; CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT and DOE DEFENDANTS 1-50, | **CERTIFICATE OF SERVICE** |
| Defendants. | |

## PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION

Plaintiff, by and through his attorneys, hereby moves for a permanent injunction, pursuant to Fed. R. Civ. Pr. 65, based on the evidence presented to the Court at a hearing on June 14, 2012, and submit in support the Order Granting Plaintiff Kirk C. Fisher's Motion for Preliminary Injunction of June 29, 2012. See Exhibit "1".

This matter involves the deliberate denial of Plaintiff's constitutional rights to keep and bear arms.

Following the June 14, 2012, hearing and extensive briefing on Plaintiff's Motion for Preliminary Injunction, this Court issued its Order setting forth its reasons for GRANTING plaintiff's Motion.

This Court concluded (1) that Plaintiff is likely to establish statutory entitlement to firearm possession under Hawaii State law, Id. at 19; (2) that Plaintiff is likely to succeed in establishing that Harassment is not a misdemeanor crime of violence, thus demonstrating that he is not statutorily disqualified from firearm ownership pursuant to his Harassment conviction under state or federal law, Id. at 23; (3) that Defendants' denial of Plaintiff's application of a permit to acquire a firearm, as well as their order that Plaintiff relinquish all firearms and ammunition in his possession, impacted Plaintiff's constitutionally protected right to bear arms for self-defense in the home, Id. at 24-25; (4) that Plaintiff's

conviction for Harassment is not clearly a misdemeanor crime of violence pursuant to which Plaintiff would be statutorily disqualified from firearm ownership, Id. at 25 n. 21; (5) that Defendant's actions not only impacted Plaintiff's property interests with respect to future firearms ownership, but also denied Plaintiff of the enjoyment of property he already owned, Id. at 28; (6) that Plaintiff is likely to establish that he is not statutorily disqualified from firearm ownership based upon his conviction for Harassment under H.R.S. §711-1106(1)(a), and that Defendant's actions likely deprived Plaintiff of his 14th Amendment right to procedural due process, Id.; (7) that Plaintiff is likely to succeed on the merits with respect to his official capacity claims against Defendant KEALOHA based upon infringement of his 2nd Amendment and 14th Amendment right in violation of Section 1983, Id.; (8) that Plaintiff was deprived on a liberty and property interest, Id. at 31; and (9) that it is in the public interest to uphold Plaintiff's constitutional right to bear arms in self-defense within the home, Id. at 34.

This Court accordingly found that plaintiff was likely to succeed on the merits, Id. at 16, would be irreparably harmed in the preliminary injunction was not granted, Id. at 30, that the granting of the injunction was in the public interest, Id. at 33, and the balance of equities in granting of injunctive relief tips in Plaintiff's favor, Id. at 36.

Based on the reasons set forth in the Order of June 29, 2012, the Court issued an Order requiring Defendant KEALOHA to rescind the prior denial of Plaintiff's permit to acquire firearms and to issue a permit authorizing Plaintiff to acquire firearms. Id. at 36.

The argument presented in briefs and at the at the June 14, 2012, hearing is part of the record, and need not be repeated here.

WHEREFORE, Plaintiff requests, pursuant to Rule 65(a) of the Fed. R. Civ. P., that the preliminary injunction issued on June 29, 2012, be entered as a permanent injunction.

DATED: Honolulu, Hawaii, February 25, 2013.

　　　　　　　　　　　　　　　　　　 /s/ Te-Hina Ickes
　　　　　　　　　　　　　　　　　DONALD L. WILKERSON
　　　　　　　　　　　　　　　　　TE-HINA ICKES
　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　KIRK C. FISHER