IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KIRK C. FISHER, | ) | CIVIL NO. 11-00589 ACK/BMK |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM IN SUPPORT** |
| | ) | **OF MOTION FOR SUMMARY** |
| vs. | ) | **JUDGMENT** |
| | ) | |
| LOUIS KEALOHA, as an individual | ) | |
| and in his official capacity as Honolulu | ) | |
| Chief of Police; PAUL PUTZULU, as | ) | |
| an individual and in his official capacity | ) | |
| as former Honolulu Acting Chief of | ) | |
| Police; CITY AND COUNTY OF | ) | |
| HONOLULU; HONOLULU POLICE | ) | |
| DEPARTMENT and DOE | ) | |
| DEFENDANTS 1-50, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT**

## I.     INTRODUCTION

Defendants have deliberately deprived Mr. Fisher of his constitutional right

to keep and bear arms, notwithstanding Hawaii Revised Statutes ("H.R.S.")

Chapter 134 and 18 U.S.C. §§ 921 and 922.

The Second Amendment protects "the right of the people to keep and bear

Arms."  U.S. Const. amend II.  In 2010, the United States Supreme Court

1

specifically held that these rights are "fully" applicable to the states pursuant to the Fourteenth Amendment.  McDonald v. Chicago, 51 U.S. 3025, 130 S.Ct. 3020, 3026 (2010).  Accordingly, every American has the right to keep and bear arms. The right to keep and bear arms can only be denied when certain well-established criteria have been met.  In the instant matter, Defendants denied Mr. Fisher his Second Amendment rights without sufficient cause.

Plaintiff has made the following claims, as asserted in his Amended Complaint, filed June 14, 2012:

> Count I:  violations of the 2nd and 14th Amendments to the United States Constitution and 42 U.S.C. §1983 against all Defendants (the right to keep and bear arms)

> Count II.: violations of the 14th Amendment to the United States Constitution and 42 U.S.C. §1983 against all Defendants (the right to due process)

## II.    STATEMENT OF FACTS

Prior to October of 2009, Mr. Fisher owned and possessed firearms. However, when Mr. Fisher applied for a permit to acquire additional firearms in the fall of 2009, pursuant to H.R.S. §134-2, Defendants denied the application without providing Mr. Fisher a meaningful opportunity for further review.

More than ten years earlier, on December 3, 1997, Mr. Fisher had pled guilty to two counts of Harassment, in violation of H.R.S. §711-1106(1)(a),  in the

2

Family Court of the First Circuit, State of Hawaii, in the case of <u>State of Hawaii v.</u>

<u>Kirk C. Fisher</u>, FC-CR No. 97-3233.  The Harassment statute provides in relevant

part:

> **§711-1106 Harassment**. (1) A person commits the offense of
> harassment if, with intent to harass, annoy, or alarm any other
> person, that person:
>
> (a) Strikes, shoves, kicks, or otherwise touches another person
> in an offensive manner or subjects the other person to offensive
> physical contact . . .

Around this time, Mr. Fisher owned firearms, and transferred those firearms

to the Honolulu Police Department (hereinafter "HPD") pursuant to the Family

Court Order implementing H.R.S. §806-11 and 134-7.

Following his guilty plea, Mr. Fisher was placed on probation for a period

of six months, and was ordered to surrender all firearms, ammunition, permits and

licenses to HPD pursuant to the order in that case.

On November 4, 1998, Honorable Dan Kochi issued an "Order Permitting

Return of Firearms, Ammunition, Permits and Licenses, With Conditions," and

ordered the return of Mr. Fisher's firearms.  Following this order, Defendant HPD

promptly returned Mr. Fisher's firearms.

More than ten years later, in the fall of 2009, Mr. Fisher submitted an

application to Defendant HPD to acquire an additional firearm.  Defendant Putzulu

denied the application on October 1, 2009.  Defendant Putzulu further ordered Mr.

Fisher to surrender to the chief of police or otherwise lawfully dispose of his

firearms and ammunition within thirty (30) days, and Mr. Fisher complied.

Mr. Fisher contacted Defendant HPD and was informed that he was

disqualified because of the prior Harassment conviction in State of Hawaii v. Kirk

C. Fisher, FC-CR No. 97-3233.  Mr. Fisher was also informed by Defendant HPD

that it was their custom, practice and policy to review the police reports to

determine whether or not a defendant's alleged crime was a crime of violence.  At

this time, Mr. Fisher was further informed that Defendant Putzulu's decision was

final and there were no appellate remedies.

H.R.S. §134-7 provides in relevant part:

> (b) No person who is under indictment for, or has waived
> indictment for, or has been bound over to the circuit court for,
> or has been convicted in this State or elsewhere of having
> committed a felony, or any crime of violence, or an illegal sale
> of any drug shall own, possess, or control any firearm or
> ammunition therefore.

H.R.S. §134-7(b) (emphasis added).  The text of §134-7(b) remains unchanged

since the time of Mr. Fisher's guilty plea, sentencing, and the order returning his

firearms in 1997-1998.  See H.R.S. §134-7(b).  The term "crime of violence" is

defined as "any offense, as defined in title 37, that involves injury or threat of

injury to the person of another." H.R.S. §134-1.  This definition also remains

unchanged since the 1997-1998 period where Mr. Fisher pled guilty and was

sentenced for harassment.  See H.R.S. §134-1.

On June 10, 2010, through undersigned counsel, Mr. Fisher filed a Motion

to Enforce Order Permitting Return of Firearms, Ammunition, Permits and

Licenses, with Conditions, in the Family Court of the First Circuit, State of Hawaii

FC-CR No. 97-3233.  Said Motion came on for hearing before the Honorable

Darryl Y.C. Choy in the Family Court of the First Circuit, State of Hawaii on June

22, 2010.  Said Motion was denied.  No Findings of Fact or Conclusions of Law

were entered.

On August 31, 2010, Mr. Fisher, through undersigned counsel, wrote to

Defendant Kealoha and requested that Defendant HPD grant his Application for

Permit to Acquire Firearms and to rescind the prior order instructing Mr. Fisher to

surrender of dispose of his firearms.

On September 29, 2010, Defendant Kealoha responded to Mr. Fisher's

inquiry by re-affirming Defendant Putzulu's prior denial of Mr. Fisher's

Application.

III.   **PROCEDURAL BACKGROUND**

Mr. Fisher, through undersigned counsel, filed the Complaint on September 28, 2011.

Mr. Fisher, through undersigned counsel, filed his Amended Complaint on June 14, 2012.  In the Amended Complaint, Mr. Fisher asserted two claims against Defendants for violation of his 2nd and 14th Amendment rights in violation of 42 U.S.C. §1983.  Mr. Fisher seeks the following relief: an order compelling Defendants to issue a permit authorizing Plaintiff to keep and bear arms; general and special damages; punitive and/or exemplary damages; attorneys' fees, costs, prejudgment and pos-judgment interest; and attorneys' fees pursuant to 42 U.S.C. §1988.

On March 19, 2012, Plaintiff filed a Motion for Preliminary Injunction. Defendants City and County of Honolulu and Louis Kealoha filed an opposition to the Motion on May 23, 2012.

The Court held a hearing on Plaintiff's Motion for Preliminary Injunction on Thursday, June 14, 2012.

On June 29, 2012, the Court entered its Order Granting Plaintiff Kirk C. Fisher's Motion for a Preliminary Injunction and ordered Defendant KEALOHA

to rescind the prior denial of Plaintiff's permit to acquire firearms and to issue a permit authorizing Plaintiff to acquire firearms.

On July 27, 2012, Defendants filed a Motion for Reconsideration of June 29, 2012, Order Granting Plaintiff Kirk C. Fisher's Motion for a Preliminary Injunction.  Plaintiff filed an opposition to the Motion on August 24, 2012.

On September 11, 2012, the Court entered its Order Denying Defendants' Motion for Reconsideration.

On October 1, 2012, Defendants filed a Notice of Appeal as to the June 29, 2012, Order Granting Plaintiff's Motion for Preliminary Injunction.

On October 31, 2012, the USCA entered an Order indicating that Defendants have voluntarily dismissed the appeal.

On February 25, 2013, Plaintiff filed his Motion for a Permanent Injunction. A hearing is scheduled for July 8, 2013.

**IV.    STANDARD OF REVIEW**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also, Porter v.

Cal. Dep't of Corrections, 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred

Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).  A primary purpose of summary

judgment is to dispose of factually unsupported claims and defenses.  Celotex

Corp. v. Catrett, 477 U.S. 317, 323-324 (1986).

The burden initially falls upon the moving party to identify for the court

those "portions of the materials on file that it believes demonstrate the absence of

any genuine issue of material fact."  T.W. Elec. Serv., Inc. v. Pac. Elec.

Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477

U.S. at 323).

Once the moving party has carried its burden under Rule 56, the nonmoving

party "must set forth specific facts showing that there is a genuine issue for trial"

and may not rely on the mere allegations in the pleadings.  Porter, 419 F.3d at 891

(*citations omitted*).  "A scintilla of evidence of evidence that is merely colorable or

not significantly probative does not present a genuine issue of material fact."

Addisu, 198 F.3d at 1134.

When "direct evidence" produced by the moving party conflicts with "direct

evidence" produced by the party opposing summary judgment, "the judge must

assume the truth of the evidence set forth by the nonmoving party with respect to

that fact."  T.W. Elec. Serv., 809 F.2d at 631.  In other words, evidence and

8

inferences must be construed in the light most favorable to the nonmoving party.

Porter, 419 F.3d at 891.  The court does not make credibility determinations or

weigh conflicting evidence at the summary judgment stage.  Id.  However,

inferences may be drawn from underlying facts not in dispute, as well as from

disputed facts that the judge is required to resolve in favor of the nonmoving party.

T.W. Elec. Serv., 809 F.2d at 631.

## V.    DISCUSSION

### A.    Defendants violated Mr. Fisher's constitutional rights and are liable under 42 U.S.C. §1983

In order to establish a 42 U.S.C. §1983 claim, courts have required plaintiffs

to "plead that (1) the defendants acting under color of state law (2) deprived

plaintiffs of rights secured by the Constitution or federal statutes." Gibson v.

United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

"[M]unicipalities and other local government units ... [are] among those

persons to whom §1983 applies." Monell v. Dep't of Soc. Servs., 436 U.S. 658,

690 (1978).  Counties are also persons for purposes of §1983.  See Miranda v.

Clark County, Nev., 319 F.3d 465, 469 (9th Cir. 2003) (en banc).  Municipal

government officials are persons for purposes of §1983.  Monell, 436 U.S. at 691

n.55.

9

Here, Defendant Kealoha was a municipal officer with final decision-making authority.  In fact, Defendant Kealoha, in his role as chief of police in the City and County of Honolulu, is and was designated by statute as the individual responsible for granting or denying permits to acquire firearms.  See H.R.S. §134-2(d) ("the chief of police of the respective counties may issue permits to acquire").

Defendants admit that the City and County of Honolulu is a municipal corporation.  ECF No. 40.  Defendants further admit that Defendant Kealoha was and is the Chief of Police for HPD.  Id.

Here, Plaintiff has sufficiently plead and proved that (1) defendants were acting under color of state law; and (2) deprived plaintiff of his constitutional rights.

The Court agrees that Mr. Fisher is likely to succeed in proving that his constitutional rights have been violated.

### *Mr. Fisher's Second Amendment right has been unduly restricted*

The Second Amendment protects the "right of the people to keep and bear arms."  U.S. Const. amend. II.  The core of the Second Amendment is the right to self-defense.  District of Colombia v. Heller, 554 U.S. 570, 592 (2008).   In Heller, the Supreme Court invalidated a D.C. ban on handgun possession, as well as its requirement that all firearms in the home be kept inoperable.  Heller, 554 U.S. at

629-35.  "The Court said that these laws were unconstitutional '[u]nder any ... standard[] of scrutiny' because 'the inherent right to self-defense has been central to the Second Amendment right' and the District's restrictions 'extend[] ... to the home, where the need for defense of self, family, and property is most acute.'"

Ezell v. Chicago, 651 F.3d 684, 701 (citing Heller 554 U.S. at 628-629.)  Clearly, the Supreme Court has recognized a right to possess and carry guns.

In the instant matter, Defendants denied Mr. Fisher his 2nd Amendment rights without sufficient cause.  The denial of Mr. Fisher's application for a permit to acquire, ad further order to surrender, firearms, violated Mr. Fisher of the fundamental constitutional rights guaranteed by the 2nd Amendment and made applicable to the states by the 14th Amendment to the United States Constitution as Mr. Fisher was deprived of any means to protect himself, and deprived of the personal use and enjoyment of firearms.

### Mr. Fisher has been denied Due Process of law

The text of the due process clause - "nor shall any State deprive any person of life, liberty, or property without due process of law" requires procedural safeguards to accompany substantive choices.  U.S. Const. amend. XIV.

When analyzing procedural due process the court should apply the three factor test articulated by the Supreme Court in Mathews v. Elridge, 424 U.S. 319

(1976).  There, the Supreme Court stated that in order to determine the adequacy of due process, the following should be considered: "[t]he private interest that will be affected by the official action; second, the risk of any erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and, finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional substitute procedural requirement would entail."  Id.

Mr. Fisher's liberty and property interests has been unduly restricted.

Other than completing a basic form application, an applicant has no opportunity to participate in the decision-making process; to present his or her position on whether the application should be issued; or to demonstrate his or her fitness and/or qualifications.

Furthermore, if an application is denied, there are no means by which the applicant can seek review of the police chief's decision.  Thus, all Hawaii citizens, including Mr. Fisher, whose application was wrongfully denied, are deprived of minimal protections of due process of law as there is no means to have the police chief's decisions reviewed by operation of any administrative procedure or judicial process.

***Order Granting Plaintiff Kirk C. Fisher's Motion for a Preliminary Injunction***

Following the June 14, 2012, hearing and extensive briefing on Plaintiff's Motion for Preliminary Injunction, this Court issued an Order setting forth its reasons for GRANTING plaintiff's Motion.  <u>See</u> Exhibit "1".

This Court concluded (1) that Plaintiff is likely to establish statutory entitlement to firearm possession under Hawaii State law, <u>Id</u>. at 19; (2) that Plaintiff is likely to succeed in establishing that Harassment is not a misdemeanor crime of violence, thus demonstrating that he is not statutorily disqualified from firearm ownership pursuant to his Harassment conviction under state or federal law, <u>Id</u>. at 23; (3) that Defendants' denial of Plaintiff's application of a permit to acquire a firearm, as well as their order that Plaintiff relinquish all firearms and ammunition in his possession, impacted Plaintiff's constitutionally protected right to bear arms for self-defense in the home, <u>Id</u>. at 24-25; (4) that Plaintiff's conviction for Harassment is not clearly a misdemeanor crime of violence pursuant to which Plaintiff would be statutorily disqualified from firearm ownership, <u>Id</u>. at 25 n. 21; (5) that Defendant's actions not only impacted Plaintiff's property interests with respect to future firearms ownership, but also denied Plaintiff of the enjoyment of property he already owned, <u>Id</u>. at 28; (6) that

13

Plaintiff is likely to establish that he is not statutorily disqualified from firearm ownership based upon his conviction for Harassment under H.R.S. §711-1106(1)(a), and that Defendant's actions likely deprived Plaintiff of his 14th Amendment right to procedural due process, Id.; (7) that Plaintiff is likely to succeed on the merits with respect to his official capacity claims against Defendant KEALOHA based upon infringement of his 2nd Amendment and 14th Amendment right in violation of Section 1983, Id.; (8) that Plaintiff was deprived on a liberty and property interest, Id. at 31; and (9) that it is in the public interest to uphold Plaintiff's constitutional right to bear arms in self-defense within the home, Id. at 34.

Based on the facts and argument presented to the Court, this Court accordingly found that plaintiff was likely to succeed on the merits of the case.  Id. at 16 and 28.

The argument presented in briefs and at the at the June 14, 2012, hearing is part of the record, and need not be repeated here.

/

/

/

/

14

III.    **CONCLUSION**

Based on the foregoing and the records and files in this case, Plaintiff KIRK

C. FISHER respectfully requests that his Motion for Summary Judgment be

**GRANTED**.

DATED: Honolulu, Hawaii, February 25, 2013.

_/s/ Te-Hina Ickes_
DONALD L. WILKERSON
TE-HINA ICKES
Attorneys for Plaintiff
KIRK C. FISHER