IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KIRK C. FISHER,  )<br>  )<br>    Plaintiff,  )<br>  )<br>  vs.  )<br>  )<br>LOUIS KEALOHA, as an individual and )<br>in his official capacity Honolulu  Chief  )<br>of Police; PAUL PUTZULU, as an  )<br>individual and in his official capacity as  )<br>former Acting Honolulu Chief of Police; )<br>CITY AND COUNTY OF  )<br>HONOLULU,  )<br>  )<br>    Defendants  )<br>_____ ) | CIVIL NO. 11-00589 ACK-BMK<br><br><br><br>**MEMORANDUM IN SUPPORT<br>OF MOTION** |

## MEMORANDUM IN SUPPORT OF MOTION

Pursuant to Fed. R. Civ. P. 7(b) and L.R. 7, the Brady Center to Prevent Gun Violence ("Brady Center") respectfully seeks leave to file a brief as *amicus curiae* in support of Defendants and to participate in oral argument on August 12, 2013.  The Brady Center would file its brief no later than July 22, 2013. As set forth in the Declaration of Mark M. Murakami, all parties were asked to consent to the participation of the Brady Center as *amicus curiae*, and stated that they do not object.  Moreover, as supported by the legal authorities set forth below,

209616

this Court should grant this motion. Additionally, the Brady Center requests to participate in oral argument at the summary judgment hearing set for August 12, 2013.

## I. IDENTITY OF AMICUS CURIAE

The Brady Center is the nation's largest non-partisan, non-profit organization dedicated to reducing gun violence through education, research, and legal advocacy. Through its Legal Action Project, the Brady Center has filed numerous briefs *amicus curiae* in cases involving both state and federal gun laws, including cases involving restrictions on the ability of convicted criminals to access firearms. *See, e.g.*, *McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010); *United States v. Hayes*, 129 S. Ct. 1079 (citing amicus brief of Brady Center); *District of Columbia v. Heller*, 554 U.S. 570 (2008); *Baker v. Kealoha*, Civ. No. 11-0528 ACK-KSC (D. Haw. Feb. 23, 2012) (Kay, J.) (granting Brady Center's motion for leave to file an amicus curiae brief).

## II. SUMMARY OF PROPOSED AMICUS BRIEF

The proposed amicus brief will focus on two issues raised by the plaintiff in this action. First, the brief will examine whether a conviction for harassment under H.R.S. 711-1106(1)(a) qualifies as a "crime of violence" that disqualifies an individual from owning a firearm or ammunition under H.R.S. 134-7. The brief will review the language and history of Section 134-7, and will

examine court opinions in other jurisdictions across the country that have dealt with the issue. The brief also examines the policy reasons for Section 134-7 and similar statutes, and the impact of allowing people convicted of harassment to own firearms. The brief will conclude that the plaintiff's harassment conviction qualifies as a crime of violence under H.R.S. 134-7, and therefore the Court should deny the plaintiff's motions for permanent injunction and summary judgment.

Second, the brief will address the procedural due process implications of the Honolulu Police Department's actions regarding the plaintiff's application for a permit to acquire. The brief will evaluate the nature, if any, of the plaintiff's claimed Second Amendment rights implicated here, and consider the procedures provided to the plaintiff under the framework used in *Mathews v. Eldridge*, 424 U.S. 319 (1976), and other cases. The brief will conclude that procedural due process is not implicated when a person lacking Second Amendment rights due to a conviction for a crime of violence, as discussed in the first part of the brief, is refused a permit to acquire. In the alternative, the brief will conclude that even if liberty and/or property interests were implicated here, the process provided to plaintiff comported with any procedural due process requirements.

### III. THE COURT SHOULD GRANT BRADY CENTER'S UNOPPOSED MOTION FOR LEAVE TO FILE AN AMICUS BRIEF

The Brady Center has participated in Second Amendment litigation throughout the nation, including the seminal cases of *McDonald* and *Heller*. As

Second Amendment litigation is relatively infrequent in Hawaii, the Brady Center's brief may help provide a sense of the national trends in this area of the law and help put Hawaii's statutes in context with other states' laws governing ownership of firearms.  As Judge Kay wrote when he granted Brady Center's motion to file an amicus brief in another case last year, "the Brady Center will provide the Court with information regarding national trends, and will also contribute substantive legal arguments to a discussion that may focus on procedural issues."  *Baker v. Kealoha*, Civ. No. 11-0528 ACK-KSC (D. Haw. Feb. 23, 2012).  We respectfully submit that the Brady Center's brief here will be consistent with that rationale.

## IV.   CONCLUSION

For the reasons stated above, the Brady Center respectfully requests this Court grant this motion for leave to file an amicus brief and to participate in oral argument, either in person or via telephone.

DATED: Honolulu, Hawaii, July 12, 2013

        DAMON KEY LEONG KUPCHAK
        HASTERT and COVINGTON &
        BURLING LLP


        */s/ Mark M. Murakami*

        MARK M. MURAKAMI

209616

                          JEFF KOSSEFF
                          PHILLIP A. RUBIN
                          Attorneys for Amicus Curiae
                          **BRADY CENTER TO PREVENT GUN VIOLENCE**

209616