DONNA Y. L. LEONG, 3226
Corporation Counsel

D. SCOTT DODD, 6811
Deputy Corporation Counsel
Department of the Corporation Counsel
City and County of Honolulu
Honolulu Hale, Room 110
530 South King Street
Honolulu, Hawai‘i  96813
Telephone: (808) 768-5129
Facsimile: (808) 768-5105
E-mail address:  dsdodd@honolulu.gov

Attorneys for City Defendants
LOUIS KEALOHA and the
CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| KIRK C. FISHER, | CIVIL NO. CV11 00589 ACK-BMK |
| | (Other Civil Action) |
| Plaintiff, | |
| vs. | DEFENDANTS LOUIS KEALOHA AND CITY AND COUNTY OF HONOLULU'S SEPARATE AND CONCISE COUNTER-STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF THOMAS T. NITTA; DECLARATION OF GORDON MAKISHIMA; EXHIBITS "A" – "D"; DECLARATION OF WALTER CALISTRO; CERTIFICATE OF SERVICE |
| LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; PAUL PUTZULU, as an individual and in his official capacity as former Honolulu Acting Chief of Police; CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT and DOE DEFENDANTS 1-50, | |
| Defendants. | |

|  | ) Hearing: |
|---|---|
|  | ) |
|  | ) Date: August 12, 2013 |
|  | ) Time: 10:00 a.m. |
|  | ) Judge: Honorable. Alan C. Kay |
|  | ) |
|  | ) |
|  | ) Trial Date: None Set |
|  | ) Judge: Honorable Alan C. Kay |
| _____ | ) |

**DEFENDANTS LOUIS KEALOHA AND CITY AND
COUNTY OF HONOLULU'S SEPARATE AND CONCISE
COUNTER-STATEMENT OF FACTS IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56.1 of the Local Rules of Practice for the United States District Court for the District of Hawai'i, Defendants LOUIS KEALOHA and CITY AND COUNTY OF HONOLULU (hereinafter "City Defendants") hereby submit their Separate and Concise Counter-Statement of Material Facts in opposition to Plaintiff's Motion for Summary Judgment, filed on February 25, 2013 (Doc. No. 77).

| FACTS | EVIDENTIARY SUPPORT |
|---|---|
| 1. Objection. Not complete. Disputed in part. Defendants admit that Plaintiff pleaded guilty and was convicted of Harassment, and was sentenced to six months probation; however, Plaintiff fails to mention the terms placed upon his probation. | Exhibits "A" through "F" (Docs 39-4 through 39-9, attached to the City Defendants' Motion for Reconsideration, filed July 27, 2012 |

2

| FACTS | EVIDENTIARY SUPPORT |
|---|---|
| 2.  Undisputed. | |
| 3.  Undisputed. | |
| 4.  Undisputed. | |
| 5.  Undisputed. | |
| 6.  Undisputed. | |
| 7.  Undisputed. | |
| 8. Objection.  Hearsay, misstates evidence.  Disputed in part.  Plaintiff was informed that if he did not voluntarily surrender or otherwise lawfully dispose of all firearms and ammunition that he possessed, the "chief of police will take action to seize them in accordance with [Section 134, H.R.S.]." | Doc. 78-5. |
| 9.  Undisputed. | |
| 10. Objection.  Hearsay, misstates evidence.  Disputed in part.  Plaintiff was informed that "[t]he investigation revealed that you are disqualified from firearms ownership or possession under the provisions of the Hawaii Revised Statutes (HRS), section 134-7." | Doc. 78-5. |
| 11. Objection.  Hearsay and misstates or mischaracterizes evidence.  Disputed in part.  Plaintiff fails to mention who actually informed him that it was HPD's "custom, policy or practice" to review police reports, so the Defendants are unable to adduce evidence that such never occurred.  Further, firearms permit applicants are in fact able to seek reconsideration of a denial of their permit application. | Nitta Dec., ¶¶ 13, 14. |
| 12. Objection.  Hearsay and misstates or mischaracterizes evidence.  Disputed in part.  Firearms permit applicants are in fact able to seek reconsideration of a denial of their permit application. | Nitta Dec., ¶¶ 13, 14. |
| 13. Undisputed. | |
| 14. Undisputed. | |
| 15. Undisputed. | |
| 16. Undisputed. | |

## ADDITIONAL FACTS OPPOSING SUMMARY JUDGMENT AND IN SUPPORT OF CITY DEFENDANTS

| | |
|---|---|
| 1. Plaintiff was involved in an argument with his wife and daughter on November 5, 1997, and Plaintiff was arrested for two counts of Abuse of a Household Member under H.R.S. § 709-906. | Calistro, Makishima, *generally*. |
| 2. On November 5, 1997, Plaintiff used physical force in a crime of violence against his wife Colette and daughter Nicole, and was later convicted of Harassment under H.R.S. § 711-1106(1)(a). | Calistro, ¶¶ 6, 7; Makishima, ¶¶ 6-12, Exhibits "A" through "D" |
| 3. When a firearms application permit is received, HPD runs a background check on the individual making the application. If an applicant has been convicted of a crime of violence, HPD will deny the application. If an applicant has been convicted of the crime of Harassment, HPD will attempt to determine if the particular conviction involved violent behavior, specifically, the use of physical force, and whether such violence occurred within a domestic relationship. | Nitta, ¶ 9. |
| 4. If it can be adequately determined that an applicant's conviction for Harassment includes violent behavior which involves the use of physical force against the victim, or includes such violent behavior in a domestic relationship, HPD will deny the application for a firearms permit. | Nitta, ¶ 10. |
| 5. When HPD received Mr. Fisher's application for a firearms permit, it ran a background check on Mr. Fisher, and the police reports of the incident which occurred on November 5, 1997 were reviewed. The police reports indicated that Mr. Fisher had engaged in conduct which included violent behavior involving the use of physical force against his wife and daughter. | Nitta, ¶ 11. |
| 6. As it was apparent that Mr. Fisher's conviction of Harassment included violent behavior involving the use of physical force against his wife and daughter, it was determined that Mr. Fisher's firearms permit application should be denied, and on October 1, 2009, correspondence was sent to Mr. Fisher informing him of the denial of his permit application. | Nitta, ¶ 12. |

| | |
|---|---|
| 7. Mr. Fisher, as any applicant whose firearms application permit is denied, is always able to reapply, at no additional charge, and to submit further information to HPD for further consideration of his application. HPD takes all such requests for reconsideration of a permit application seriously, and will re-evaluate all information originally available, and review any additional information submitted by the applicant. | Nitta, ¶ 13. |
| 8. In this case, Mr. Fisher submitted a request for reconsideration of the denial of his firearms permit application. Mr. Fisher's attorney sent Chief Kealoha a letter dated August 31, 2010 demanding that HPD grant Mr. Fisher's firearms permit application. Upon receipt of Mr. Wilkerson's letter, HPD reviewed its original investigation of his firearms permit application, and its initial decision to deny Mr. Fisher's firearms permit application. Upon reconsideration, HPD determined that it had made the correct decision when it had previously denied his firearms permit application, and informed Mr. Wilkerson via letter dated September 29, 2010 that it stood by the denial of his firearms permit application. Mr. Fisher could also have applied to the State of Hawai'i's Department of the Attorney General and requested to have his record expunged. | Nitta, ¶ 12. |

DATED: Honolulu, Hawaiʻi, July 22, 2013.

                              DONNA Y. L. LEONG
                              Corporation Counsel


                     By:  /s/ D. Scott Dodd
                              D. SCOTT DODD
                              Deputy Corporation Counsel

                              Attorney for City Defendants
                              LOUIS KEALOHA, and the
                              CITY AND COUNTY OF
                              HONOLULU

**11-05983/291725**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CIVIL NO. 11-CV-00561-LEK-RLP; <u>KIRK C. FISHER, vs. LOUIS KEALOHA, ET AL.</u>; DEFENDANTS LOUIS KEALOHA AND CITY AND COUNTY OF HONOLULU'S SEPARATE AND CONCISE COUNTER-STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF THOMAS T. NITTA; DECLARATION OF GORDON MAKISHIMA; EXHIBITS "B" – "D"; DECLARATION OF WALTER CALISTRO; CERTIFICATE OF SERVICE