LAW OFFICES OF DONALD L. WILKERSON
A Law Corporation
DONALD L. WILKERSON      5730
1003 Bishop Street, Suite 703
Honolulu, Hawaii 96813
Telephone: (808) 533-4447
Facsimile: (808) 369-8289
Email: don@allislandslaw.com

TE-HINA ICKES           9012
1003 Bishop Street, Suite 703
Honolulu, Hawaii 96813
Telephone: (808) 533-4447
Facsimile: (808) 369-8289
Email: tehina@gmail.com

Attorneys for Plaintiff
KIRK C. FISHER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KIRK C. FISHER, | CIVIL NO.  11-00589 ACK/BMK |
| Plaintiff, | **PLAINTIFF KIRK C. FISHER'S REPLY TO DEFENDANTS CITY AND COUNTY OF HONOLULU AND LOUIS KEALOHA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, FILED MARCH 19, 2012; CERTIFICATE OF SERVICE** |
| vs. | |
| LOUIS KEALOHA, in his individual capacity and his official capacity as Honolulu Chief of Police; PAUL PUTZULU, in his individual capacity and his official capacity as Honolulu Acting Chief of Police; CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT and DOE DEFENDANTS 1-50, | |
| | **Hearing:** |
| | Date: August 12, 2013 |
| | Time: 10:00 a.m. |
| Defendants. | **Judge: The Honorable Alan C. Kay** |
| _____ | **No Trial Week** |

# PLAINTIFF KIRK C. FISHER'S REPLY TO DEFENDANTS LOUIS KEALOHA AND THE CITY AND COUNTY OF HONOLULU'S MEMORANDUM IN OPPOSITION TO PLAINTIFF KIRK C. FISHER'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR PERMANENT INJUNCTION

## I.   INTRODUCTION

On July 22, 2013, Defendants filed a Memorandum in Opposition to the Motion for Summary Judgment and Motion for Permanent Injunction filed by Plaintiff Kirk C. Fisher.

Defendants' contentions in their memorandum are factually and/or legally incorrect, as is discussed below.  Since Defendants have failed to raised any **genuine** issue of material fact in opposition to Plaintiff's Motion for Summary Judgment, the motion should be granted.  See Celotex Corp. V. Catrett, 477 U.S. 317, 323-324 (1986).

Furthermore, Defendants' have failed to raise any persuasive factual or legal bases in to deny Plaintiff's Motion for Permanent Injunction pursuant to Fed. R. Civ. Pr. 65.

## II.   DISCUSSION

### A.   Even under the Modified Categorical Approach, Plaintiff is not Statutorily Disqualified from Firearms Ownership

In their Opposition, Defendants ask the Court to apply the "modified categorical approach" to determine whether Plaintiff is statutorily disqualified

2

from firearm ownership. (Memo. in Opp. to Mot. for Summ. Judg. and for Perm. Inj. at 4). Even analyzed under the "modified categorical approach", it is clear in this case that Plaintiff is not disqualified under state or federal law.

Under the modified categorical approach the analysis is limited to "the [(1)]statutory definition, [(2)]charging document, [(3)]written plea agreement, [(4)]transcript of plea colloquy, and [(5)]any explicit finding by the trial judge to which the defendant assented." Shepard v. United States, 544 U.S. 13, 16 (2005). The Court is permitted to look beyond the statute of conviction and consult "**reliable judicial records**". United State v. Hayes, 526 F.3d 674, 676 (10th Cir. 2008).

(1) The statutory definition of Harassment, H.R.S. §711-1106(1)(a) encompasses of broad range of conduct. "Injury" and "threat of injury" are not elements of H.R.S. §711-1106(1)(a). "Use of physical force" and "attempted use of physical force" are not elements of H.R.S. §711-1106(1)(a). The statutory definition of H.R.S. §711-1106(1)(a) encompasses less violent behavior that "injury or threat of injury" as set forth in H.R.S. Chapter 134 and/or "use or attempted use of physical force" as set forth in 18 U.S.C. 921(a)(33), thus it has too broad a scope to qualify as a crime of violence under state law and/or a misdemeanor crime of violence under federal law.

In its June 29, 2012, Order, this Court agreed that it is possible for a

defendant to be convicted for Harassment under H.R.S. §711-1106(1)(a) for behavior that does not include injury, threat of injury, use of physical force, and/or threatened use of physical force.

Furthermore, H.R.S. §134-1 and 18 U.S.C. §921 do not contemplate what one was arrested for, but rather what one has been convicted of.  Here, Plaintiff was never convicted of a crime of violence as defined by H.R.S. §134-1, not was he convicted of a misdemeanor crime of violence defined by 18 U.S.C. §921. Therefore, he has met the objective criteria of H.R.S. §§134-1 and 134-7, and is not statutorily disqualified from firearms ownership.

(2) The charging document ("criminal complaint") simply charges Mr. Fisher with two counts of Harassment, in violation of H.R.S. §711-1106(1)(a). The language contained in the criminal complaint tracks the language of the Harassment statute and charges Mr. Fisher "with intent to harass, annoy, or alarm ... did strike, shove, kick, or otherwise touch ... in an offensive manner, or subject [one] to offensive physical contact." See ECF No. 39-4.

(3) There was no written plea agreement in State of Hawaii v. Kirk C. Fisher, FC-CR No. 97-3233.  On December 3, 1997, Mr. Fisher pled guilty to two counts of Harassment in violation of H.R.S. §711-1106(1)(a), and was sentenced to six (6) months probation.

(4) There are no transcripts or audio recordings of a plea colloquy. The

4

change of plea/sentencing hearing was held on December 3, 1997.  Per judiciary retention statutes, the retention period for FC-CR hearings is ten (10) years after trial has commenced.  These records would have been destroyed in around December 2007.

(5) There are no explicit findings by the trial/sentencing judge to which Mr. Fisher assented.  The change of plea/sentencing hearing was held on December 3, 1997.  Per judiciary retention statutes, the retention period for FC-CR hearings is ten (10) years after trial has commenced.  These records would have been destroyed in around December 2007.

Here, Defendants attempt to persuade this court with declarations of a prosecuting attorney and two Honolulu Police Department (HPD) officers and other excerpts of the HPD reports prepared relative to Mr. Fisher's arrest in November 1997.  Their reliance on these documents is misplaced as these documents are wholly unreliable.  These documents should not be considered by this Court in determining whether Mr. Fisher was ever convicted of a crime of violence.  As discussed above, the Court's inquiry under the modified categorical approach is limited to judicial documents of sufficient reliability.  The available and reliable judicial documents in this case clearly indicate that Mr. Fisher was never **convicted** of a crime of violence.

In United States v. Serrao, 301 F.Supp.2d 1142 (Haw. 2004) (following

United States v. Sweeten, 933 F.2d 765 (9th Cir. 1991)), the Court considered a prosecuting attorney's declaration to determine whether the record submitted "clearly establish[es]" that the prior offenses involved the use of physical force. Sweeten, 933 F.2d at 769.  It is the Government's burden to establish what a defendant "actually admitted in a plea." Serrao, 301 F.Supp.2d at 1146 (citing United States v. Franklin, 235 F.3d 1165, 1165 (9th Cir. 2000) (permitting review of documents to determine whether defendant "plead [sic] guilty, to all the requisite facts")).

In the present case, Defendants incorporate by reference the Declaration of Deputy Prosecuting Attorney Charlene Ikeda , nearly fifteen (15) years later.  See ECF No. 39-2.  Ikeda's declaration does not address the facts upon which Mr. Fisher based his plea or whether Mr. Fisher pled based on the facts alleged in the initial Family Court complaint.  The Serrao court noted importantly that "the key inquiry is what [the defendant] admitted while pleading, not what the prosecutor intended and understood him to be admitting."  Id. at 1146.  In the present case, the record in State v. Fisher, FC-CR No. 97-3233 does not "clearly establish" the facts to which Mr. Fisher pled guilty.

Relying on Serrao and Sweeten, Defendants want this Court to rely on the Declaration of the HPD officers.  These Declarations are prepared nearly sixteen (16) years later.  These declarations DO NOT address Mr. Fisher's conviction or

the facts, if any, admitted by Mr. Fisher at his change of plea. As noted in Serrao, **"the key inquiry is what [a defendant] admitted while pleading**." Id. at 1146. The HPD officers' declarations should be completely disregarded as they have no bearing whatsoever on Mr. Fisher's conviction.

### B.      Harassment Under Hawaii's Statute IS NOT Categorically a Crime of Violence

The only thing "clear" about the Hawaii Harassment statute is that it is broad enough to cover both violent crimes, such as striking a victim, and also non-violent crimes, such as spitting on a victim. See United States v Maldonado-Lopez, 517 F.3d 1207, 1209 (10th Cir. 2008); United States v. Herrera, 286 F.Appx. 546, 553 (2008).

This Court agrees that it is possible for a defendant to be convicted for Harassment under H.R.S. §711-1106(1)(a) for behavior that does not include injury, threat of injury, use of physical force, and/or threatened use of physical force. See ECF No. 35 at 23.

Because H.R.S. §711-1106(1)(a) encompasses both violent and non-violent conduct, it cannot be a categorical crime of violence.

### C.      Plaintiff is not asking for "Blanket Determination" that Harassment Convictions Cannot Serve to Disqualify a Person from Acquiring Firearms

The relief sought by Plaintiff clearly DOES NOT include an Order from this

7

Court making a "blanket determination" that Harassment convictions cannot serve to disqualify a person from acquiring firearms.  Defendants inexplicably discuss the public policy considerations against this Court making such a "blanket determination".

The June 29, 2012, Order of this Court unambiguously indicates that it is not ruling on the Hawaii harassment statute itself, but rather that in this particular case, Mr. Fisher is not statutorily disqualified.  The "granting [of Mr. Fisher's] request for a preliminary injunction . . . and an order directing HPD to grant Plaintiff's permit to acquire would not extend to any applicants other than Plaintiff."  See ECF No. 35 at 34.

### D.     Mr. Fisher IS NOT Disqualified from Second Amendment Rights

As discussed above, and at length in Plaintiff's Motion for a Preliminary Injunction (See ECF No. 18-2), Mr. Fisher is not statutorily disqualified from firearms ownership under state or federal law.  The Court agreed that Mr. Fisher was likely to succeed on the merits of these arguments.  See ECF No. 35 at 19, 23, 24-25, 25 n.21, 28, 31.

Mr. Fisher's right to bear arms for self-defense within the home is well-established, and the Court cannot conclude that District of Columbia v. Heller, 554 U.S. 570 (2008) and its progeny leave room for doubt regarding this fundamental right.  Id. at 24.  In Heller the Supreme Court suggested that the core purpose of

2nd Amendment rights was to permit "law-abiding, responsible citizens to use arms in defense of hearth and home." Id. at 635. In the instant case, the Court noted that Defendants' denial of Plaintiff's application for a permit to acquire a firearm, as well as their order the Plaintiff relinquish all firearms and ammunition in his possession, impact Mr. Fisher's Constitutionally protected right to bear arms for self-defense in the home. See ECF No. 35 at 24-25. Furthermore, this Court found that Mr. Fisher's conviction for Harassment is not clearly a misdemeanor crime of violence pursuant to which Mr. Fisher would be statutorily disqualified form firearm ownership. See ECF No. 35 at 25 n.21.

So long as an applicant has met the objective criteria set forth in H.R.S. §134-2 and 134-7, HPD must issue the permit. Mr. Fisher has met the objective criteria, yet HPD denied him the permit. See ECF No. 78-1.

### E. Mr. Fisher has been Deprived Due Process for the Denial of his Application for a Permit to Acquire

Defendants argue that because Mr. Fisher's lawyer wrote a letter to HPD requesting re-consideration of the application for permit to acquire, Mr. Fisher was afforded Due Process. This assertion is exceedingly inaccurate.

Because Plaintiff has a clear 2nd Amendment right to bear arms within the home, Defendants' denial of this right without a meaningful opportunity to be heard or have the decision reviewed impacts Mr. Fisher's right to procedural Due

Process pursuant to the 14th Amendment.  See Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893 (1976).

Defendants fail to address the three factor Mathews test articulated by the U.S. Supreme Court to determine adequacy of due process.  (1) "[t]he private interest that will be affected by the official action"; (2) "the risk of any erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional substitute procedural requirement would entail."  Id.

Mr. Fisher's liberty and property interests are being unduly restricted.  Other than completing a basic form application, an applicant is afforded no opportunity to participate in the decision-making process; to present his position on whether the application should be issued; or to demonstrate his fitness and/or qualifications.  There is no means to have decisions reviewed by operation of any administrative procedure or judicial process.

In this case, H.R.S. §134-2 vests no discretion in the chief of police to determine whether an applicant is "qualified" so long as the applicant meets the objective criteria pursuant to H.R.S. §§134-2 and 134-7.  Section 134 presents a list of bases upon which an applicant is disqualified, none of which applies to Mr. Fisher.

The actions of Defendants have not only impacted Mr. Fisher's property interests with respect to future firearm ownership, but also denied him of the enjoyment of property that he already owned.  See ECF No. 35 at 28.

## III.   CONCLUSION

Based on the foregoing, and the records and files in this case, Plaintiff respectfully requests the permanent injunction issue and the Motion for Summary Judgment be **GRANTED.**

Dated: Honolulu, Hawaii, July 29, 2013.

                                              */s/ Te-Hina Ickes*
                                             DONALD L. WILKERSON
                                             TE-HINA ICKES
                                             Attorneys for Plaintiff
                                             KIRK C. FISHER