IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| KIRK C. FISHER, ) | CIVIL NO. CV11 00589 ACK-BMK |
| ) | (Other Civil Action) |
| Plaintiff, ) | |
| ) | |
| vs. ) | DECLARATION OF D. SCOTT |
| ) | DODD; EXHIBIT "E |
| LOUIS KEALOHA, as an individual ) | |
| and in his official capacity as Honolulu ) | |
| Chief of Police; PAUL PUTZULU, as ) | |
| an individual and in his official capacity ) | |
| as former Honolulu Acting Chief of ) | |
| Police; CITY AND COUNTY OF ) | |
| HONOLULU; HONOLULU POLICE ) | |
| DEPARTMENT and DOE ) | |
| DEFENDANTS 1-50, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## DECLARATION OF D. SCOTT DODD

I, D. SCOTT DOOD, pursuant to 28 U.S.C. Section 1746, declare that:

1. I am an attorney licensed to practice law in all of the courts of the State of Hawai'i and the United States District Court for the District of Hawai'i, and the Ninth Circuit Court of Appeals. I am a member in good standing of all of the aforementioned courts.

2. I am a Deputy corporation Counsel for the City and County of Honolulu and one of the deputies assigned to represent City Defendants, LOUIS KEALOHA and the CITY AND COUNTY OF HONOLULU.

3. I have personal knowledge and am competent to make the declarations below.

4. On July 22, 2013, City Defendants filed a separate and concise counter-statement of facts in opposition to plaintiff's motion for summary judgment.

5. City Defendants requests leave to add as a single exhibit, the condensed oral deposition of Plaintiff, as Exhibit "E", as the next Exhibit in order to those already submitted for the Separate and Concise Counter-Statement of Facts in Opposition to Plaintiff's Motion for Summary Judgment.

6. There should be little or no prejudice to the Plaintiff as the proposed exhibit is the Plaintiff's own deposition.

7. The document is vital as previously, Plaintiff argued that no look at the underlying facts of the crime Plaintiff committed was appropriate; however, in Plaintiff's Reply to the Defendants' opposition to his motion for summary judgment, Plaintiff is arguing that even if the Court can look at the facts underlying his criminal conviction, it can only look at 'reliable judicial records,' which do not include the police reports.

8. To the extent Plaintiff is now challenging the reliability of the police reports attached to the City Defendants' counter concise statement of facts in opposition to Plaintiff's motion for summary judgment, and claims that the Court should not consider

them, Plaintiff's deposition establishes that the information in those reports (at least the fact that Plaintiff shoved his wife) is reliable. *See*, Deposition of Kirk C. Fisher, pp. 33-34.

9. Prior to filing the instant motion, I requested Plaintiff's counsel Donald Wilkerson, Esq.'s position on the City Defendants' desire to add the requested exhibit to the City Defendants' counter concise statement of facts in opposition to Plaintiff's motion for summary judgment. On August 8, 2013, at approximately 9:12 a.m., I telephoned Mr. Wilkerson and left a voice mail message stating that the City Defendants wished to add Plaintiff's deposition transcript to the City Defendants' counter concise statement of facts in opposition to Plaintiff's motion for summary judgment. As of the filing of this motion, I have not received a response to that voice mail message.

Further Declarant sayeth naught.

> I DECLARE UNDER PENALTY OF PERJURY
> UNDER THE LAWS OF THE STATE OF HAWAI'I
> THE FOREGOING IS TRUE AND CORRECT.

DATED: Honolulu, Hawai'i, August 8, 2013.

By: /s/ D. Scott Dodd
D. SCOTT DODD

**11-07807/294590**