# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CV NO. 11-00589 ACK-BMK |
| CASE NAME: | <u>Fisher v. Kealoha et al.</u> |
| ATTYS FOR PLA: | Donald L. Wilkerson & Te-Hina Ickes from Honolulu, HI |
| ATTYS FOR DEFT: | D. Scott Dodd & Mark Murakami from Honolulu, HI |
| ATTS For Amicus | Hawaii Defense Foundation:  Alan A. Beck from San Diego, CA |
| | Brady Center to Prevent Gun Violence:  Mark M. Murakami, Jeff Kosseff, and Phillip Rubin |

| | | | |
|---|---|---|---|
| JUDGE: | Alan C. Kay | REPORTER: | |
| DATE: | 8/12/2013 | TIME: | |

COURT ACTION:

On August 12, 2013, this Court held a hearing regarding Plaintiff's Motion for Summary Judgment (ECF No. 77) and Motion for Permanent Injunction (ECF No. 79).  ECF No. 101.  For the following reasons, the Court GRANTS the parties leave to submit supplemental briefing regarding the following issues:

(1) The Court observes that all counsel have failed to address the United States Supreme Court decision <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013), which was filed on June 20, 2013 and which will likely be controlling in the determination of whether Plaintiff was convicted for a "crime of violence" under 18 U.S.C. § 922(g)(9) and Hawai'i Revised Statutes § 134-7(b).

(2) The Court at the hearing granted Defendants' Motion for Leave to File Document Consisting of an Additional Exhibit after having found that Plaintiff will not suffer prejudice because of the opportunity to file a supplemental brief.  ECF No. 101.  The Exhibit consists of a deposition of Plaintiff taken on April 17, 2013, which includes statements by Plaintiff that he "pushed" his wife, causing her to fall "backwards on the ground" as well as statements regarding the counseling he received under the probation condition that he "attend substance abuse assessment and . . . participate in counseling and/or treatment."  These are matters that this Court will likely have to consider in this case.

In view of the foregoing, all counsel may file supplemental briefs within ten (10) days of this Court's minute order that should address the issues noted above, in addition to whether or not treatment or counseling for substance abuse (including alcohol) disqualifies Plaintiff from a right under the 2nd Amendment to keep and bear arms. Counsel for Plaintiff and Defendants are limited to briefs of no more than ten (10) pages, and amici counsels' briefs are limited to no more than five (5) pages.  The Court has set another hearing for Tuesday, September 17, 2013 at 10:00 a.m.  ECF No. 101.

As per the Court's decision at the hearing on August 12, 2013, Defendants' Motion for Summary Judgment is DENIED without prejudice because (1) the notice and hearing requirements in Rule 56.1(i) have not been met, and (2) the Court declines to require the parties to address Defendants' Motion that was submitted as a page of their Opposition three weeks before the hearing.  IT IS SO ORDERED.

Submitted by Leslie L. Sai, Courtroom Manager