ALAN BECK (HI Bar No. 9145)
Attorney at Law
4780 Governor Drive
San Diego, California 92122
Telephone: (619) 971-0414
Email:  ngord2000@yahoo.com

Attorney for Amicus Curiae Hawaii Defense Foundation

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KIRK FISHER,<br><br>            Plaintiff,<br><br>  vs.<br><br><br>LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; PAUL PUTZULU, as an individual and in his official capacity as former Honolulu Acting Chief of Police; and CITY AND COUNTY OF HONOLULU,<br><br>            Defendants.<br>_____ | Civ. No. 11-00589 ACK-BMK<br>Supplemental Brief |

## Supplemental Brief

COME NOW the Amicus Curiae, Hawaii Defense Foundation ("HDF") by and through undersigned counsel, submits this supplemental brief in accordance with this Court's order. As a preliminary matter HDF will be fully prepared to discuss *Descamps v. United States*, 133 S. Ct. 2276 (2013) at the hearing scheduled for September 17, 2013.  However, in light of the space limitations imposed by this Court, HDF has decided to focus its brief on the second issue this Court asked parties to address. That issue is "whether or not treatment or counseling for substance abuse (including alcohol) disqualifies Plaintiff from a right under the 2nd Amendment to keep and bear arms". HDF is hopeful Mr. Fisher's counsel will address *Descamps supra* in their supplemental brief. Mr. Fisher's treatment and counseling for substance abuse decades past does not disqualify him from Second Amendment rights. *Heller* teaches us that the Second Amendment is a codification of our Common Law right to keep and bear arms. Accordingly, HDF has conducted a historical analysis.

The two arguments made for disqualifying Mr. Fisher from Second Amendment rights are the underlying crime Mr. Fisher was convicted of is dispositive evidence of disqualification and the treatment he later received indicates Mr. Fisher to this day should be disarmed. As shown in this historical analysis, neither is true.  At Common Law there were three classes of crimes. The

definition of a crime was defined by Blackstone as "an act commited or ommited in violation of a public law either forbidding or commanding it" 4 Bl. Comm. 15. This is inaccurate. An act was not necessarily a crime because it was prohibited by a public law. It is necessary to look further and ascertain the ground upon which the act was punished and by whom the punishment was imposed. To constitute a crime an act must have been punished to protect the public and punishment had to have been dealt by the State or other sovereign power. While Blackstone speaks of "crimes and misdemeanors" (4 Bl. Comm. 5) the term crime actually included all offenses, be it treason, felony or merely misdemeanor. Thus in the case of *In re Bergin*.,, 31 Wis. 383 (1913), it was held that any wrong against the public which is punishable in a criminal proceeding prosecuted by the state in its own name or in the name of the people, or of the sovereign, is a crime within the meaning of the constitutional prohibition against involuntary servitude except as a punishment for a crime and that the term therefore includes both felonies and misdemeanors. *See also*, *State v. Savannah. T.U.P. Charlt* (Ga.) 235, 237 (1913); *People v. Hanrahan*, 75 Mich. 611, 42 N.W. 1124 (1889).

The three classes of Crimes were Treasons, Felonies and Misdemeanors.  At common law, felonies were those offenses which occasioned forfeiture of the lands and goods of the offender and to which might be added death or other punishment according to the degree of guilt. 4. Bl. Comm. 94; *Fasset v. Smith*, 23 N.Y.

257(1891); *Bannon v. U.S.*, 156 U.S. 464 (1895). The Common Law felonies were murder (this included suicide), manslaughter, rape, sodomy, robbery, larceny, arson, burglary, and arguably mayhem. All other crimes were either misdemeanors or treasons. As it must be conceded Mr. Fisher's offense is not a treason (and due to space limitations), HDF moves towards the misdemeanors. It does stop to observe that the Heller Court ruled Common Law felons were precluded from Second Amendment rights. Accordingly, convictions of felonies created by the modern legislature are not dispositive of Second Amendment disqualification.

Defendants raise Mr. Fisher's D.U.I. conviction as an issue. Excessive drinking in public was frowned upon at Common Law. "A drunkard, says sir Edward Coke (r), who is voluntarius daemon, hath no privilege thereby; but what hurt or ill soever he doth, his drunkenness doth". Commentaries on the Laws of England Volume 2 at 346. Drinking and driving is analogous to disturbing the public highways of England. The first historical reference to this offense is found in the Justices of the Peace Act 1361 CHAPTER 1 34 Edw 3. It found that every county should have law enforcement as "the Intent that the People be not by such Rioters or Rebels troubled nor endamaged, nor the Peace blemished, nor Merchants nor other ***passing by the Highways of the Realm*** disturbed" (emphasis added). However, disturbing the public highways through mere disorderly conduct was a low grade of misdemeanor which was called a "breech of the peace". It was

typically punished with a small monetary fine or corporal punishment (typically flogging).

At the time of the ratification of the Second Amendment this crime was punished in a similar fashion. There is no historical evidence that it was punished with disarmament. Neither this nor Mr. Fisher's harassment conviction constitutes a basis for permanent removal of Second Amendment rights. This is not to say there is no historical basis for temporarily disarming individuals convicted of non-enumerated felonies. Temporary removal of rights until a person returned to the virtuous citizenry frequently occurred at Common Law.

Treatment or counseling for substance abuse is not grounds for permanent disarmament either. The classical republican notions inextricably linked to the Founding of the United States emphasized civic virtu, i.e. the virtuous citizenry. Historically, the State disarmed unvirtuous citizens and those like children or the mentally unbalanced, who were deemed incapable of virtue. *See, e.g.* Robert Dowlut, *The Right to Arms: Does the Constitution or the Predilection of Judges Reign?* 36 OKLA. L.REV. 65, 96 (1983) ("Colonial and English societies of the eighteenth century, as well as their modern counterparts, have excluded infants, idiots, lunatics, and felons [from possessing firearms]."),

Accordingly, prior to asking whether receiving counseling for alcohol is grounds for permanent disqualification from Second Amendment rights one must

ask what is civic virtu. In the political philosophy influential to the Founding of our nation a person with civic virtu possessed qualities associated with the effective functioning of the civil and political order, or the preservation of its values and principles. Within the Second Amendment context this means a person that can contribute to the "preservation or efficiency of a well-regulated militia". *United States v. Miller*, 307 U.S. 174, 178 (1939).

The "militia is the whole people. To disarm the People is the best and most effectual way to enslave them." George Mason, Co-author of the Second Amendment, during Virginia's Convention to Ratify the Constitution, 1788. Treatment for alcohol use (which by all indications was successful) 15 years ago is not grounds to decide a citizen lacks the qualities needed to be a contributing member of the American body politic.

Respectfully submitted this 13th day of August, 2013

/s/ Alan Beck_____
Alan Beck (HI Bar No. 9145)
Attorney for Amicus Curiae
Hawaii Defense Foundation

# CERTIFICATE OF SERVICE

On this, the 13th day of August, 2013, I served the foregoing pleading by electronically filing it with the Court's CM/ECF system, which generated a Notice of Filing and effects service upon counsel for all parties in the case.
I declare under penalty of perjury that the foregoing is true
and correct.
Executed this the 13th day of August, 2013

                                          /s/ Alan Beck
                                          Alan Beck (HI Bar No. 9145)