Of Counsel:
DAMON KEY LEONG KUPCHAK HASTERT
Attorneys at Law, A Law Corporation
MARK M. MURAKAMI          7342-0
mmm@hawaiilawyer.com
1003 Bishop Street, Suite 1600
Honolulu, HI  96813
Telephone:  (808) 531-8031
Facsimile:   (808) 533-2242

JEFF KOSSEFF          *(pro hac vice)*
PHILLIP A. RUBIN     *(pro hac vice)*
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC  20004

Attorneys for *Amicus Curiae*
**BRADY CENTER TO PREVENT GUN VIOLENCE**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KIRK C. FISHER,<br>　　　　　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; PAUL PUTZULU, as former Honolulu Acting Chief of Police; CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT and DOE DEFENDANTS 1-50,<br>　　　　　　　　　　Defendants.<br>_____ | CIVIL NO. 11-00589 ACK/BMK<br><br>**SUPPLEMENTAL BRIEF OF** *AMICUS CURIAE* **BRADY CENTER TO PREVENT GUN VIOLENCE IN RESPONSE TO THE COURT'S AUGUST 12, 2013 ORDER** |

**SUPPLEMENTAL BRIEF OF *AMICUS CURIAE* BRADY CENTER TO
PREVENT GUN VIOLENCE IN RESPONSE TO
THE COURT'S AUGUST 12, 2013 ORDER**

# **TABLE OF CONTENTS**

I. THE *DESCAMPS* CASE DOES NOT AFFECT THE ANALYSIS IN THIS CASE .................................................................................................. 1

    A. The Plain Language of the Hawaii Statutes Shows that the Federal Categorical and Modified Categorical Approaches Do Not Apply ........................................................................................ 1

    B. Even If the Federal Sentencing Approach Applies Here, *Descamps* Does Not Affect the Analysis Because the Crime Here Is Divisible ................................................................................ 3

II. THE RECORD EVIDENCE DEMONSTRATES THAT PLAINTIFF IS DISQUALIFIED FROM SECOND AMENDMENT RIGHTS ................ 4

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*Ariz. Elec. Power Co-op, Inc. v. Berkeley*,
　59 F.3d 988 (9th Cir. 1995) ...................................................................................1

*Descamps v. United States*,
　133 S. Ct. 2276 (Jun. 20, 2013) ......................................................................1, 2, 4

*Erie. R. Co. v. Tompkins*,
　304 U.S. 64 (1938)...................................................................................................1

*Johnson v. United States*,
　559 U.S. 133 (2010)..................................................................................................1

*Marrero v. United States*,
　133 S. Ct. 2732 (2013)..............................................................................................1

*Moncrieffe v. Holder*,
　133 S. Ct. 1678 (2013)..............................................................................................1

*Nijhawan v. Holder*,
　557 U.S. 29 (2009)....................................................................................................1

*State v. Herbert*,
　112 Haw. 208, 145 P.3d 751 (Ct. App. 2006) .......................................................2

*Taylor v. United States*,
　495 U.S. 575 (1990).................................................................................................2

*United States v. Hayes*,
　555 U.S. 415 (2009).................................................................................................3

**Statutes**

18 U.S.C. § 921(a)(33)(A) .............................................................................................3

18 U.S.C. § 922(g)(3)......................................................................................................5

18 U.S.C. § 924(e)(2)(B)(i).............................................................................................3

Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) .................................2

H.R.S. § 1-15(2) ......................................................................................................... 2

H.R.S. § 134-1 ..................................................................................................... 1, 2, 3

H.R.S. § 134-7 ..................................................................................................... 1, 2, 5

H.R.S. § 711-1106(a) ................................................................................................ 4

**Other Authorities**

U.S. Const. amend. II ............................................................................................ 3, 4

U.S. Const. amend. VI .......................................................................................... 2, 3

# SUPPLEMENTAL BRIEF

I. **THE *DESCAMPS* CASE DOES NOT AFFECT THE ANALYSIS IN THIS CASE**

*Descamps v. United States*, 133 S. Ct. 2276 (Jun. 20, 2013), does not affect the analysis in this case because (a) Plaintiff is disqualified under a *state* law that does not rely on the *federal* approaches discussed in *Descamps*, and (b) even in the federal context, *Descamps* explicitly preserves the modified categorical approach where, as here, the relevant statute is divisible.

    A.    *The Plain Language of the Hawaii Statutes Shows that the Federal Categorical and Modified Categorical Approaches Do Not Apply*

The plain language of H.R.S. §§ 134-7 and 134-1 requires an examination of the underlying facts to determine whether the offense actually "involve[d] injury or threat of injury to the person of another." Construction of this state statute does not trigger or rely upon the categorical and modified categorical approaches, which stem from interpretations of *federal* laws in entirely different contexts, namely federal sentencing as in *Descamps*,[1] and federal immigration cases.[2]

The Court here is required to interpret Hawaii's crime-of-violence statute under state-law principles. *Erie. R. Co. v. Tompkins*, 304 U.S. 64, 78–79 (1938); *Ariz. Elec. Power Co-op, Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995). We

---

[1] *See also Marrero v. United States*, 133 S. Ct. 2732 (2013); *Johnson v. United States*, 559 U.S. 133 (2010).

[2] *See, e.g.*, *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013); *see also Nijhawan v. Holder*, 557 U.S. 29, 36 (2009) (applying a "circumstance-specific" approach to decide if an offense met the monetary threshold to be an immigration-removable offense, because the statutory language in question differed from ACCA).

1

have identified no cases in which Hawaii state courts applied either the categorical or modified categorical approaches. And at least one Hawaii court has interpreted the word "involving" to mandate a circumstance-specific—not categorical—approach to interpreting whether terms of probation "involv[ed] possession or use" of drugs. *State v. Herbert*, 112 Haw. 208, 145 P.3d 751 (Ct. App. 2006).

Moreover, the Supreme Court in *Descamps* explained the three reasons underlying the categorical-approach doctrine, which stem from specific aspects of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e): "First, it comports with ACCA's text and history. Second, it avoids the Sixth Amendment concerns that would arise from sentencing courts making findings of fact that properly belong to juries. And third, it averts 'the practical difficulties and potential unfairness of a factual approach.'" 133 S. Ct. at 2287 (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). None of those rationales are relevant here.

*First*, this is a civil action not arising under ACCA. The proper text and history to consider is that of H.R.S. §§ 134-1 and 134-7, which are state statutes that contain no references to an element-centric approach. While ACCA provides for enhancing sentences of those with previous violent convictions as defined in *federal* law, Hawaii's statute prohibits gun ownership for those convicted of "crimes of violence" as both defined and evaluated under *state* law. Neither the text of the ACCA nor Congress's intent are relevant here. Indeed, H.R.S. § 1-

15(2) instructs courts to consider a statute's purpose if the language is ambiguous.

*Second*, the Supreme Court in the *Taylor/Descamps* line of cases has focused on the potential Sixth Amendment problems raised by judges deciding disputed facts during criminal sentencing. The Sixth Amendment is simply not relevant in this civil case. Indeed, when the Supreme Court considered whether a battery conviction fell under the federal domestic violence firearms ban in *United States v. Hayes*, 555 U.S. 415, 426 (2009), the majority looked not at the categorical or modified categorical approaches but to the plain text of the firearms ban and its purpose. The Court here should do the same.

*Third*, the examination of prior conviction records is far less concerning here because Hawaii's statute does not require—by its terms, history, and context—that the factual inquiry be limited to the scope of any plea. Instead, the statute instructs police and courts to determine if the crime a person was convicted of "involve[d] injury or threat of injury to the person of another," H.R.S. § 134-1, a broad and inherently factual inquiry. Unlike the Lautenberg Amendment and ACCA, H.R.S. § 134-1 does not require the offense to have "as an element, the use or attempted use of physical force." 18 U.S.C. § 921(a)(33)(A); *see also* § 924(e)(2)(B)(i).

    B.    *Even If the Federal Sentencing Approach Applies Here,* Descamps *Does Not Affect the Analysis Because the Crime Here Is Divisible*

Because Hawaii's state law disqualifies Plaintiff from firearm ownership in accordance with Second Amendment principles, the Court need not apply the

3

*Taylor/Descamps* line of cases at all. Moreover, because Hawaii defines "crime of violence" as including even "threat of injury," we maintain that H.R.S. § 711-1106(a) is *invariably* a crime of violence. However, even under the federal-sentencing caselaw, *Descamps* explicitly preserves the modified categorical approach where the criminal statute in question is "divisible," meaning it "sets out one or more elements of the offense in the alternative." 133 S. Ct. at 2281. Hawaii's harassment statute, § 711-1106(a), is plainly divisible, allowing conviction of someone who "[s]trikes, shoves, kicks, *or* otherwise touches another person in an offensive manner *or* subjects the other person to offensive physical contact" (emphases added). Indeed, that is a central issue in this case.

## II.  THE RECORD EVIDENCE DEMONSTRATES THAT PLAINTIFF IS DISQUALIFIED FROM SECOND AMENDMENT RIGHTS

As a threshold matter, it bears emphasis that the record evidence in this case is one sided, all pointing to the conviction having involved injury or threat of injury to another. Despite filing this civil action and bearing the burden of proof, Plaintiff has adduced no evidence to the contrary, even in his own affidavit. Plaintiff's deposition testimony clearly demonstrates that the underlying crime involved injury and the threat of injury, and that his conviction related to the "spouse abuse" of which Plaintiff admits he was accused, not a *de minimis* touch.

Moreover, the transcript provides further detail on Plaintiff's alcohol use and probation requirement that he "attend substance abuse assessment and . . .

4

participate in counseling and/or treatment." Although the federal controlled-substance firearms prohibition does not include alcohol, *see* 18 U.S.C. § 922(g)(3), the substance-abuse probation term affects Plaintiff's eligibility under H.R.S. § 134-7(c)(1) because Plaintiff "has been" "under treatment or counseling" for "addiction to" or "abuse of" an "intoxicating liquor." *See* Defs.' Supp. Br.

\* \* \*

Throughout this litigation, Plaintiff has implicitly argued that, as in a criminal case, the government bears the entire burden of proof. But this is not a criminal case. Plaintiff filed this civil suit against the City. The City has produced detailed, contemporaneous witness statements demonstrating that Plaintiff's crime involved violence; sworn testimony by Plaintiff that he shoved his wife to the ground and was charged with "spouse abuse"; and documents reflecting Plaintiff's sentencing to violence counseling and substance abuse classes.

Plaintiff's affidavit is conspicuously silent on all of these matters. Plaintiff in this civil case cannot ask the Court to ignore either the affirmative evidence or his silence. If there were evidence that Plaintiff was not convicted of a crime of violence, he would have put it in the record via his affidavit or otherwise.

DATED: Honolulu, Hawaii, August 22, 2013.

/s/ *Mark M. Murakami*
MARK M. MURAKAMI
JEFF KOSSEFF
PHILLIP A. RUBIN
Attorneys for *Amicus*, Brady Center to Prevent Gun Violence