LAW OFFICES OF DONALD L. WILKERSON
A Law Corporation
DONALD L. WILKERSON     5730
1003 Bishop Street, Suite 703
Honolulu, Hawaii 96813
Telephone: (808) 533-4447
Facsimile: (808) 369-8289
Email: don@allislandslaw.com

TE-HINA ICKES          9012
1003 Bishop Street, Suite 703
Honolulu, Hawaii 96813
Telephone: (808) 533-4447
Facsimile: (808) 369-8289
Email: tehina@gmail.com

Attorneys for Plaintiff
KIRK C. FISHER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KIRK C. FISHER, | CIVIL NO. 11-00589 ACK/BMK |
| Plaintiff, | **PLAINTIFF KIRK C. FISHER'S SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR PERMANENT INJUNCTION; CERTIFICATE OF SERVICE** |
| vs. | |
| LOUIS KEALOHA, in his individual capacity and his official capacity as Honolulu Chief of Police; PAUL PUTZULU, in his individual capacity and his official capacity as Honolulu Acting Chief of Police; CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT and DOE DEFENDANTS 1-50, | **Hearing:**<br>**Date: September 17, 2013**<br>**Time: 10:00 a.m.**<br>**Judge: The Honorable Alan C. Kay**<br><br>**No Trial Week** |
| Defendants. | |

**PLAINTIFF KIRK C. FISHER'S SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION FOR PERMANENT INJUNCTION**

The Court has given the parties the opportunity to submit further briefing regarding the following issues: (1) the effect of <u>Descamps v. United States</u>, 133 S.Ct. 2276 (2013) on whether Plaintiff was previously convicted of a crime of violence under 18 U.S.C. §922(g)(9) and H.R.S. §134-7(b); (2) Plaintiff's deposition testimony that he "pushed" his wife, causing her to fall backwards on the ground; and (3) whether or not treatment or counseling for substance abuse (including alcohol) disqualifies Plaintiff from a right under the 2nd Amendment to keep and bear arms.

Plaintiff addresses each item respectively.

(1)     In <u>Descamps v. United States</u>, 133 S.Ct. 2276 (2013), the United States Supreme Court resolved a 9th Circuit split on whether the modified categorical approach applies to statutes that contain a single, "indivisible" set of elements. The Court ultimately held that it does not, and struck down the modified categorical approach for crimes with a single and indivisible set of elements.  As such, the Court stated that the modified categorical approach may be used only to determine which alternative element in a divisible statute formed the basis of the defendant's conviction.  <u>Id</u>.

Under the categorical approach, the Court may "look only to the statutory definitions" – *i.e.*, the elements – of a defendant's prior offenses, and *not* "to the particular facts underlying those convictions." Taylor v. United States, 495 U.S. 575 (1990). "The key ... is the elements, not facts." Descamps, 133 S.Ct. at ___.

Under the modified categorical approach, the Court approved a limited examination of approved documents, etc. from the earlier case in order to determine what exactly a defendant was convicted of. The analysis is limited to "the [(1)]statutory definition, [(2)]charging document, [(3)]written plea agreement, [(4)]transcript of plea colloquy, and [(5)]any explicit finding by the trial judge to which the defendant assented." Shepard v. United States, 544 U.S. 13, 16 (2005). "Police reports and criminal complaint applications [will] not do." U.S. v. Armstead, 467 F.3d 943, 947 (6th Cir. 2006).

The Descamps Court limited the modified categorical approach to formally divisible statutes. A statute that is overbroad, like Hawaii's harassment statute, does not qualify.[1]

---

[1] In United States v. Maldonado-Lopez, 517 F.3d 1207 (10th Cir. 2008) the Tenth Circuit found that a Colorado Harassment statute was not a crime of violence. Id. at 1209. The Colorado statute is substantially the same as Hawaii's Harassment statute. Under that statute a person commits harassment if "with intent to harass, annoy, or alarm another person," he "[s]trikes, shoves, kicks, or otherwise touches a person or subjects him to physical contact" (Colo. Rev. Stat. §18-9-111(1)(a) (2007)). The Tenth Circuit held that the statute was broad enough to cover conduct such as spitting on a person, which involved physical contact but not physical force, and was therefore not a crime of violence. See Maldonado-Lopez, 517 F.3d at 1209. Other recent cases have reached similar conclusions. See e.g. United States v. Zuniga-Soto, 527 F.3d 1110, 1121 (10th Cir. 2008) (recognizing that Tenth Circuit had recently deviated

Descamps requires that the Court apply the categorical approach in determining whether Mr. Fisher's conviction in FC-CR. No. 97-3233 was for a crime a violence, thus disqualifying him from firearms ownership. As such, the Court must look only at the statute of conviction.

The elements of harassment, under the provisions of H.R.S. §711-1106(1)(a) are: (A) an intent to harass, annoy or alarm another person; and (B) striking, shoving, kicking or otherwise touching a person in an offensive manner, or subjecting him to offensive physical contact. State v. Hopkins, 60 Haw. 540, 543, 592 P.2d 810, 812 (1979).

H.R.S. §134-7(b) states, "No person who … has been convicted in this State or elsewhere of committing … any crime of violence … shall own possess, or control any firearm." H.R.S. §134-1 defines "crime of violence" as, "… any offense that involves injury or threat of injury to the person of another." "Injury" and "threat of injury" are not elements of Harassment.

18 U.S.C. §922(g)(9) states in relevant part that it shall be unlawful for

---

from the categorical approach as rigorously as law required, but holding that a strict categorical approach was proper and that "intentionally, knowingly, or recklessly caus[ing] bodily injury to another" is not categorically a crime of violence); United States v. Ruiz-Rodriguez, 494 F.3d 1273, 1277 (10th Cir. 2007) (holding that false imprisonment effected "under terrorizing circumstances or under circumstances which expose the person to the risk of serious bodily injury" is not categorically a crime of violence). In United States v. Herrera, 286 F.Appx. 546, 553 (2008), the court reasoned that Colorado's Harassment statute was broad enough to cover violent crimes, such as striking a victim, and also non-violent crimes, such as spitting on a victim. Maldonado-Lopez, 517 F.3d at 1209.

4

any person who has been convicted in any court of a misdemeanor crime of domestic violence ... to ... possess ... any firearm." "Misdemeanor crime of domestic violence" is defined as a misdemeanor and has, as an element, the use or attempted use of physical force ... committed by a current or former spouse, parent or guardian of the victim. 18 U.S.C. §921. "Use of physical force" and "attempted use of physical force" are not elements of Harassment.

Here, Mr. Fisher could have received his harassment conviction for a non-violent crime, such as spitting on a victim. The harassment statute is broad enough to cover conduct such as spitting on a person, which involved physical contact but not physical force, and is therefore cannot be considered a crime of violence. Using this harassment conviction against Mr. Fisher to disqualify him from firearms ownership runs afoul of the categorical approach.

In its June 29, 2012, Order, this Court agreed that it is possible for a defendant to be convicted for Harassment under H.R.S. §711-1106(1)(a) for behavior that does not include injury, threat of injury, use of physical force, and/or threatened use of physical force. See ECF No. 35 at 22-23.

Applying the categorical approach, as required by Descamps, it is clear that Mr. Fisher has never been convicted of a crime of violence under 18 U.S.C. §922(g)(9) and H.R.S. §134-7(b) and is therefore not statutorily disqualified from firearms ownership under state or federal law.

(2)     Plaintiff's deposition testimony should not be considered by the Court in determining whether or not Mr. Fisher is statutorily disqualified from firearms ownership.

As discussed above, the Court is required to apply the categorical approach in determining whether Mr. Fisher's conviction was for a crime of violence. The categorical approach requires that the Court look only at the statute of conviction – the elements and not the facts. Descamps, 133 S.Ct. at ___.

However, even if the Court opted to apply the modified categorical approach, the deposition testimony should not be considered by the Court. As discussed above, under this approach, the Court is permitted to look beyond the statute of conviction and consult "reliable judicial records". United States v. Hayes, 526 F.3d 674, 676 (10th Cir. 2008). The Court's inquiry is limited to "the terms of the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Shepard, 544 U.S. at 26, 125 S.Ct. 1254 (2005). "[T]he key inquiry is what [a defendant] admitted while pleading." United States v. Serrao, 301 F.Supp.2d 1142, 1146 (Haw. 2004).

Mr. Fisher testified at deposition that his wife "kicked and punched" him and he "pushed her away." See ECF No. 99-2 at 30. He testified that his wife

6


physically attacked him by kicking him in the groin.  <u>Id.</u> at 32.  He testified that "when she kicked me, she then struck me with her fist and I proceeded to push her by her chest away from me."  <u>Id.</u> at 33.  After he pushed her, "she fell backwards on the ground ... in the living room on the carpet."  <u>Id.</u> at 34.  Mr. Fisher testified that his wife was not injured.  <u>Id.</u> at 36.

However, there is no evidence or testimony that these are the facts underlying Mr. Fisher's plea or conviction for harassment.  The deposition testimony is not the same as a plea colloquy between a judge and a defendant which establishes a factual basis for the plea and/or conviction.  There is no evidence or testimony that Mr. Fisher actually admitted these facts at his plea.

Again, H.R.S. §134-1 and 18 U.S.C. §921 do not contemplate what one was **arrested for**, but rather what one has been **convicted of**.  As such, Mr. Fisher's deposition testimony regarding his recollection of what took place on November 5, 1997, is irrelevant to what he was actually convicted of.

(3)    A person who has been under treatment or counseling for addiction to, abuse of, or dependence upon any dangerous, harmful, or detrimental drug, intoxicating compound or intoxicating liquor can be prohibited from owing or possessing a firearm.  H.R.S. §134-7(c)(1).

As a condition of his probation in FC-CR No. 97-3233, Mr. Fisher was ordered to complete a substance abuse assessment and participate in any

recommended treatment.

Mr. Fisher testified that he underwent a substance abuse assessment. See ECF No. 99-2 at 49. He recalls taking classes which he successfully completed. Id. at 50. He received a Certificate of Completion for completing a twelve (12) hour drug and alcohol education course on February 28, 1998. See ECF No. 39-8.

Mr. Fisher testified that he had never been diagnosed as being an alcoholic. See ECF No. 99-2 at 51. He further testified that he underwent the substance abuse assessment and that there was no recommendation for treatment. Id.

The attendance in these classes was to satisfy the condition of probation that he undergo a substance abuse assessment and complete any recommended treatment. See ECF No. 39-7. There is absolutely no evidence that Mr. Fisher was ever addicted to or dependent upon drugs or alcohol. In fact, the Court never ordered that Mr. Fisher not possess or consume alcoholic beverages, nor did the Court order that Mr. Fisher submit to periodic urine (drug) testing, though it could have. Id.

Despite Mr. Fisher's calling it "counseling", what he actually participated in was a twelve (12) hour **education course** and NOT treatment or counseling for substance abuse addiction or dependence. See ECF No. 39-8.

8

As such, Mr. Fisher is not disqualified from firearms possession and/or ownership under H.R.S. §134-7(c)(1).

Dated: Honolulu, Hawaii, August 22, 2013.

                                                           */s/ Te-Hina Ickes*
                                                  DONALD L. WILKERSON
                                                  TE-HINA ICKES
                                                  Attorneys for Plaintiff
                                                  KIRK C. FISHER