DONNA Y. L. LEONG, 3226
Corporation Counsel

D. SCOTT DODD, 6811
Deputy Corporation Counsel
Department of the Corporation Counsel
City and County of Honolulu
Honolulu Hale, Room 110
530 South King Street
Honolulu, Hawai'i  96813
Telephone: (808) 768-5129
Facsimile: (808) 768-5105
E-mail address:  dsdodd@honolulu.gov

Attorneys for City Defendants
LOUIS KEALOHA and the
CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| KIRK C. FISHER,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; PAUL PUTZULU, as an individual and in his official capacity as former Honolulu Acting Chief of Police; CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT and DOE DEFENDANTS 1-50,<br><br>　　　　　Defendants.<br>_____ | CIVIL NO. CV11 00589 ACK-BMK<br>(Other Civil Action)<br><br>DEFENDANTS LOUIS KEALOHA AND THE CITY AND COUNTY OF HONOLULU'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S AUGUST 12, 2013 ORDER; CERTIFICATE OF SERVICE<br><br>Hearing:<br><br>Date:  September 17, 2013<br>Time:  10:00 a.m.<br>Judge:  Honorable. Alan C. Kay<br><br>Trial Date:  None Set |

DEFENDANTS LOUIS KEALOHA AND THE CITY
AND COUNTY OF HONOLULU'S SUPPLEMENTAL BRIEF
IN RESPONSE TO THE COURT'S AUGUST 12, 2013 ORDER

Defendants LOUIS KEALOHA (hereinafter "Kealoha") and the CITY AND COUNTY OF HONOLULU (hereinafter collectively referred to as "Defendants" or "City Defendants"), by and through their attorneys Donna Y. L. Leong, Corporation Counsel, and D. Scott Dodd, Deputy Corporation Counsel, hereby respectfully submit their Supplemental Brief in Opposition to Plaintiff Kirk C. Fisher's ("Plaintiff") Motion for Summary Judgment, filed on February 25, 2013 ("Plaintiff's motion")(Doc. 77), as well as Plaintiff's Motion for Preliminary Injunction, filed on February 25, 2013 (Doc. 75).  This supplemental opposition is submitted pursuant to the Court's August 12, 2013 EP [ECF Doc. 101] directing the parties to submit further briefing on specifically identified issues.

I.     INTRODUCTION

In its August 12, 2013 EP, the Court directed the parties to submit supplemental briefing on the pleadings filed in support of an in opposition to Plaintiff's motion for summary judgment, addressing: (1) the U.S. Supreme Court decision issued on June 20, 2013, Descamps v. United States, 133 S.Ct. 2276 (2013), and (2) the issues raised in Plaintiff's deposition regarding Plaintiff's previous harassment conviction and the substance abuse counseling required as a condition of his probation.  See, ECF Doc. 101.

II.     ARGUMENT

    A.     The *Descamps* Case Does Not Affect the Analysis in this Case

The City Defendants posit that the Descamps decision does not apply to HPD's decision to deny Plaintiff a firearms permit.[1]  The City Defendants herein incorporate by reference the arguments made in the Supplemental Brief of *Amicus Curiae* Brady Center to Prevent Gun Violence in Response to the Court's August 12, 2013 Order (ECF Doc. 104), and assert the positions therein stated in support of their opposition to Plaintiff's motion for summary judgment.

As argued by the Brady Center, the plain language of H.R.S. Sec. 134-7 and 134-1 *requires* an examination of the underlying facts to determine whether the offense actually involved injury or threat of injury to the person of another.  Unlike the problems discussed by the Supreme Court in Descamps in analyzing the ACCA, there is no requirement under Section 134 that a reviewing court (or the Defendants in this case) look at the elements of the previous conviction to determine if that conviction is a "categorical match;" the appropriate analysis to determine if an applicant is qualified to own or possess firearms is simply whether the offense for which the applicant was convicted involved injury or threat of injury to another.  The language of the Hawaii statute invalidates the "form over

---

[1] Defendants are aware of no Hawaii case employing the "categorical approach," or the "modified categorical approach," is used to analyze whether a firearms applicant is qualified or disqualified from firearms ownership or possession due to a previous conviction under H.R.S. Section 134.

substance" argument the Plaintiff here advances to claim that he is entitled to firearms ownership or possession even though the crime of which he was convicted involved injury (or at least the threat of injury) to his family members.

Moreover, as Plaintiff here concedes, he is not challenging the validity of the Hawaii statute. If the statute is presumptively valid, the Defendants' reliance upon said statute to deny Plaintiff's firearms application permit would seem appropriate, and the proper inquiry before the Court is whether the Defendants were justified in denying Plaintiff's firearms permit application when the facts available to the Defendants indicated that Plaintiff's conviction was for conduct which involved injury or threat of injury to another.

Additionally, as pointed out by the Brady Center, if the Court here still determines that the "categorical approach" is appropriate, <u>Descamps</u> would not abolish a "modified categorical approach" in the instant case because Hawaii's Harassment statute is certainly divisible. A person may be convicted under H.R.S. Sec. 711-1106(a) if he or she "strikes, shoves kicks, or otherwise touches another person in an offensive manner or subjects the person to offensive physical contact." It is precisely the statute's divisibility upon which Plaintiff makes his argument that his conviction for Harassment does not disqualify him from owning or possessing firearms, because arguably the crime of Harassment includes conduct which might not involve injury or threat of injury. Therefore, even if the Court determines that the elements of the Harassment statute must be examined to search

for a "categorical match," a modified approach should be employed (permitting a review of underlying documents) to resolve exactly which part of the Harassment statute Plaintiff was convicted of. Defendants posit that such a review would indeed indicate that Plaintiff was convicted of a crime involving injury or the threat of injury.

B.   Plaintiff's Deposition Testimony

Plaintiff's argument, essentially that his conviction *could* have been based upon conduct which did not involve injury or threat of injury, is really not germane to the factors spelled out by H.R.S. Section 134. To prevail in the instant case, Plaintiff not only would have to prove that his conviction *could* have been for nonviolent or noninjurious conduct, but was in fact NOT based upon conduct that involved injury or threat of injury. Therefore, in opposition to Plaintiff's motion for summary judgment, the Defendants submitted evidence that established that Plaintiff's conduct that led to his arrest and ultimate conviction for Harassment clearly included conduct which, pursuant to Sec. 134, disqualified him from firearms ownership or possession.

To the extent Plaintiff is NOW contesting that his conviction for Harassment was for conduct that did not involve injury/threat of injury, and that the Court should ignore the evidence submitted by the Defendants in opposition to his motion for summary judgment, Plaintiff's deposition testimony is relevant as it

includes admissions by Plaintiff that he was indeed convicted of "spousal abuse,"[2] and that the conditions of his probationary period required him to undergo a level of domestic violence counseling.  Plaintiff's argument that the evidence submitted by Defendants showing that his conviction for Harassment was for conduct which included violenct conduct is "unreliable" is undermined by his deposition testimony in which he admits that he was arrested for, and convicted of, "spousal abuse."

    As argued by the Brady Center, Plaintiff bears the burden of proof in this case, and it is his burden to show that there are no genuine issues of material fact to obtain summary judgment in this case.  He thus bears the burden of showing not just that his conviction was for conduct that might not have been injurious, but rather than his conviction was indeed NOT for conduct which involved injury/threat of injury.  Plaintiff has not done so.  Plaintiff's declaration in support of his motion for summary judgment is conspicuously devoid of any assertion that he did NOT engage in conduct that involved injury/threat of injury.  Plaintiff attempts to minimize the evidence submitted by the Defendants establishing that he did in fact engage in, and was convicted of, conduct which involved injury to his family members.  To the extent that Plaintiff now claims that the evidence submitted by the Defendants is not sufficient to show that he engaged in such conduct, Plaintiff's assertion is rebutted by his admission in his deposition that he

---

[2] *See*, ECF Doc. 99-2, Depo. Kirk Fisher, p. 40, line 18.

was convicted of "spousal abuse" and required to undergo domestic violence counseling as part of his sentence.

C.     Substance Abuse Counseling

H.R.S. Section 134-7(c) provides as follows:

(c)  No person who:

(1)  Is or has been under treatment or counseling for addition to, abuse of, or dependence upon any dangerous, harmful, or detrimental drug, intoxicating compound as defined in section 712-1240, or intoxicating liquor;

[…] shall own, possess, or control any firearm or ammunition therefore, unless the person has been medically documented to be no longer adversely affected by the addiction, abuse, dependence, mental disease, disorder, or defect.

As this Court noted in its previous ruling, a person may be denied a gun permit because that person "[i]s or has been under treatment or counseling for addiction to, abuse of, or dependence upon any dangerous, harmful, or detrimental drug, intoxicating compound as defined in section 712-1240, or intoxicating liquor." *See* ECF Doc. 35, page 18, fn. 14.[3]  Here, not only does Plaintiff have a prior conviction for driving under the influence of an intoxicant in 1986,[4] but as part of his conviction for Harassment he was ordered to participate in a drug assessment and treatment as a term and condition of probation, as well as Domestic Violence/Anger

---

[3] "The Chief of Police may rely upon bases other than a prior conviction for a 'crime of violence' in rejecting an application for a permit pursuant to H.R.S. § 134-7, such as diagnosis of significant behavior, emotional or mental disorders or treatment for addiction to drugs."

[4] On August 1, 1986 Plaintiff was found guilty of driving under the influence of intoxicating liquor (H.R.S. § 291-0004) in the Honolulu District Court, Case No. B108.

Management Counsel.  *See*, ECF Docs. 39-6, 39-7, and 39-8.  Because drug assessment and treatment is not a mandatory term and condition of a harassment conviction, it is reasonable to conclude that there was some indication of a substance abuse problem or the use of an illicit substance by Plaintiff in connection to the incident that led to his arrest and conviction, leading to the criminal court making such assessment a requirement of Plaintiff's probation.

Defendants submitted evidence in their opposition to Plaintiff's motion for summary judgment that Plaintiff was required to undergo certain substance abuse counseling (as well as domestic violence/anger management counseling) as part of his sentence.  By its terms, Sec. 134-7(c) disqualifies Plaintiff from firearm ownership or possession unless Plaintiff is medically documented to be no longer adversely affected by the addiction, abuse, dependence, mental disease, disorder, or defect.  Although Plaintiff received a "Certificate of Compliance" that he completed a 12 hour drug and alcohol education course, he has failed to adduce evidence that he has been medically documented to be no longer adversely affected by drugs and alcohol such that he is able to own or possess firearms.

At the very least, there is a genuine issue of fact as to whether Plaintiff's counseling for substance abuse, and lack of medical documentation that he is no longer adversely affected by such abuse, disqualified him from firearms ownership or possession.

IIII. <u>CONCLUSION</u>

For the reasons state above, and the reasons stated in their previous opposition (as well as those arguments advanced by the Brady Center), the City Defendants respectfully requests that this Honorable Court deny Plaintiff's motion for permanent injunction, and deny Plaintiff's motion for summary judgment.

DATED:  Honolulu, Hawai'i, August 22, 2013.

                                            DONNA Y. L. LEONG
                                            Corporation Counsel


                                        By:   /s/ D. Scott Dodd
                                              D. SCOTT DODD
                                              Deputy Corporation Counsel

                                              Attorney for City Defendants
                                              LOUIS KEALOHA, and the
                                              CITY AND COUNTY OF
                                              HONOLULU

**11-07807/296169**


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CIVIL NO. CV11-00589 ACK-BMK; <u>KIRK FISHER vs. LOUIS KEALOHA; ET AL.</u>; DEFENDANTS LOUIS KEALOHA AND THE CITY AND COUNTY OF HONOLULU'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S AUGUST 12, 2013 ORDER; CERTIFICATE OF SERVICE