DONNA Y. L. LEONG, 3226
Corporation Counsel

MARGUERITE S. NOZAKI, 8599
Deputy Corporation Counsel
Department of the Corporation Counsel
City and County of Honolulu
Honolulu Hale, Room 110
530 South King Street
Honolulu, Hawaiʻi  96813
Telephone: (808) 768-5239
Facsimile: (808) 768-5105
E-mail address:  mnozaki@honolulu.gov

Attorney for Defendants
LOUIS KEALOHA and the
CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| KIRK C. FISHER, | ) CIVIL NO. CV11-00589 ACK-BMK |
|---|---|
| Plaintiff, | ) |
| vs. | ) DEFENDANTS LOUIS KEALOHA ) AND CITY AND COUNTY OF ) HONOLULU'S SEPARATE AND |
| LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police, PAUL PUTZULU, as an individual and in his official capacity as former acting Honolulu Chief of Police, and CITY AND COUNTY OF HONOLULU, | ) CONCISE STATEMENT OF FACTS; ) DECLARATION OF MARGUERITE ) S. NOZAKI; EXHIBITS A-H; ) CERTIFICATE OF COMPLIANCE; ) CERTIFICATE OF SERVICE ) ) |
| Defendants. | ) |
| _____ | ) Judge:  Alan C. Kay ) Trial Date:  September 3, 2014 |

# DEFENDANTS LOUIS KEALOHA AND CITY AND COUNTY OF HONOLULU'S SEPARATE AND CONCISE STATEMENT OF FACTS

Come now Defendants CITY AND COUNTY OF HONOLULU ("City") and LOUIS KEALOHA ("Chief Kealoha") (collectively, the City and Chief Kealoha shall be referred to as "Defendants") submit, pursuant to Rule 56.1 of the Local Rules of Practice for the United States District Court for the District of Hawaiʻi, the following separate and concise statement of material facts in support of Defendants' Motion for Summary Judgment, which is being filed contemporaneously:

| No. | FACTS | CITATION |
|-----|-------|----------|
| 1 | On November 5, 1997, Plaintiff Kirk C. Fisher ("Plaintiff") was arrested for two counts of harassment in violation of Hawaii Revised Statute ("HRS") § 711-1106(1)(a). | Doc. No. 111, p. 6, citing to Doc. No. 39-5, attached as Exhibit A to the Declaration of Marguerite S. Nozaki ("Nozaki Decl."), ¶ 3. |
| 2 | On December 3, 1997, Plaintiff pled guilty to two counts of harassment in the Family Court of the First Circuit, State of Hawaii, and was sentenced to six months of probation. | *Id.* at p. 7, citing to Doc. No. 78-1, attached as Exhibit B to Nozaki Decl., ¶ 4. |
| 3 | As part of the terms of his probation, the judge ordered Plaintiff "to attend substance abuse assessment and…participate in counseling and/or treatment until clinically discharged or as directed by the probation officer." | *Id.* at p. 8, citing to Doc. No. 39-6, attached as Exhibit C to Nozaki Decl., ¶ 5. |
| 4 | In connection with his probation, Plaintiff was also ordered to surrender all firearms, ammunition, permits, and licenses to the Honolulu Police Department ("HPD"). | *Id.*, citing to Doc. No. 39-7 attached as Exhibit D to Nozaki Decl., ¶ 6. |

| | | |
|---|---|---|
| 5 | On November 4, 1998, Judge Dan Kochi issued an "Order Permitting Return of Firearms, Ammunition, Permits and Licenses, With Conditions," which stated, in relevant part, that HPD should return Plaintiff's firearms and ammunition "provided that the provisions of H.R.S. Chapter 134 are satisfied and that there are no…prohibitions under H.R.S. Section 134-7…" | *Id.* at pp. 8-9, citing to Doc. No. 78-4 attached as Exhibit E to Nozaki Decl., ¶ 7. |
| 6 | HPD promptly returned Plaintiff's firearms as a result of this order. | Amended Complaint ("Am. Compl."), ¶ 7 [Doc. No. 31]; Answer ("Ans."), ¶ 1 [Doc. No. 40]; Doc. No. 31. |
| 7 | As part of the Judgment, Plaintiff was required to "attend SUBSTANCE ABUSE ASSESSMENT and shall participate in counseling and/or treatment until clinically discharged or as directed by the probation officer." | Doc. No. 111 at p. 55, citing to Doc. No. 39-6 (Ex. C). |
| 8 | Plaintiff acknowledged that as part of the terms of his probation, he would be required to "undergo a substance abuse assessment and immediately undergo and complete any recommended treatment, whether residential or outpatient[.]" | *Id.* at p. 56, citing to Doc. No. 39-7 (Ex. D). |
| 9 | While the record does not indicate the substance underlying Plaintiff's probation requirement to attend the Drug and Alcohol Education Course, this Court noted that, based on Plaintiff's deposition transcripts, the substance appeared to be alcohol or intoxicating liquor. | *Id.*, citing to Doc. No. 99-2. |
| 10 | Plaintiff attended and completed a Twelve Hour Drug and Alcohol Education Course around February of 1998 presented by Hawaii Alcohol and Drug Safety Action Program. | *Id.*, citing to Doc. No. 39-8 attached as Exhibit F to Nozaki Decl., ¶ 8. |
| 11 | In the fall of 2009, Plaintiff submitted a permit application to HPD to own and possess a | Am. Compl., ¶ 20; Ans., ¶ 1 |

3

| | | |
|---|---|---|
| | firearm. | |
| 12 | On October 1, 2009, HPD informed Plaintiff that his application was denied and he was disqualified from owning and possessing a firearm under HRS § 134-7. | Am. Compl., ¶ 21; Ans. ¶ 1. |
| 13 | Plaintiff was also ordered to surrender the firearms he possessed to HPD, or to otherwise dispose of his firearms and ammunition within 30 days. | Am. Compl., ¶ 22; Ans. ¶ 1. |
| 14 | At his deposition taken on April 17, 2013, Plaintiff admitted that he received substance abuse counseling in the form of classes conducted by substance abuse counselors, as he was required to do by the Judgment and terms of probation. | Transcripts from the Deposition of Kirk C. Fisher taken on April 17, 2013 ("Fisher Tr.") at 48:23 to 50:17, attached as Exhibit G to Nozaki Decl. at ¶ 9. |
| 15 | There is no "medical documentation" indicating that Plaintiff is "no longer adversely affected" by drugs or alcohol. | Doc. No. 111, p. 57, fn. 35. |
| 16 | When HPD received Plaintiff's application for a firearms permit, it ran a background check on Plaintiff, and reviewed the police reports of the incident which occurred on November 5, 1997. The police reports indicated that Plaintiff had engaged in conduct which included violent behavior involving the use of physical force against his wife and daughter. | Doc. No. 90, citing to Declaration of Thomas T. Nitta ("Nitta Decl.") [Doc. 90-1], ¶ 11, attached as Exhibit H to Nozaki Decl., ¶ 10. |
| 17 | As it was apparent that Plaintiff's conviction of Harassment included violent behavior involving the use of physical force against his wife and daughter, HPD determined that Plaintiff's firearms permit application should be denied, and on October 1, 2009, correspondence was sent to Plaintiff informing him of the denial of his permit application. | Nitta Decl., ¶ 12 |

DATED:  Honolulu, Hawai'i, April 2, 2014.

4

        DONNA Y. L. LEONG
        Corporation Counsel

    By   /s/Marguerite S. Nozaki
        MARGUERITE S. NOZAKI
        Deputy Corporation Counsel

        Attorney for Defendants
        CITY AND COUNTY OF HONOLULU
        AND LOUIS KEALOHA