**Page 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

KIRK C. FISHER,                CIVIL NO.CV11 00589 ACK-BMK
         Plaintiff,       )
                          )
                          )
vs.                       )
                          )
                          )
LOUIS KEALOHA, as an      )
individual and in his     )
official capacity as      )
Honolulu Chief of Police; )
PAUL PUTZULU, as an       )
individual and in his     )
official capacity as former )
Honolulu Acting Chief of  )
Police; CITY AND COUNTY OF )
HONOLULU; HONOLULU POLICE )
DEPARTMENT and DOE        )
DEFENDANTS 1-50,          )
         Defendants.      )
_____)

DEPOSITION OF KIRK C. FISHER

     Taken on behalf of the Defendant City and County
of Honolulu, at the office of City and County of
Honolulu, Honolulu Hale, Room 110, 530 South King Street,
Honolulu, Hawaii, commencing at 9:00 a.m., on April 17,
2013, pursuant to Notice.

BEFORE:   LEIGH ANNE MEEKS, RPR, CSR NO. 483

---

**Page 2**

APPEARANCES
For Plaintiff in Civil No. CV11 00589 ACK-BMK:
    DONALD L. WILKERSON
    Law Offices of Donald L. Wilkerson
    Bishop Square, Pauahi Tower, Suite 1320
    1003 Bishop Street
    Honolulu, Hawaii 96813

For the Defendant City and County of Honolulu:
    D. SCOTT DODD
    Deputy Corporation Counsel
    Department of the Corporation Counsel
    City and County of Honolulu
    Honolulu Hale, Room 110
    530 South King Street
    Honolulu, Hawaii 96813

-o0o-

---

**Page 3**

INDEX

EXAMINATION BY:
    Mr. Dodd........................ 4
    Mr. Wilkerson........................ 50

-o0o-

INDEX OF EXHIBITS

                                        PAGE
Exhibit 1  Terms and Conditions of Probation      42
Exhibit 2  Acknowledgment of Receipt of           43
           conditions of Probation/DAGP/DANCP
           Supervision

-o0o-

---

**Page 4**

(Disclosure Available for Counsel.)
            KIRK C. FISHER,
        having been first duly sworn,
        testified upon his oath as follows:
            EXAMINATION
BY MR. DODD:
    Q.  Can you state your full name for the record?
    A.  Kirk Cogswell Fisher.
    Q.  Okay.  Mr. Fisher, my name is Scott Dodd, and I
represent the City defendants in this matter.  I'll be
using the word incident or occurrence to describe the
facts relating to your allegations and claims in this
lawsuit.  Is that okay?
    A.  Uh-huh.
    Q.  Okay.  One thing I ask is that you answer all
questions with -- verbally with a yes or a no because
uh-huh's or huh-uh's or shakes of the head don't appear
on the record.
    A.  Yes.
    Q.  Okay.  Thank you.
        You are familiar with the occurrence or
incident in this lawsuit.  Correct?
    A.  Yes.
    Q.  Okay.  Have you had an opportunity to speak
with your attorney before today to get ready for the

**EXHIBIT G**

1 (Pages 1 to 4)

## Page 45

1  Looking back at Exhibit 1, on the second
2  page, do you see a -- either an X or a check mark on the
3  upper left side of the page?
4  A.   Yes.
5  Q.   Okay.  Could you read what is just -- is right
6  next to that?
7  A.   The first X?
8  Q.   The first X.
9  A.   "You shall complete a domestic violence
10  counseling at your expense as decorated by your
11  probationary officer."
12  Q.   I think it's "directed," but thank you for
13  that.
14  Do you remember being required to complete
15  domestic violence counseling as a condition of your
16  probation?
17  A.   Yes.
18  Q.   Okay.  Do you have an understanding of why you
19  were required to complete domestic violence counseling as
20  part of your probation?
21  A.   Yes.
22  Q.   Okay.  What is that understanding?
23  A.   It was part of the judgment handed down by the
24  courts.
25  Q.   What did the domestic violence counseling

## Page 46

1  entail?
2  A.   It was more or less an anger management.
3  Q.   Were they classes?
4  A.   Yes.
5  Q.   Was there --
6  A.   A certain amount of hours, I believe, that went
7  on with it.
8  Q.   Do you remember how many hours?
9  A.   No.
10  Q.   Was it one session?
11  A.   No.
12  Q.   Was it --
13  A.   It was several.  I think, if I recall, a few
14  weeks.
15  Q.   Was it something -- or the type of thing where
16  you went several times a week in the evening?
17  A.   Yes.
18  Q.   Okay.  And there was a number of hours that you
19  had to take?
20  A.   Yes.
21  Q.   Okay.  Did you successfully complete the
22  domestic violence counseling?
23  A.   Yes.
24  Q.   Okay.  Did you feel that the domestic violence
25  counseling helped you?

## Page 47

1  A.   Oh, yeah.
2  Q.   Okay.  Below -- looking back at Exhibit 1, just
3  below that first X, do you see a check mark on the left
4  side of the page?
5  A.   Yes.
6  Q.   Could you read the writing that is just next to
7  that check mark?
8  A.   "You should complete a parental" -- "parenting
9  class at your expense as decorated by your probationary
10  officer."
11  Q.   Okay.  Again, I think it's "directed."
12  A.   Directed.  Sorry I keep pronouncing it that
13  way.
14  Q.   No problem.
15  So is it your understanding that you were
16  required to complete parenting classes as a condition of
17  your probation?
18  A.   Yes.
19  Q.   And did you have an understanding of why you
20  were required to complete the parenting classes?
21  A.   Yes.
22  Q.   And what was that understanding?
23  A.   It was a judgment handed down by the courts.
24  Q.   Okay.  And do you remember what those parenting
25  classes entailed?

## Page 48

1  A.   They're very similar to the other class and
2  there was a certain amount of hours that went with that.
3  Q.   Did you -- were you able to take the classes at
4  the same time, the domestic violence and the parenting
5  classes?
6  A.   No.  They were separate, I believe.
7  Q.   Okay.  So it was like a different instructor?
8  A.   Yes.
9  Q.   Okay.
10  A.   Yes, indeed.
11  Q.   Did you successfully complete the parenting
12  classes?
13  A.   Yes.
14  Q.   And do you see another X below that line?
15  A.   Yes.
16  Q.   Okay.  Could you read that for us, please?
17  A.   "You shall undergo a substance abuse assignment
18  and immediately undergo and complete any recommended
19  treatment, whether residential or" -- what is that?
20  Q.   "Outpatient."
21  A.   -- "outpatient, all at your own expense and as
22  directed by your probationary officer."
23  Q.   Okay.  So was it your understanding that you
24  needed to do a substance abuse assessment as a condition
25  of the probation?

Page 49

1    A.   Yes.
2    Q.   Okay.  Did you undergo a substance abuse
3  assessment?
4    A.   Yes.
5    Q.   What was that?  What was that assessment?  How
6  did that work?
7    A.   That was interesting.  That went really well.
8    Q.   How did they conduct that?  Like, how did they
9  do that?
10    A.   It was a classroom.
11    Q.   Did you take a test or something?
12    A.   I don't recall.
13    Q.   Did they have a counselor there talk to you?
14    A.   Yes.  And it was also a certain time period
15  like the other classes.
16    Q.   So there were classes?
17    A.   Yeah.
18    Q.   Okay.  Do you remember what the assessment --
19  like, what the conclusion was?
20    A.   I passed the course.
21    Q.   Okay.  So you -- did you -- were you required
22  to take substance abuse counseling?
23    A.   Yeah, I believe that was part of the criteria
24  here.  All of this was counseling.
25    Q.   Okay.  And you remember taking some classes for

Page 50

1  the substance abuse counseling?
2    A.   Yes.
3    Q.   Do you remember how many?
4    A.   But it -- like I said, it was, you know,
5  several weeks.
6    Q.   Were they all about the same amount of hours,
7  each of the three?
8    A.   I believe so, yes.
9    Q.   So they all completed around the same time?
10    A.   Yes.
11    Q.   Okay.  Were you given certificates for -- when
12  you completed these courses or classes?
13    A.   I think so.  I'd have to go through my records
14  and look.  I'd have to show them something of completion.
15    Q.   Okay.  And is it your understanding that you
16  successfully completed all of the classes?
17    A.   Yes.
18    Q.   Okay.  Mr. Fisher, I think that is all of the
19  questions I have for you today.  For the signature --
20       MR. WILKERSON:  I've got a couple.
21       MR. DODD:  Oh, you've got a couple
22  questions.  Okay.  Excuse me.
23          EXAMINATION
24  BY MR. WILKERSON:
25    Q.   Mr. Fisher, with regard to this last line of

Page 51

1  questioning about the substance abuse assessment, now,
2  you've never been diagnosed as being an alcoholic.
3  Correct?
4    A.   That is correct.
5    Q.   And when -- just for clarification, this order,
6  State's Exhibit Number 1 here, is -- refers to a
7  substance abuse assessment and undergo and complete
8  treatment if recommended.
9    A.   There was no recommendation of me going through
10  another treatment.
11    Q.   Okay.  So did you just go through an assessment
12  or were you assessed and told that you needed to get
13  treatment after that?
14    A.   Was never told that I had to get treatment
15  after that.
16    Q.   So would it be fair to say that you just got
17  the substance abuse assessment and the assessment
18  concluded that you did not need treatment?
19    A.   Yes.
20       MR. WILKERSON:  Nothing further.
21       MR. DODD:  No further questions.
22       You're going to have an opportunity to sign
23  your transcript.  I assume that the transcript will be
24  given to your attorney who will then make it available
25  for you to review and sign.  Do you wish to retain the

Page 52

1  right to review and sign your transcript?
2       MR. WILKERSON:  Yeah.
3       MR. DODD:  Okay.
4       THE WITNESS:  Yes.
5       MR. DODD:  Fair enough.  Thank you very
6  much for your time, sir.
7       (Deposition concluded at 10:32 a.m.)

Page 53

1    WITNESS CERTIFICATE
2
3    I, KIRK C. FISHER, hereby certify that I have read the
4    foregoing typewritten pages 1 through 54, inclusive, and
5    corrections, if any, were noted by me, and the same is a
6    true and correct transcript of my testimony.
7
8
9    Dated this _____ day of _____, 2013.
10
11
12    _____
13    KIRK C. FISHER
14
15
16    Signed before me this _____ day of _____, 2013.
17
18
19    _____
20
21
22    Deposition of:  KIRK C. FISHER
      Taken on:   April 17, 2013
23    Fisher v. Kealoha, et al.
      CV11 00589 ACK-BMK
24    By:  Leigh Anne Meeks, RPR, CSR 483
25

Page 54

1        CERTIFICATE
2    STATE OF HAWAII          )
3                             ) SS.
4    CITY AND COUNTY OF HONOLULU   )
5
6        I, LEIGH ANNE MEEKS, do hereby certify:
7        That on April 17, 2013, at 9:00 a.m.,
     appeared before me KIRK C. FISHER, the witness whose
8    54-page deposition is contained herein; that prior to
     being examined, he was, by me, duly sworn or affirmed
9    pursuant to Act 110 of the 2010 Session of the Hawaii
     State Legislature; that the deposition was taken down by
10   me in machine shorthand and was thereafter reduced to
     typewritten form under my supervision; that the foregoing
11   represents, to the proceedings had in the foregoing
     matter; that pursuant to Rule 30(e) of the Hawaii Rules
12   of Civil Procedure, a request for an opportunity to
     review and make changes to this transcript was made by
13   the deponent or a party prior to the completion of the
     deposition.
14
15       I further certify that I am not an attorney
     for any of the parties hereto, nor in any way concerned
16   with the cause.
17       DATED this 29th day of April, 2013, in
     Honolulu, Hawaii.
18
19
20
21   _____
     LEIGH ANNE MEEKS, RPR, CSR NO. 483
22
23
24
25