IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| KIRK C. FISHER, | ) CIVIL NO. CV11 00589 ACK-BMK |
| Plaintiff, | ) |
| vs. | ) DECLARATION OF |
| | ) THOMAS T. NITTA |
| LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; PAUL PUTZULU, as an individual and in his official capacity as former Honolulu Acting Chief of Police; CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT and DOE DEFENDANTS 1-50, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## DECLARATION OF THOMAS T. NITTA

I, THOMAS T. NITTA, do hereby declare as follows:

1. I am currently a Major with the Honolulu Police Department ("HPD") and have been employed in law enforcement for the past thirty-five (35) years.

2. I am currently in charge of the Records and Identification Division and have been since April, 2011.

3. As the Major in charge of the Records and Identification Division, it is my responsibility to oversee the processing of firearm permits and the background checks associated with carrying licenses.

**EXHIBIT H**

4. The Major in charge of the Records and Identification Division makes the ultimate decision as to whether any particular application for a firearm is granted or denied.

5. When Mr. Fisher submitted his application for a permit to acquire firearms, HPD reviewed his application and determined that Mr. Fisher's application be denied. On October 1, 2009, correspondence was sent to Mr. Fisher by Kurt B. Kendro (the Major then in charge of the Records and Identification Division) denying his application.

6. On August 31, 2010, Mr. Fisher's lawyer, Donald L. Wilkerson, Esq. submitted a letter seeking reconsideration of HPD's denial of Mr. Fisher's firearms permit application.

7. Officer Jonathan Tanodra conducted the review of Mr. Fisher's original firearms permit application and Mr. Wilkerson's request for reconsideration of the denial of Mr. Fisher's original application. Officer Tanodra has since passed away.

8. Although I was not in charge of the Records and Identification Division when Mr. Fisher submitted his application to acquire a firearms permit, I am familiar with his application, and with how HPD processes firearms permit applications.

9. When a firearms application permit is received, HPD runs a background check on the individual making the application. If an applicant has been convicted of a crime of violence, HPD will deny the application. If an applicant has been convicted of the crime of Harassment, HPD will attempt to determine if the particular conviction involved violent behavior, specifically, the use of physical force, and whether such violence occurred within a domestic relationship.

10. If it can be adequately determined that an applicant's conviction for Harassment includes violent behavior which involves the use of physical force against the victim, or includes such violent behavior in a domestic relationship, HPD will deny the application for a firearms permit.

11. When HPD received Mr. Fisher's application for a firearms permit, we ran a background check on Mr. Fisher, and we reviewed the police reports of the incident which occurred on November 5, 1997 and for which Mr. Fisher was ultimately convicted of the crime of Harassment. The police reports indicated that Mr. Fisher had engaged in conduct which included violent behavior involving the use of physical force against his wife and daughter.

12. As it was apparent that Mr. Fisher's conviction of Harassment included violent behavior involving the use of physical force against his wife and daughter, it was determined that Mr. Fisher's firearms permit application should be

denied, and on October 1, 2009, correspondence was sent to Mr. Fisher informing him of the denial of his permit application.

13. I understand that Mr. Fisher also states that he does not have the ability to appeal the decision to deny his firearms permit application. This is not correct. Mr. Fisher, as any applicant whose firearms application permit is denied, is always able to reapply, at no additional charge, and to submit further information to HPD for further consideration of his application. HPD takes all such requests for reconsideration of a permit application seriously, and will re-evaluate all information originally available, and review any additional information submitted by the applicant.

14. In fact, in this case, Mr. Fisher did submit a request for reconsideration of the denial of his firearms permit application. Mr. Fisher's attorney, Donald L. Wilkerson, Esq., sent Chief Kealoha a letter dated August 31, 2010 demanding that HPD grant Mr. Fisher's firearms permit application. Upon receipt of Mr. Wilkerson's letter, HPD reviewed its original investigation of his firearms permit application, and its initial decision to deny Mr. Fisher's firearms permit application. Upon reconsideration, HPD determined that it had made the correct decision when it had previously denied his firearms permit application, and informed Mr. Wilkerson via letter dated September 29, 2010 that it stood by the denial of his firearms permit application. Mr. Fisher could also have applied to the

State of Hawai'i's Department of the Attorney General and requested to have his record expunged.

    I, THOMAS T. NITTA, DO DECLARE UNDER PENALTY OF LAW THAT THE FOREGOING IS TRUE AND CORRECT.

    DATED: Honolulu, Hawai'i, July 19, 2013.

                                                    /s/ Thomas T. Nitta
                                                  THOMAS T. NITTA

11-07807/291369