LAW OFFICES OF DONALD L. WILKERSON
DONALD L. WILKERSON     5730
1003 Bishop Street, Suite 703
Honolulu, Hawaii 96813
Telephone: (808) 533-4447
Facsimile:  (808) 369-8289
Email:  don@allislandslaw.com

TE-HINA ICKES  9012
1003 Bishop Street, Suite 703
Honolulu, Hawaii 96813
Telephone: (808) 533-4447
Facsimile:  (808) 369-8289
Email: tehina@gmail.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KIRK C. FISHER, | CIVIL NO. 11-00589 ACK/BMK |
| Plaintiff, | PLAINTIFF KIRK C. FISHER'S MEMORANDUM IN OPPOSITION TO DEFENDANTS LOUIS KEALOHA AND CITY AND COUNTY OF HONOLULU'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION FOR RECONSIDERATION; CERTIFICATE OF SERVICE |
| vs. | |
| LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; PAUL PUTZULU, as an individual and in his official capacity as former Honolulu Acting Chief of Police; CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT and DOE DEFENDANTS 1-50, | |
| | Hearing: |
| | Date:  June 16, 2014 |
| Defendants. | Time: 10:00 a.m. |
| | Judge: The Honorable Alan C. Kay |

# PLAINTIFF KIRK C. FISHER'S MEMORANDUM IN OPPOSITION TO DEFENDANTS LOUIS KEALOHA AND CITY AND COUNTY OF HONOLULU'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION FOR RECONSIDERATION

Plaintiff, by and through his attorneys, hereby submits his Memorandum in Opposition to Defendants Louis Kealoha and City and County of Honolulu's Motion for Summary Judgment, or in the Alternative for Reconsideration, filed April 2, 2014. Pursuant to LR 6.1 and LR 7.4, the Opposition shall be filed and served on or before May 23, 2014.

In their Motion, Defendants argue that (1) this Court should reconsider its September 30 or because, under intervening law, Plaintiff is precluded from obtaining a firearm; (2) the claims against Defendant Kealoha should be dismissed because he is entitled to qualified immunity; and (3) the Court should dismiss Plaintiff's Amended Complaint as to all Defendants because Plaintiff has no standing to assert claims under and deriving from the Second Amendment. For the reasons set forth herein, Defendants Motions should be DENIED.

In support of Plaintiff's opposition, Plaintiff submits his Concise Statement of Material Fact in Opposition and Memorandum of Law.

## I.   STATEMENT OF THE CASE

On September 28, 2011, Plaintiff filed his Complaint against Defendants Louis Kealoha (hereinafter "Kealoha"), Paul Putzulu (hereinafter "Putzulu") and the City and County of Honolulu (hereinafter "City"), asserting two claims for violations of his 2nd, 5th, an d14th Amendment rights. See ECF No. 1.

Defendants filed motions for "partial" dismissal of Plaintiff's Complaint. See ECF Nos. 6 and 16-1. The Court (1) dismissed the claims against the City without prejudice, (2) dismissed part of the claims against Kealoha without

prejudice, (3) dismissed all claims against HPD with prejudice, and (4) dismissed the 5th Amendment claim with prejudice. See ECF No. 25.

Plaintiff filed his Amended Complaint against Kealoha as an individual and in his official capacity, Putzulu as an individual and in his official capacity[1], and the City, alleging two counts: (1) Violations of 2nd and 14th Amendment and 42 U.S.C. §1983 as to all defendants and (2) the 14th Amendment and 42 U.S.C. §1983 as to all defendants. See ECF No. 31.

On March 19, 2012, Plaintiff filed his Motion for Preliminary Injunction. See ECF No. 18.

Following a hearing and extensive briefing on Plaintiff's Motion for Preliminary Injunction, the Court issued its Order Granting Plaintiff Kirk C. Fisher's Motion for Preliminary Injunction on June 29, 2012. See ECF No. 35.

This Court concluded (1) that Plaintiff is likely to establish statutory entitlement to firearm possession under Hawaii State law, Id. at 19; (2) that Plaintiff is likely to succeed in establishing that Harassment is not a misdemeanor crime of violence, thus demonstrating that he is not statutorily disqualified from firearm ownership pursuant to his Harassment conviction under state or federal law, Id. at 23; (3) that Defendants' denial of Plaintiff's application of a permit to acquire a firearm, as well as their order that Plaintiff relinquish all firearms and ammunition in his possession, impacted Plaintiff's constitutionally protected right to bear arms for self-defense in the home, Id. at 24-25; (4) that Plaintiff's conviction for Harassment is not clearly a misdemeanor crime of violence pursuant to which Plaintiff would be statutorily disqualified from firearm

---

[1] Plaintiff concedes that Putzulu has not been served with either the Complaint or Amended Complaint. At a hearing of September 17, 2013, Plaintiff's counsel voluntarily dismissed Putzulu.

3

ownership, Id. at 25 n. 21; (5) that Defendant's actions not only impacted Plaintiff's property interests with respect to future firearms ownership, but also denied Plaintiff of the enjoyment of property he already owned, Id. at 28; (6) that Plaintiff is likely to establish that he is not statutorily disqualified from firearm ownership based upon his conviction for Harassment under H.R.S. §711-1106(1)(a), and that Defendant's actions likely deprived Plaintiff of his 14th Amendment right to procedural due process, Id.; (7) that Plaintiff is likely to succeed on the merits with respect to his official capacity claims against Defendant KEALOHA based upon infringement of his 2nd Amendment and 14th Amendment right in violation of Section 1983, Id.; (8) that Plaintiff was deprived on a liberty and property interest, Id. at 31; and (9) that it is in the public interest to uphold Plaintiff's constitutional right to bear arms in self-defense within the home, Id. at 34.

This Court accordingly found that plaintiff was likely to succeed on the merits, Id. at 16, would be irreparably harmed in the preliminary injunction was not granted, Id. at 30, that the granting of the injunction was in the public interest, Id. at 33, and the balance of equities in granting of injunctive relief tips in Plaintiff's favor, Id. at 36.

Based on the reasons set forth in the Order of June 29, 2012, the Court issued an Order requiring Defendant KEALOHA to rescind the prior denial of Plaintiff's permit to acquire firearms and to issue a permit authorizing Plaintiff to acquire firearms. Id. at 36.

Defendants filed a Motion for Reconsideration of the 2012 Preliminary Injunction. See ECF No. 39. The Motion was denied. See ECF No. 50.

On February 25, 2013, Plaintiff filed his Motion for Summary Judgment and his Motion for Permanent Injunction. See ECF Nos. 75 and 77. Defendants filed

Oppositions on July 22, 2013. See ECF Nos. 89 and 90. Two Amicus Curiae Briefs were filed by the Hawaii Defense Foundation and Brady Center to Prevent Gun Violence on February 1, 2013, and July 23, 2013, respectively. See ECF Nos. 73 and 93. On August 12, 2013, all parties were ordered to submit supplemental briefing regarding the Descamps v. United States, a Supreme Court case the Court found to be controlling regarding Plaintiff's Motions. The parties complied. See ECF Nos. 105, 106, 104, and 103.

On September 30, 2013, this Court entered its Order (1) Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment and (2) Denying Plaintiff's Motion for Permanent Injunction (hereinafter "September 30 order"). See ECF No. 111. This Court concluded (1) Plaintiff's conviction for harassment does not disqualify him under 18 U.S.C. §922(g)(9) from possessing firearms; (2) H.R.S. §134-7(b) does not disqualify Plaintiff from exercising his 2nd Amendment rights because the Court cannot conclude that his convictions for harassment constitute a crime of violence; (3) City Defendants raised a genuine issue of material fact as to whether Plaintiff participated in "treatment of counseling" for substance abuse, and whether Plaintiff has "medical" documentation that he is no longer "adversely affected" by substances; (4) Plaintiff has not established that he has a liberty or property interest under the 2nd Amendment cause there is a genuine issue of material fact regarding his alleged treatment or counseling for substance abuse; and (5) because Plaintiff has not established that he is qualified to bear firearms under the 2nd Amendment, he has not succeeded on the merits to obtain a permanent injunction. Id. at pp. 32-33, 54, 57-58, and 61-62.

## II. STATEMENT OF FACTS

*See* Plaintiff's Concise Statement of Material Facts in Opposition to Defendants Louis Kealoha and City and County of Honolulu's Motion for Summary Judgment, or in the Alternative , Motion for Reconsideration filed concurrently herewith.

## III. APPLICABLE LAW

### A. Legal Standard on Motion for Reconsideration

It is well settled in the Ninth Circuit that Courts have "established three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice." Great Hawaiian Financial Corp. v. Aiu, 116 F.R.D. 612, 616 (D. Haw. 1987) (citations omitted), rev'd on other grounds, 863 F.2d 617 (9th Cir. 1988).

The District of Hawaii has implemented these standards in LR 60.1.

### B. Legal Standard on Motion for Summary Judgment

The purpose of summary judgment is to identify and dispose of factually unsupported claims and defenses.  See Celotex Corp.v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is therefore appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Querubin v. Thronas, 107 Haw. 48, 56, 109 P.3d 689, 697 (Haw. 2005).

    *              *              *

The moving party has the burden of persuading the court as to the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party may do so with affirmative evidence or by "showing - - that is pointing out to the district court - - that there is an absence of evidence to support the nonmoving party's case." Id. at

> 325. All evidence and reasonable inferences drawn therefrom is considered in the light most favorable to the non-moving party. See, e.g., T.G. Elec. Serv. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987). So, too, the court's role is not to make credibility assessments. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accordingly, if "reasonable minds could differ as to the import of the evidence," summary judgment will be denied. Id. at 250-51.

White v. Sabatino, 415 F.Supp.2d 1163, 1168-69 (D.Haw. 2006).

"Legal memoranda and oral argument are not evidence and do not create issues of fact." Id. at 1169, fn.3 (quoting British Airways Bd. v. Boeing Corp., 585 F.2d 946, 952 (9th Cir. 1978)).

## IV. ARGUMENT

### A. United States v. Castleman does not preclude Plaintiff from obtaining firearms under federal law

Defendants argue that the March 26, 2014, U.S. Supreme Court decision in United States v. Castleman, 134 S.Ct. 1405 (2014) constitutes an intervening change in controlling law justifying reconsideration of this Court's September 30 Order. It does not. As such, reconsideration must be DENIED.

Castleman had been charged under 18 U.S.C. §922(g)(9), which forbids the possession of firearms by anyone convicted of a "misdemeanor crime of violence." Id. Castleman had a 2001 conviction in a Tennessee court for "intentionally or knowingly caus[ing] bodily injury to" the mother of his child. Id. at 1408. The Supreme Court held that this conviction qualifies as a misdemeanor crime of violence. Id.

In so holding, the Supreme Court noted that

> [T]his country witnesses more than a million acts of domestic violence, and hundreds of deaths from domestic violence, each year. Domestic violence often escalates in severity over time, and the presence of a firearm

7

> increases the likelihood that it will escalate to homicide. "[A]ll to often," as one Senator noted during the debate over §922(g)(9), "the only difference between a battered woman and a dead woman is the presence of a gun."

Id. at 1408-1409 (internal citations omitted).

With these "sobering facts" in mind, the Castleman Court addressed the meaning of one phrase in the definition of "misdemeanor crime of domestic violence" in 18 U.S.C. §922 (g)(9): "the use of ... physical force." Id. at 1409. It is clear that Castleman must be narrowly construed to apply only to misdemeanor crimes of **domestic violence**.

First, the Castleman Court analyzed what type of conduct satisfies the requirement of "physical force" for purposes of §922(g)(9). "The requirement of 'physical force' is satisfied by the degree of force that supports a common-law battery conviction." Id. at 1413. At "common law, the element of force in the crime of battery was 'satisfied by even the slightest offensive touching." Id. at 1412.

Second, the Court applied the definition of "physical force" to whether Castleman's prior conviction qualified as a "misdemeanor crime of domestic violence."

> In doing so, we follow the analytic approach of Taylor v. United States, 495 U.S. 575 (199), and Shepard v. United States, 544 U.S. 13 (2005). We begin with Taylor's categorical approach, under which we look to the statute of [the defendant's] conviction to determine whether that conviction necessarily "ha[d], as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon.' §921(a)(33)(A)

Id.

The statute of conviction in the instant case is **Harassment,** in violation of H.R.S. §711-1106 (1)(a). It states that (1) A person commits the offense of harassment if, with intent to harass, annoy or alarm the other person, that person:

8

(a) strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact. Id. Under the categorical approach, as applied in Castleman the Court may "look only to the statutory definitions" – *i.e.*, the elements – of a defendant's prior offenses, and *not* "to the particular facts underlying those convictions." Taylor v. United States, 495 U.S. 575 (1990). "The key ... is the elements, not facts." Descamps v. U.S., 133 S. Ct. 2276, 2281 (2013).

In Mr. Fisher's case, Harassment is not a "misdemeanor crime of domestic violence" that triggers Castleman analysis. A "misdemeanor crime of domestic violence" is defined as a misdemeanor and has, as an element, the use or attempted use of physical force ... committed by **a current or former spouse, parent or guardian of the victim**. 18 U.S.C. §921 (emphasis added). The Hawaii Harassment statute does not designate who "another person" or the "other person" is. It does not assign any particular status to "another person" or the "other person".

Mr. Fisher's Harassment conviction cannot be construed to be a "misdemeanor crime of domestic violence" even under the modified categorical approach, which allows the Court a limited examination of approved and reliable documents, etc. from the earlier case in order to determine what exactly a defendant was convicted of. The analysis is limited to "the [(1)]statutory definition, [(2)]charging document, [(3)]written plea agreement, [(4)]transcript of plea colloquy, and [(5)]any explicit finding by the trial judge to which the defendant assented." Shepard v. United States, 544 U.S. 13, 16 (2005).

"Police reports and criminal complaint applications [will] not do." U.S. v. Armstead, 467 F.3d 943, 947 (6th Cir. 2006). In fact, in the September 30 Order, this Court rejected Defendants' submissions of the police reports as unreliable.

See ECF. No. 111.  Courts are not allowed to consider police reports when determining the elements of the crime unless the offender in some way admits the truth of the information contained in the report as part of his plea.  Shepard v. U.S., 544 U.S. 13, 17-19, 125 S.Ct. 1254, 1258-59 (2005).  Id. at 28.  In this case, the factual basis for Plaintiff's guilty pleas is unknown, and the record does not indicate that the guilty pleas integrated the alleged facts from the reports.  Id.

This Court applied the same analysis to the officer declarations, the probable cause statement and witness statements which were provided by Defendants .  Id. at 28-29.  Moreover, victim or witness statements do not fall within the category of reliable documents to determine facts forming the basis of Plaintiff's guilty plea.  Id. at 30.

This Court also rejected Defendants reliance on Plaintiff's deposition testimony, taken April 17, 2013.  Based on 9th Circuit law, Plaintiff's admissions in his deposition do not qualify as a document that may be considered under the modified categorical approach.  Id. at 31.

In short, under either the categorical or modified categorical approach, Mr. Fisher's conviction does not satisfy the definition of "misdemeanor crime of domestic violence" because neither the statute of conviction (See Taylor), nor the approved and reliable court documents (See Shepard) indicate that Mr. Fisher is or was a "current or former spouse, parent or guardian of the victim." See 18 U.S.C. §921.  Because the charging document and the judgment do not indicate the "status" of the complainants, the categorical approach and the modified categorical approach requires the conclusion that Plaintiff's conviction cannot be covered by the Lautenberg Amendment.  See Descamps v. U.S., 133 S. Ct. 2276, 2281 (2013).

Castleman does not constitute an intervening change in controlling law justifying reconsideration of this Court's September 30 Order. As such, reconsideration must be DENIED.

### B.  Defendant Kealoha is not entitled to Qualified Immunity

Police officers are not entitled to absolute immunity. See Imbler v. Pactman, 424 U.S. 409, 418-419 (1976); Elliot-Park v. Manglona, 592 F.3d 1003, 1006 (9th Cir. 2010) (stating police officers are entitled only to qualified immunity in §1983 cases). Municipal employees sued in their official capacity are not entitled to qualified immunity in a §1983 action. Eng v. Cooley, 552 F.3d 1062, 1064 n.1 (9th Cir. 2009).

Qualified immunity is only an immunity from suit for damages, it is not an immunity from suit for declaratory or injunctive relief. See L.A. Police Protective League v. Gates, 995 F.2d 1469, 1472 (9th Cir. 1993). Here, Defendant Kealoha has been sued for injunctive relief.

The Supreme Court has set forth a two-part analysis for resolving government officials' qualified immunity claims. Saucier v. Katz, 533 U.S. 194, 201 (2001), *overruled in part on other grounds by* Pearson v. Callahan, 555 U.S. 223, 236 (2009). First, the Court must consider whether the facts "[t]aken in the light most favorable to the party asserting the injury ... show [that] the [defendant's] conduct violated a constitutional right[.]" Saucier, 533 U.S. at 201. Second, the Court must determine whether the right was clearly established at the time of the alleged violation. Id. The court need not proceed through the two-step inquiry sequentially. A.D. v. Markgraf, 636 F.3d 555, 559 (9th Cir. 2011).

The court has stressed that "the right allegedly violated must be defined at the appropriate level of specificity before a court can determine if it was clearly established." Dunn v. Castro, 621 F.3d 1196, 1201 (9th Cir. 2010). "Whether the

11

law was clearly established is an objective standard; the defendant's subjective understanding of the constitutionality of his conduct is irrelevant." Clairmont v. Sound Mental Health, 632 F.3d 1091, 1109 (9th Cir. 2011) (internal quotation marks and citation omitted).

Here, Mr. Fisher alleges that Defendants wrongfully denied his application for a permit to acquire firearms and said denial resulted in violations of his 2nd and 14th Amendment rights. At all times relevant herein, these laws and rights were clearly established.

Qualified or "good faith" immunity is defeated if an official knows or reasonably should know that the action he takes within his sphere of official responsibility will violate the constitutional rights of the plaintiff, or if he takes the action with the malicious intention to cause a deprivation of constitutional rights or other injury. Harlow v. Fitzgerald, 457 U.S. 800, 815, 102 S.Ct. 2727, 2737 (1982).

Once a court determines that "the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing [the official's] conduct." Harlow, 457 U.S. at 818-819. Moreover, unlawful enforcement of an otherwise valid statute demonstrates unreasonable behavior depriving the government official of qualified immunity. Pierce v. Multnomah County, Or., 76 F.3d 1032, 1037 (9th Cir. 1996).

1. Plaintiff's prior treatment or counseling

Defendants correctly point out that as a condition of probation for his Harassment conviction, Mr. Fisher was required to "attend substance abuse assessment and shall participate in counseling and/or treatment until clinically discharged or as directed by the probation officer" See ECF No. 111 at 55, citing to Doc. No. 39-6 (Ex.C). Defendants place great emphasis on the claim that Mr.

Fisher has never been medically documented to be no longer adversely affected by the addiction.

In October 2009 and September 2010, when HPD denied Mr. Fisher's permit to acquire firearms, HPD based their decisions on a review of the police reports that alleged conduct involving the use of physical force against his wife and daughter. See ECF No. 90-1, the Declaration of Thomas T. Nitta ("Nitta Decl.") The denial was not based on Mr. Fisher's treatment for alleged substance abuse pursuant to HRS §134-7(c)

Following this Court's June 29, 2012, Order Granting Plaintiff's Motion for Preliminary Injunction, Plaintiff re-applied for a permit to acquire firearms. Plaintiff completed the State of Hawaii, HPD and FBI's applications and received his permit to acquire firearms. As part of the process, HPD contacted Plaintiff's medical doctor and obtained medical documentation that Plaintiff is not adveresly affected by an addiction to, abuse of, or dependence on any alcohol or drug, and that Plaintiff does not suffer any mental disease, disorder, or defect. Upon information and belief, HPD the medical documentation is in the care, custody and control of HPD. See Declaration of Kirk C. Fisher, dated May 23, 2014.

      2.    <u>Kealoha knew or should have known the applicable law at the time of the denial</u>

On August 31, 2010, Mr. Fisher, through undersigned counsel, wrote to Kealoha and requested that HPD grant his Application for a Permit to Acquire Firearms and to rescind the prior order instructing Mr. Fisher to surrender or dispose of his firearms. See ECF No. 31 and ECF No. 33-3. Kealoha was informed of Plaintiff's position on the state of firearms law as it related to Plaintiff. Furthermore, **Kealoha was advised to forward the request to his attorney or Corporation Counsel**. See ECF No. 33-3 at p.1. Kealoha should not

be allowed to now feign ignorance and rely on the argument now raised by the City that he cannot be expected to predict the future course of Constitutional law.

### C. Plaintiff has standing

Mr. Fisher has standing. Article III restricts the judicial power to actual "cases" and "controversies," a limitation understood to confine the federal judiciary to "the traditional role of Anglo-American courts, which is to redress or prevent actual or imminently threatened injury to persons cause by private or official violation of the law." Ezell v. Chicago, 651 F.3d 684, 694-695 (7th Cir. 2011) (citing Summers v. Earth Island Inst., 555 U.S. 488, 129 S.Ct. 1142, 1148 (2009); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-560, 112 S.Ct. 2130 (1992); U.S. Const. Art. III, §1.

Standing exists when "the plaintiff suffers an actual or impending injury, not matter how small; the injury is caused by the defendant's acts; and a judicial decision in the plaintiff's favor would redress the injury." Bauer v. Shepard, 620 F.3d 704, 708 (7th Cir. 2010) (citing Summers, 555 U.S. 488, 129 S.Ct. 1142 and Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003 (1998)).

In this case, Mr. Fisher's application for a permit to acquire firearms was denied by Defendants, even though he is fit and not statutorily disqualified. See Sections IV.A. and IV.B. *supra*. Due to the denial, Mr. Fisher has been deprived of liberty and property. Mr. Fisher wishes to keep and bear arms pursuant to the Second and Fourteenth amendments.

/
/
/
/

## VI. <u>CONCLUSION</u>

Based on the foregoing, Plaintiff respectfully requests that Defendants' Motion for Summary Judgment, or in the Alternative Motion for Reconsideration be **DENIED**.

DATED: Honolulu, Hawaii, May 23, 2014.

                                                                                          */s/ Te-Hina Ickes*
DONALD L. WILKERSON
TE-HINA ICKES
Attorneys for Plaintiff
KIRK C. FISHER