LAW OFFICES OF DONALD L. WILKERSON
DONALD L. WILKERSON     5730
1003 Bishop Street, Suite 703
Honolulu, Hawaii 96813
Telephone: (808) 533-4447
Facsimile:  (808) 369-8289
Email:  don@allislandslaw.com

TE-HINA ICKES  9012
1003 Bishop Street, Suite 703
Honolulu, Hawaii 96813
Telephone: (808) 533-4447
Facsimile:  (808) 369-8289
Email: tehina@gmail.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KIRK C. FISHER,<br><br>    Plaintiff,<br><br>vs.<br><br>LOUIS KEALOHA, in his individual capacity and his official capacity as Honolulu Chief of Police; PAUL PUTZULU, in his individual capacity and his official capacity as Honolulu Acting Chief of Police; CITY AND COUNTY OF HONOLULU; HONOLULU POLICE DEPARTMENT and DOE DEFENDANTS 1-50,<br><br>    Defendants.<br>_____ | CIVIL NO.  11-00589 ACK/BMK<br><br>**PLAINTIFF'S CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANTS LOUIS KEALOHA AND CITY AND COUNTY OF HONOLULU'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION FOR RECONSIDERATION; DECLARATION OF KIRK C. FISHER; DECLARATION OF TE-HINA ICKES; EXHIBIT "1"; CERTIFICATE OF SERVICE** |

**PLAINTIFF'S CONCISE STATEMENT OF FACTS IN OPPOSITION TO DEFENDANTS LOUIS KEALOHA AND CITY AND COUNTY OF HONOLULU'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, MOTION FOR RECONSIDERATION**

Plaintiff, by and through his undersigned counsel, pursuant to Rules of the United States District Court, Local Rule 56.1, submits the following Concise Statement of Material Facts in opposition to Defendants' Motion for Summary Judgment, or in the alternative, Motion for Reconsideration.

Facts 1-17 correspond to Defendant's Facts and Supporting Evidence in Support of their Motion. Facts 3-7 correspond to Plaintiff's facts and evidence in support of the Opposition.

|   | MATERIAL FACT | EVIDENTIARY SUPPORT |
|---|---|---|
| 1 | Undisputed. | |
| 2 | Undisputed. | |
| 3 | Undisputed. | |
| 4 | Disputed in part. | ECF. No. 31, p. 6, ¶15; ECF No. 78-4, attached as Exhibit E to Nozaki Decl., p. 2 |
| 5 | Undisputed. | |
| 6 | Undisputed. | |
| 7 | Undisputed. | |
| 8 | Undisputed. | |
| 9 | Undisputed. | |

| 10 | Undisputed. | |
|----|-------------|---|
| 11 | Undisputed. | |
| 12 | Undisputed. | |
| 13 | Undisputed. | |
| 14 | Undisputed. | |
| 15 | Disputed. | Declaration of Kirk C. Fisher |
| 16 | It is undisputed that this is an accurate summary of the contents of ECF. No. 90-1 (the Declaration of Thomas T. Nitta). The allegations that Plaintiff engaged in conduct which included violent behavior involving the use of physical force against his wife and daughter are disputed. | |
| 17 | It is undisputed that this is an accurate summary of the contents of ECF. No. 90-1 (the Declaration of Thomas T. Nitta). The allegations that Plaintiff engaged in conduct which included violent behavior involving the use of physical force against his wife and daughter are disputed. | |
| 18 | In or around November 20, 1997, pursuant to a Family Court Order implementing H.R.S. §806-11 and §134-7, Mr. Fisher was ordered to surrender all firearms, ammunition, permits and licenses to the HPD. | ECF. No. 31, ¶15; ECF No. 78-4, attached as Exhibit E to Nozaki Decl., p. 2 |
| 19 | In October 2009, Mr. Fisher contacted HPD and was informed that he was disqualified from owning and possessing a firearm under HRS §134-7 because of a prior Harassment conviction. | ECF No. 31, ¶23; ECF No. 111 citing to Declaration of Thomas T. Nitta ("Nitta Decl.") [ECF No. 90-1] |

| 20 | HPD has never disqualified Mr. Fisher from owning and possessing a firearm under HRS §134-7(c). | See generally ECF. No. 90-1 (Nitta Decl.) |
|---|---|---|
| 21 | Subsequent to June 29, 2012, HPD contacted Dr. Joseph Tsai, Mr. Fisher's doctor. Dr. Tsai provided HPD with medical documentation that Mr. Fisher is no longer adversely affected by an addiction to, abuse of, or dependence on any alcohol or drug, and that I do not suffer any mental disease, disorder, or defect. | Declaration of Kirk F. Fisher |
| 22 | On August 31, 2010, Plaintiff's counsel wrote to Kealoha and requested that HPD grant his Application for a Permit to Acquire Firearms and to rescind the prior order instructing Mr. Fisher to surrender or dispose of his firearms. | ECF No. 33-3, attached as Exhibit 1 to Declaration of Te-Hina Ickes |
| 23 | Kealoha was informed of Plaintiff's position on the state of firearms law as it related to Plaintiff | ECF No. 33-3, attached as Exhibit 1 to Declaration of Te-Hina Ickes |
| 24 | Kealoha was advised to forward the request to his attorney or Corporation Counsel. | ECF No. 33-3, attached as Exhibit 1 to Declaration of Te-Hina Ickes |

I certify that this document complies with the word limitation set forth under LR7.5(e) and LR 56.1(d).

DATED: Honolulu, Hawaii, May 23, 2014.

                 /s/ Te-Hina Ickes
                 DONALD L. WILKERSON
                 TE-HINA ICKES
                 Attorneys for Plaintiff
                 KIRK C. FISHER