# Law Offices
# of
# Donald L. Wilkerson

### A Law Corporation

900 Fort Street, Suite 810
Honolulu, Hawaii 96813

Telephone: (808) 533-4447
FAX:  (808) 531-5857
email:  don@donwilkerson.com

August 31, 2010

Louis M. Kealoa
Chief of Police
801 South Beretania Street
Honolulu, Hawaii 96813

    re:    Kirk Fisher Application for Permit to Acquire Firearms
             KK-VYH
             Cert 7007 2560 0000 9237 5690

Dear Chief,

    If you are represented by an attorney or Corporation Counsel, please forward this letter to them immediately.

    This letter is in response to Acting Chief Putzulu's October 1, 2009 letter to my client, Kirk Fisher, denying his Application for permit to Acquire Firearms, and further ordering him to voluntarily surrender or dispose of all firearms and ammunition in his possession.  I have enclosed a copy of this letter for your review.  This letter also follows numerous telephone calls to your Firearms Section requesting relief.

    Officers Vivian Hee, Jonathan Tandora, and other officers from your Firearms Section informed me that Mr. Fisher's Application was denied and he was ordered to surrender his firearms pursuant to HRS §134-7 because he was convicted of a crime of violence, Harassment in FC-CR. NO. 97-3233.

EXHIBIT " 1 "

Case 1:11-cv-00589-ACK-BMK   Document 125-3   Filed 05/23/14   Page 2 of 9   PageID #:
1932
Case 1:11-cv-00589-ACK-BMK   Document 33-3   Filed 06/21/12   Page 2 of 9   PageID #:
323

## Facts:

On November 5, 1997 Kirk Fisher (Fisher) was arrested on two counts of Harassment in violation of HRS 711-1106(1)(a).   Fisher owned firearms and transferred his firearms to Honolulu Police Department.   On December 3, 1997, Fisher pled guilty to both counts and was placed on 6 months probation.   See Judgment attached hereto as Exhibit "A".   Paragraph 17 of the Judgment signed by Judge Paul Murakami specifically states, "Deft may pick up his weapons @ HPD".   The transcripts/audio recordings of the change of plea have been destroyed and are not available.   Additionally, on November 4, 1998, the Honorable Dan Kochi issued an "Order Permitting Return of Firearms, Ammunition, Permits and Licenses, With Conditions. "   Attached hereto as Exhibit "B".   HPD promptly returned Fisher's firearms.

However, more than ten years later, in the fall of 2009, Fisher submitted an application to HPD for a permit to acquire an additional firearm.   HPD responded on October 1, 2009 by denying his application, and informed him that pursuant to HRS 134-7, he was disqualified from firearm ownership or possession.   See October 1, 2009 letter, attached hereto as Exhibit "C".   HPD further instructed Fisher to dispose of his firearms and ammunition within 30 days.   After Fisher contacted HPD, HPD informed Fisher that he was disqualified because of his conviction in the instant Harassment matter.   Thereafter, Fisher transferred ownership of his firearms to his wife, Collette, after she obtained the proper permits.

## Law:

HRS 134-7(b) states, "No person who ... has been convicted in this State or elsewhere of committing ... any crime of violence ... shall own, possess, or control any firearm or ammunition

Case 1:11-cv-00589-ACK-BMK   Document 133   Filed 06/21/12   Page 3 of 9   PageID #:
324

therefor."   HRS 134-7(b) reads exactly the same now as it did in 1997 at the time of the

Defendant's guilty plea and Judgment,  and in 1998 when Judge Kochi Ordered the Return of

Firearms.

HRS 134-1 defines "crime of violence" as, "... any offense, as defined in title 37, that

involves injury or threat of injury to the person of another."   HRS 134-1, "Crime of violence",

reads exactly the same now as it did in 1997 and 1998 at the time of Defendant's guilty plea,

sentence, and Judge Kochi's Order Permitting Return of Firearms.

"Injury" and "threat of injury" are not elements of Harassment.   HRS 711-1106

Harassment states,  "(1) A person commits the offense of harassment if, with intent to harass,

annoy, or alarm any other person, that person: (a) strikes, shoves, kicks, or otherwise touches

another person in an offensive manner or subjects the other person to offensive physical contact."

HRS 711-1106(1)(a), reads exactly the same now as it did in 1997 and 1998 at the time of

Defendant's guilty plea, sentence, and Judge Kochi's Order Permitting Return of Firearms.

The Commentary on §711-1106 states, "Subsection (1)(a) is a restatement of the

common-law crime of battery, which was committed by any slight touching of another person in a

manner which is known to be offensive to that person."

HRS §134-7.3 states, "(a) If any applicant is denied a permit, the chiefs of police of the

perspective counties shall send, by certified mail, a notice setting forth the reasons for the denial

and may require that the applicant voluntarily surrender all firearms and ammunition to the chief

of police where the applicant resides or dispose of all firearms and ammunition. ..."

In _United States v. Maldonado-Lopez_, 517 F.3d 1207 (10th Cir.2008) the Tenth Circuit

found that a Colorado Harassment statute  was not a crime of violence.  Id at 1209.  The

Colorado statute is substantially the same as Hawaii's Harassment statute.  Under that statute a

Case 1:11-cv-00589-ACK-BMK   Document 53-2   Filed 06/21/12   Page 4 of 9   PageID #: 325

person commits harassment if " 'with intent to harass, annoy, or alarm another person,' he '[s]trikes, shoves, kicks, or otherwise touches a person or subjects him to physical contact' (Colo. Rev.Stat. § 18-9-111(1)(a) (2007)).   The Tenth Circuit held that the statute was broad enough to cover conduct such as spitting on a person, which involved physical contact but not physical force, and was therefore not a crime of violence. *See United States v. Maldonado-Lopez*, 517 F.3d at 1209.   Other recent cases from the Tenth Circuit have reached similar conclusions.   *See, e.g., United States v. Zuniga-Soto*, 527 F.3d at 1121, 1125 (recognizing that Tenth Circuit had recently deviated from applying the categorical approach as rigorously as law required, but holding that a strict categorical approach was proper and that " 'intentionally, knowingly, or recklessly caus[ing] bodily injury to another" is not categorically a crime of violence); *United States v. Ruiz-Rodriguez*, 494 F.3d 1273, 1277 (10th Cir.2007)(holding that false imprisonment effected " 'under terrorizing circumstances or under circumstances which expose the person to the risk of serious bodily injury' " is not categorically a crime of violence).   In U.S. v. Herrera, 286 Fed.Appx. 546, 553, (2008 ), the court reasoned that Colorado's harassment statute was broad enough to cover violent crimes, such as striking a victim, and also non-violent crimes, such as spitting on a victim. *Maldonado-Lopez*, 517 F.3d at 1209.

The 2nd Amendment to the U.S. Constitution specifically states, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."   Article I, Section 17 of the Hawaii State Constitution states, "A well regulated militia being necessary to the security of a free state, the right of the people to keep and bear arms shall not be infringed."

Case 1:11-cv-00589-ACK-BMK   Document 125-3   Filed 05/23/14   Page 5 of 9   PageID #:
Case 1:11-cv-00589-ACK-BMK   Document 33-3   Filed 06/21/12   Page 5 of 9   PageID #:
1935
326

Application:

Here, Fisher pled guilty to two counts of Harassment.   Harassment is not a crime of violence because injury is not required for conviction.   HPD's October 1, 2009 letter demanding that Fisher dispose of his firearms is based solely on Fisher's 1997 Harassment conviction.   Thus, HPD's demand is in direct violation of our statures and constitutions.

Demand

Mr. Fisher hereby demands that HPD grant his Application for Permit to Acquire Firearms and recind its prior order instructing Mr. Fisher to surrender or dispose of his firearms.

DONALD L. WILKERSON
Attorney for Defendant
KIRK C. FISHER

STATE OF HAWAII
FAMILY COURT, FIRST CIRCUIT

[ ] JUDGMENT OF ACQUITTAL
[✓] JUDGMENT
[ ] ORDER OF DISMISSAL
[ ] ORDER GRANTING DAG/DANC PLEA
[ ] ORDER

FC-CR NO. 97-____

STATE OF HAWAII vs. (DEFENDANT)

CASE-IN-CHIEF HPD NO(S).

ORIG. [ ]HRS 709-0906
CHARGE[ ]HRS 710-1077
      [ ]HRS

(Date of Hearing: DEC 3 1997 )   SSN:____   DOB:____

BW HPD NO.

1. ___ CHARGES [ ]read [ ]reading waived [ ]procedural defects waived.
2. ___ Defendant entered a plea of [✓]guilty [ ]no contest [ ]as charged [ ]to the amended charge of HRS Sec. [ ]707-9712(1)(a) (Assault 3rd) [ ]711-1106(1)(a) (Harassment). THE [ ]JURY FINDS AND [ ]COURT FINDS AND ADJUDGES:
3. ___ Defendant [ ]acquitted and not guilty [ ]guilty [ ]as charged [ ]as amended. THE COURT ORDERS [✓]AND SENTENCES DEFENDANT as follows:
4. ___ Upon oral motion, the charge(s) is/are dismissed [ ]without prejudice [ ]with prejudice.
5. ___ Defendant is placed on PROBATION for a period of [ ]one year [✓]6 months, subject to all of the TERMS AND CONDITIONS OF PROBATION ATTACHED and made a part hereto.
6. ___ Defendant shall be IMPRISONED and committed to the custody of the Director of the Dept. of Public Safety to serve a period of ____ days [ ]with credit for time served. [ ]As a special condition of probation, [ ]____days are suspended so long as defendant remains arrest and conviction free and is in compliance with counseling orders [ ]for a period of ____ month(s)/year(s). MITTIMUS TO ISSUE [ ]forthwith [ ]effective ____ [ ]Defendant to report to: [ ]District Court Sheriff's Receiving Desk at 1111 Alakea St. [ ]District Court Ctrm 8 ___ [ ]OCCC on ____ at ____.
7. ___ Defendant shall pay a fine of $ ____ to ____.
8. ✓ BAIL [ ]of $1,000 is [✓]returned to [ ]Defendant [ ] set aside and Defendant is released forthwith [ ]of $____ applied to fine. [ ]is
9. ✓ Defendant is ordered to attend [ ]DOMESTIC VIOLENCE/ANGER MANAGEMENT COUNSELING [✓]SUBSTANCE ABUSE ASSESSMENT and shall participate in counseling and/or treatment until clinically discharged or as directed by the probation officer. Probation officer to determine agency. Defendant shall REPORT IN PERSON to Adult Services Branch ____ [ ]from date of this ORDER/JUDGMENT [ ]after release from imprisonment. Service providers shall either accept or reject defendant for counseling within one month from today and shall promptly provide to the Family Court Criminal Misdemeanor Probation Unit a written report if there is any noncompliance. Defendant shall be responsible for the cost of counseling. Defendant shall sign all consents/releases.
10. ___ Defendant is ordered to APPEAR on ____ at [ ]8:30 a.m. [ ]1:30 p.m. at District Court, Ctrm 8 ___, for [ ]a PROOF OF COMPLIANCE hearing unless previously excused by the Court [ ]SENTENCING a presentence report is ordered & defendant is to cooperate with the probation officer in the investigation [ ]CALENDAR CALL/JURY TRIAL.
11. ___ Defendant is ordered to appear at Adult Services Branch Criminal Misdemeanor Probation Unit on ____ at 8:30 a.m. to determine whether Defendant is in compliance and hearing can be waived.
12. ___ ____'s oral/written [ ]____ is [ ]denied [ ]granted [ ]____. PERIOD OF DEFERRAL is [ ]six months [ ]one year, subject to all the TERMS AND CONDITIONS OF DAG/DANC PLEA ATTACHED and made a part hereto.
13. ___ To the extent that Defendant is required to be armed, the Defendant may possess or control firearms & ammunition which are official equipment of employment but only while on duty. However, Defendant may not possess or control any firearms, ammunition, firearms permits &/or licenses when not on duty or any personal firearms while on duty.
14. ___ Defendant is prohibited from possessing or controlling any firearms, ammunition, firearms permit or licenses until the final disposition of this case & turn in such items within 48 hours to the Honolulu Police Dept., Firearms Unit, Main Station, 801 South Beretania St., 1st Flr.; all firearm permits & licenses are revoked.
15. ✓ ____
16. ✓ ____

DATE:   DEC 3 1997    JUDGE OF THE ABOVE-ENTITLED COURT: PAUL T. MURAKAMI

FAMILY COURT FIRST CIRCUIT COURT STATE OF HAWAII FILED ____ o'clock __ .m. DEC 3 1997 P. TORRES CLERK

cc: [X]Defendant [ ]Cashier [ ]ASB
    [ ]Cellblock [ ]OCLT [ ]Agency
    [ ]HPD [ ]MCPO [ ]Chief of Police
    [X]DPA ____
    [X]Def't's Atty ____
    (x)CLERK

RET-FIRE.FC-CR (rev'd 5/28/98) 10.26

'78 NOV -4 PM 1:59

R. HIGA
CLERK

IN THE FAMILY COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

|  |  |
|---|---|
| STATE OF HAWAI`I, | ) FC-CR No. 97-3233 |
| | ) |
| | ) ORDER PERMITTING |
| | ) RETURN OF FIREARMS, AMMUNITION, |
| vs. | ) PERMITS AND LICENSES, WITH |
| | ) CONDITIONS; EXHIBIT A |
| | ) |
| | ). |
| KIRK C. FISHER, | ) Order returning firearms: |
| | ) |
| Defendant. | ) December 3, 1997 |
| | ) |

ORDER PERMITTING RETURN OF FIREARMS,
AMMUNITION, PERMITS AND LICENSES, WITH CONDITIONS

Defendant, in the above-entitled action, having requested that an order issue

permitting the return of firearms, ammunition, permits and licenses to said party from the

Honolulu Police Department and having stated, under oath, in Exhibit A that there are no

other court orders or statutory prohibitions presently in effect which prohibit the party's

possession of said firearms, ammunition, permits and licenses; and

EXHIBIT "B"

I do hereby certify that this is a full, true, and correct
copy of the original on file in this office pursuant to
Section 92-30, Hawaii Revised Statutes.

D. Hite

Case 1:11-cv-00589-ACK-BMK   Document 33-3   Filed 06/21/12   Page 8 of 9   PageID #:
329

Whereas, said party was ordered to surrender all firearms, ammunition, permits and licenses to the Honolulu Police Department pursuant to an order issued in the above-mentioned case and filed on <u>November 20, 1997</u>, and the Court then ordered that defendant could pick up his firearms at the Honolulu Police Department, pursuant to an order issued on <u>December 3, 1997</u>; now therefore,

IT IS HEREBY ORDERED that the Honolulu Police Department shall return to <u>KIRK  C. FISHER</u> all firearms and ammunition which were surrendered pursuant to the above-mentioned court order, provided that the provisions of HRS Chapter 134 are satisfied and that there are no outstanding state of federal restraining orders, prohibitions under HRS Section 134-7 or the Violence Against Women Act of 1994 ( 18 U.S.C. Section 2265 et. seq. and section 922(g)(8)), or a conviction of a misdemeanor crime of violence under 18 U.S.C. section 922(g)(9),  or other outstanding federal or state (HRS Sectio 804-7.1) court orders against defendant which would prohibit defendant's possession or control of firearms and ammunition.  In the event that any permits or licenses were revoked, said permits or licenses shall be reissued by the Honolulu Police Department, but only to the extent of the original expiration date of such permits or licenses.

NOV - 4

DATED: Honolulu, Hawaii _____

_____
Judge of the above-mentioned Court

cc: Honolulu Police Department - Firearms Unit

POLICE DEPARTMENT

# CITY AND COUNTY OF HONOLULU

801 SOUTH BERETANIA STREET · HONOLULU, HAWAII 96813
TELEPHONE: (808) 529-3111 · INTERNET: www.honolulupd.org

MUFI HANNEMANN
MAYOR

PAUL D. PUTZULU
ACTING CHIEF

KARL A. GODSEY
DEPUTY CHIEF

OUR REFERENCE **KK-VYH**
Cert 7007 2560 0000 9237 5690

October 1, 2009

Mr. Kirk Coswell Fisher
45-446 Puahauula Road
Kaneohe, Hawaii 96744

Dear Mr. Fisher:

The necessary background checks were conducted to complete your Application for Permit to Acquire Firearms.  The investigation revealed that you are disqualified from firearms ownership or possession under the provisions of the Hawaii Revised Statutes (HRS), section 134-7.

In accordance with section 134-7.3(b), HRS, you have 30 days upon receipt of this letter to voluntarily surrender to the chief of police or otherwise lawfully dispose of all firearms and ammunition that you own or possess.  Should you fail to do so, the chief of police will take action to seize them in accordance with the above statute.

Personnel of our Firearms Section are available to assist you.  Please do not hesitate to contact Sergeant Vivian Hee at 529-3528 if you have any questions about your denial.

Sincerely,

PAUL PUTZULU
Acting Chief of Police

By
For   KURT B. KENDRO, Major
Records and Identification Division

EXHIBIT " C "

*Serving and Protecting With Aloha*