DONNA Y. L. LEONG, 3226
Corporation Counsel

MARGUERITE S. NOZAKI, 8599
Deputy Corporation Counsel
Department of the Corporation Counsel
City and County of Honolulu
Honolulu Hale, Room 110
530 South King Street
Honolulu, Hawaiʻi  96813
Telephone: (808) 768-5239
Facsimile: (808) 768-5105
E-mail address:  mnozaki@honolulu.gov

Attorney for Defendants
LOUIS KEALOHA and the
CITY AND COUNTY OF HONOLULU


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| KIRK C. FISHER, | ) | CIVIL NO. CV11-00589 ACK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFENDANTS LOUIS KEALOHA'S |
| vs. | ) | AND CITY AND COUNTY OF |
| | ) | HONOLULU'S REPLY |
| LOUIS KEALOHA, as an individual | ) | MEMORANDUM IN RESPONSE TO |
| and in his official capacity as Honolulu | ) | PLAINTIFF'S MEMORANDUM IN |
| Chief of Police, PAUL PUTZULU, as | ) | OPPOSITION TO DEFENDANTS' |
| an individual and in his official capacity | ) | MOTION FOR SUMMARY |
| as former acting Honolulu Chief of | ) | JUDGMENT |
| Police, and CITY AND COUNTY OF | ) | |
| HONOLULU, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**DEFENDANTS LOUIS KEALOHA'S AND CITY AND COUNTY OF HONOLULU'S REPLY MEMORANDUM IN RESPONSE TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

## I.    INTRODUCTION

Defendants CITY AND COUNTY OF HONOLULU ("City") and LOUIS KEALOHA ("Chief Kealoha") (collectively, the City and Chief Kealoha shall be referred to as "Defendants") by and through their counsel, Donna Y. L. Leong, Corporation Counsel, and Marguerite S. Nozaki, Deputy Corporation Counsel, respectfully submit their Reply Memorandum in Response to Plaintiff Kirk C. Fisher's Memorandum in Opposition to Defendants Louis Kealoha and City and County of Honolulu's Motion for Summary Judgment, Or In the Alternative, Motion for Reconsideration, filed on May 23, 2014 ("Opposition" or "Opp.") [Doc. No. 124].

On April 2, 2014, Defendants filed their Motion for Summary Judgment, Or In the Alternative, Motion for Reconsideration ("Motion") and sought dismissal of the claims asserted in Plaintiff's Amended Complaint on the grounds that Defendant Kealoha is entitled to qualified immunity and Plaintiff lacks standing to assert claims under the Second Amendment where he has not completed the terms of his probation, and as such, has not yet established a right to own and possess firearms in the State of Hawaii.

2

Defendants also moved the Court to reconsider its Order: (1) Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment and (2) Denying Plaintiff's Motion for Permanent Injunction, filed on September 30, 2013 ("Sept. 30 Order") [Doc. No. 111], wherein it held, in part, that Plaintiff's convictions for harassment do not qualify as a misdemeanor crime of domestic violence under federal law, due to an intervening change of law.

In March 2014, the Supreme Court of the United States issued its decision in *United States v. Castleman*, No. 12-1371 (U.S. Mar. 26, 2014), which resolved a key circuit split regarding the application of the Lautenberg Amendment, 18 U.S.C. § 922(g)(9), and held that common-law simple battery constitutes "physical force" under the definition of "misdemeanor crime of domestic violence," revealing Plaintiff's Harassment conviction to be categorically a "misdemeanor crime of domestic violence" and within the Lautenberg Amendment's firearms protection.

Plaintiff's only argument addressing *Castleman* is that its application should be limited to cases where there exists a "domestic relationship," which is contrary to current case law holding that the element of a "domestic relationship" is not required in order for a state crime to come within the Lautenberg Amendment's firearms protection.  The Hawaii Defense Foundation ("HDF"), which submits an amicus brief in opposition to Defendants' Motion, does not specifically address

3

*Castleman's* holding, but raises constitutional challenges and other legal theories which were not raised by Plaintiff in its Amended Complaint, or argued by Plaintiff in any of its briefs or, specifically, its Opposition.  As such, and as HDF is not a party to this litigation, this Court should decline to consider the challenges and legal theories advanced by HDF.

Accordingly, based on the Supreme Court's holding in *Castleman* and Defendants' arguments contained in its Motion, this Court should reconsider its Sept. 30 Order, find that the Honolulu Police Department ("HPD") properly denied Plaintiff's application for a firearm permit, and dismiss the claims contained in Plaintiff's Amended Complaint.

## II.    DISCUSSION

### A.    PLAINTIFF'S ARGUMENT THAT *CASTLEMAN* DOES NOT APPLY IN THIS CASE IS UNAVAILING WHERE A "DOMESTIC RELATIONSHIP" IS NOT A REQUIRED ELEMENT FOR PLAINTIFF'S PRIOR HARASSMENT CONVICTION TO FALL WITHIN THE LAUTENBERG AMENDMENT'S FIREARMS PROTECTION.

In his Opposition, Plaintiff attempts to distinguish and limit the applicability of *Castleman* by arguing that the Supreme Court of the United State's holding in that case should be "narrowly construed to apply only to misdemeanor crimes of **domestic violence.**"  *See* Opp. at p. 8 (emphasis in original).  Plaintiff's argument is unavailing, especially in light of the Sept. 30 Order in which this Court specifically found that state crimes do not need to include the element of a

4

"domestic relationship" in order to fall within the Lautenberg's firearms protection. *See* Sept. 30 Order at p. 21.

The Lautenberg Amendment prohibits firearm ownership by any person who "has been convicted in any court of a misdemeanor crime of domestic violence," 18 U.S.C. § 922(g)(9). A "misdemeanor crime of violence" is defined as a crime that (1) constitutes "a misdemeanor under Federal, State, or Tribal law," and (2) "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim." 18 U.S.C. § 921(a)(33)(A)(i).

In holding that the element of a "domestic relationship" is not required for state crimes, this Court relied on a Supreme Court decision, *United States v. Hayes*, 555 U.S. 415 (2009), which reasoned that § 921(a)(33)(A) does not require as a discrete, predicate-offense element, that there exist a domestic relationship between offender and victim. *Id.* at 421. In a § 922(g)(9) prosecution, it suffices that a prior conviction was, in fact, for "an offense ... committed by" the defendant against a spouse or other domestic victim. The Supreme Court ultimately affirmed a conviction under § 922(g)(9) where the predicate offense was a misdemeanor

assault that did not include a domestic relationship as an element, but did involve such a relationship factually.

In his Opposition, Plaintiff argued that under either the categorical or modified categorical approach, Plaintiff's prior conviction for Harassment does not satisfy the definition of "misdemeanor crime of violence" because: (1) a "domestic relationship" is a required element of the crime, and (2) Defendants do not satisfy this requirement where the "reliable court documents" do not indicate that Plaintiff is or was a "current or former spouse, parent or guardian of the victim." *See* Opp. at p. 10.

Plaintiff's argument fails because, as already discussed above, a "domestic relationship" is not a predicate-offense element required in order to come within the Lautenberg Amendment's definition of "misdemeanor crime of violence" and there can be no dispute that Plaintiff's prior Harassment conviction involved his relationship with his wife where he admits in his Amended Complaint and at his deposition that the victim, Colette Fisher, is his current wife and that they were married at the time of the incident in 1997 which gave rise to the Harassment conviction. *See* Sept. 30 Order at p. 22; Am. Compl. at p. 8, ¶ 24; Doc. No. 31; Deposition of Kirk C. Fisher at 9-10; Doc. No. 99-2.

Because Hawaii's Harassment statute proscribes the same conduct as the misdemeanor crime of domestic violence defined in the Lautenberg

6

Amendment, Plaintiff's argument fails as a matter of law and this Court

should conclude that Plaintiff was disqualified under federal law from

possessing firearms and HPD properly denied his application for a permit to

obtain firearms.  *See* Sept. 30 Order at p. 22 ("[I]f the state crime of

harassment proscribes the same conduct as the misdemeanor crime of

domestic violence defined in the Lautenberg Amendment, then federal law

would bar Plaintiff from obtaining firearms.").

### B.    PLAINTIFF HAS NOT SATISFIED HIS PROBATION CONDITION BY PROVIDING MEDICAL CLEARANCE DOCUMENTATION.

Plaintiff does not create a "genuine issue for trial," Fed. R. Civ. P. 56(e) by

submitting a declaration that contains patently false statements, which are

conclusory and self-serving.  *See* Sept. 30 Order at p. 15, fn. 12 (quoting *F.T.C. v.*

*Neovi, Inc*., 604 F.3d 1150, 1159 (9th Cir. 2010) ("[A] 'conclusory, self-serving

affidavit' that lacks detailed facts and supporting evidence may not create a

genuine issue of material fact.").  In his Declaration, Plaintiff states the following

in pertinent part:

2.     On June 29, 2012, this Honorable Court issued its Order Granting Plaintiff Kirk C. Fisher's Motion for a Preliminary Injunction…

3.     Sometime thereafter, pursuant to HRS 134, I applied to HPD for a permit to acquire firearms.

4.      After completing the State of Hawaii's, HPD's, and FBI's application process, I received my permit at HPD main station…

5.      As part of the permitting process I was required to have a documented medical clearance.

6.      In order to document my medical clearance, HPD contacted my medical doctor, Dr. Joseph Tsai, who provided medical documentation that I am not adversely affected by an addiction to, abuse of, or dependence on any alcohol or drug, and that I do not suffer any mental disease, disorder, or defect.

*See* Declaration of Kirk C. Fisher at ¶¶ 2-6, filed on May 23, 2014 ("Fisher Decl.")

[Doc. No. 125-1].

By making such conclusory and self-serving statements Plaintiff attempts to

satisfy what he concedes is a condition of probation, satisfaction of which must be

established before he can claim a violation of his Second Amendment right to

possess firearms. *See* Opp. at p. 12 ("Defendants correctly point out that as a

condition of probation for his Harassment conviction, Mr. Fisher was required to

'attend substance abuse assessment and shall participate in counseling and/or

treatment until clinically discharged or as directed by the probation officer.'").

Plaintiff falls far short of presenting evidence to show that he has satisfied the

condition of probation where he neither submits as an exhibit documentation to

show that he is medically cleared to apply for and obtain a firearms permit, or that

he or his doctor provided HPD such medical clearance documentation in order for

him to obtain a firearms permit.  Contrary to Plaintiff's Declaration, there is evidence that neither occurred.

On July 12, 2012, Kirk Fisher submitted an Application.  *See* Defendants Louis Kealoha's and City and County of Honolulu's Separate and Concise Statement of Facts in Support of Reply and Objections to Plaintiff's Concise Statement of Facts ("Reply CSOF") at ¶ 1.  Once a complete Application is submitted, HPD requires a two-week waiting period during which HPD reviews the Application and supporting documents.  *Id*., ¶ 2.  After the expiration of the two-week waiting period, there is a six-day period within which the applicant may retrieve his Application.  *Id*.  Plaintiff did not pick up his Application within the allotted period.  *Id*., ¶ 3.  As a result, HPD voided Plaintiff's Application on August 1, 2012.  *Id*.  Importantly, it should be noted that HPD did not contact Plaintiff's physician, Dr. Joseph Tsai, and neither Plaintiff nor Dr. Tsai, provided medical clearance documentation to establish that Plaintiff is "not adversely affected by an addiction to, abuse of, or dependence on any alcohol or drug, and that Plaintiff does not suffer any mental disease, disorder, or defect," as alleged by Plaintiff in his Opposition and his Declaration.  *Id*., ¶ 4; Opp. at p. 13; Fisher Decl., ¶ 6.

Despite his non-specific and self-serving Declaration, Plaintiff provides no evidence to show that he received medical clearance to obtain a firearm permit, or whether he ultimately obtained a firearms permit.  Without such a showing,

9

Plaintiff has failed to satisfy his probation condition and cannot claim that his

Second Amendment rights were violated.

### C.   THIS COURT SHOULD NOT CONSIDER HDF'S ARGUMENTS BECAUSE THEY WERE NOT ALLEGED OR ARGUED BY PLAINTIFF AND AMICUS IS NOT A PARTY TO THIS LAWSUIT.

In the absence of exceptional circumstances, this Court should not address

issues raised only in an amicus brief. *See Artichoke Joe's Cal. Grand Casino v.*

*Norton,* 353 F.3d 712, 719 (9th Cir. 2003). Exceptional circumstances include

arguments of a jurisdictional nature or arguments addressing purely legal questions

when the parties express intent to adopt the arguments as their own. *See Stone v.*

*San Francisco,* 968 F.2d 850, 855 (9th Cir. 1992) ("Issues touching on federalism

and comity may be considered sua sponte."); *Russian River Watershed Protection*

*Comm. v. City of Santa Rosa,* 142 F.3d 1136, 1141 (9th Cir. 1998) (declining to

address issue raised by amicus for first time on appeal when the appellee did not

adopt the amicus' argument in its brief). Neither of those circumstances occurs in

this case.

In response to Defendants' Motion, HDF filed a Supplemental Amicus Brief

[Doc. No. 119-1], Notice of Errata [Doc. No. 120], [Second] Supplemental Amicus

Brief [Doc. No. 122], and Notice of Supplemental Authority [Doc. No. 123], and

raises new challenges and legal theories that were not raised by Plaintiff in his

Amended Complaint or briefs, and not incorporated in his Opposition to this

Motion.  In particular, HDF argues that this Court: (1) cannot apply federal law because Lautenberg does not provide for a means to restore lost civil rights, and (2) challenges the constitutionality of HRS § 134-7.  *See generally*, Supplemental Amicus Brief filed on April 10, 2014 ("Supp. Amicus Brief") [Doc. No. 122].

Despite this Court making clear in its Sept. 30 Order that it would not permit HDF to raise new challenges and legal theories that were not raised by Plaintiff in his Amended Complaint or briefs, Plaintiff ignores the Sept. 30 Order and again raises the same challenges in opposition to this Motion.  In its Sept. 30 Order, this Court stated:

> At the hearing, Plaintiff's counsel argued that Plaintiff is statutorily qualified under both federal and state law to obtain a permit for a firearm; Plaintiff did not argue that the statutes themselves violated the Constitution.  Amicus Hawaii Defense Foundation raises a Fourteenth Amendment equal protection challenge and various facial challenges to Hawaii's firearms permit statutes.  However, the Court observes that Plaintiff has not alleged an equal protection or facial challenge in his Complaint or otherwise argued these theories in the briefs or at a hearing.  The Court declines to consider HDF's arguments because they were raised by an amicus, not an actual party to the case.

*See* Sept. 30 Order at p. 18, fn. 14 (internal citations removed).  This Court instead limited its examination to the claims presented by Plaintiff – "namely whether he qualifies under Hawaii law and *Heller* to exercise Second Amendment rights."  *Id.* at p. 19.

Because HDF is not an actual party to this litigation it cannot introduce new arguments and legal theories, especially where Plaintiff did not allege such challenges in his Amended Complaint, argue them in any of his briefs, and did not adopt the arguments in his Opposition.

## III.   <u>CONCLUSION</u>

Based on the foregoing, Defendants ask this Court to grant summary judgment in Defendants' favor, find that HPD properly denied Plaintiff's application for a permit to obtain firearms, and dismiss Plaintiff's Complaint in its entirety.

DATED:  Honolulu, Hawaiʻi, June 2, 2014.

DONNA Y. L. LEONG
Corporation Counsel


By   /s/Marguerite S. Nozaki
    MARGUERITE S. NOZAKI
    Deputy Corporation Counsel

    Attorney for Defendants
    LOUIS KEALOHA AND CITY AND
    COUNTY OF HONOLULU