IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KIRK C. FISHER, | ) | CIVIL NO. 11-00589 ACK/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DECLARATION OF TE-HINA** |
| | ) | **ICKES** |
| LOUIS KEALOHA, in his individual | ) | |
| capacity and his official capacity as | ) | |
| Honolulu Chief of Police; PAUL | ) | |
| PUTZULU, in his individual capacity | ) | |
| and his official capacity as Honolulu | ) | |
| Acting Chief of Police; CITY AND | ) | |
| COUNTY OF HONOLULU; | ) | |
| HONOLULU POLICE DEPARTMENT | ) | |
| and DOE DEFENDANTS 1-50, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DECLARATION OF TE-HINA ICKES

I, TE-HINA ICKES, declare that:

1. I am an attorney licensed to practice before this Court and all Courts in the State of Hawaii, and I am one of the attorneys for Plaintiff herein.

2. I have personal knowledge and am competent to make the declarations below.

3. On May 23, 2014, Plaintiff filed a Concise Statement of Facts in Opposition to Defendants Louis Kealoha and City and County of Honolulu's

Motion for Summary, or in the Alternative Motion for Reconsideration.

4. Plaintiff requests leave to add two additional exhibits, (1) the Declaration of Joseph D. Tsai, M.D., as Exhibit "2" and (2) a letter from HPD to Dr. Joseph Tsai regarding an application for a permit to acquire a firearm, as Exhibit "3" - the next Exhibits in order to that already submitted with Plaintiff Concise Statement of Facts in Opposition to Defendants Louis Kealoha and City and County of Honolulu's Motion for Summary, or in the Alternative Motion for Reconsideration.

5. There should be little or no prejudice to Defendants as the proposed exhibit 3 is a letter to Plaintiff's doctor from Defendant Kealoha himself, and exhibit 2 is a two page declaration from Plaintiff's doctor which contains information explaining the HPD letter and how it relates to Plaintiff.

6. These documents are vital in that Defendants argue that Plaintiff is not medically cleared to be eligible for firearms ownership. Defendants further argue in its Reply that HPD is not in possession of a medical clearance documentation from Dr. Tsai regarding Plaintiff.

7. The Declaration of Buenaventura Claunan (ECF No. 128-1) is very misleading. Claunan states that "neither Mr. Fisher nor Dr. Tsai provided medical clearance documentation, and HPD does not possess such a document." Id. However, Claunan does not explain that such a clearance is not required by HPD.

As part of the HPD application process, HPD sends a letter to an applicant's medical reference, a copy of which is being submitted as Exhibit "3".  HPD does not require a response from the medical reference unless the medical reference has information or personal knowledge of the applicant's ability to safely operate and own a firearm.  Id.  Dr. Tsai explains in his Declaration, which is attached as Exhibit "2", that if he had received such a letter from HPD regarding Plaintiff, he would not have responded because he has no information or personal knowledge of his ability to safety operate and own and firearm.

8.     On Friday, June 13, 2014, at approximately 3:30 pm, I emailed Marguerite Nozaki, Esq. and informed her of the instant motion and the contents of the additional proposed exhibits.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: Honolulu, Hawaii, June 14, 2014.

          /s/ Te-Hina Ickes
DONALD L. WILKERSON
TE-HINA ICKES
Attorneys for Plaintiff
KIRK C. FISHER