# MINUTE ORDER

CASE NUMBER: Civ. No. 11-00589 ACK-BMK

CASE NAME: <u>Fisher v. Kealoha et al.</u>

ATTYS FOR PLA: Donald Wilkerson and Te-Hina Te-Moana Ickes

ATTYS FOR DEFT: D. Scott Dodd and Marguerite Nozaki

ATTYS FOR AMICUS: Alan Beck and Jeff Kosseff

JUDGE: Alan C. Kay          REPORTER:

DATE: June 18, 2014          TIME:

COURT ACTION:

At the June 16, 2014 hearing on Defendants' Motion for Summary Judgment or, in the Alternative, Motion for Reconsideration (Doc. No. 115), Plaintiff acknowledged that amicus curiae Hawaii Defense Foundation ("HDF") raised issues in its supplemental amicus brief (Doc. No. 122), filed April 10, 2014, which Plaintiff had not raised in his Amended Complaint (Doc. No. 31) or Opposition (Doc. No. 124), filed May 23, 2014, or by way of argument at the hearing. Several hours after the hearing Plaintiff filed a Motion to Incorporate and Reference in its Entirety HDF's supplemental amicus brief. (Doc. No. 132.)  At the hearing Defendants requested that, if the Court were to consider arguments raised only by HDF, Defendants be given an opportunity to file a brief in response. Defendants had previously noted in its Reply (Doc. No. 127), filed June 2, 2014, that it was inappropriate for an amicus curiae to raise issues that had not been raised by the parties. (Reply at 10 (citing <u>Artichoke Joe's Cal. Grand Casino v. Norton</u>, 353 F.3d 712, 719 (9th Cir. 2003)); <u>see also</u> <u>Swan v. Peterson</u>, 6 F.3d 1373, 1383 (9th Cir. 1993)). Under these circumstances, the Court determines that it will sua sponte in its discretion consider issues raised by HDF, and will allow Defendants to file a brief in response. Defendants' brief must be filed by Monday, July 7, 2014, and may not exceed fifteen (15) pages. The Court notes that since both HDF and Plaintiff have already taken the opportunity to address the issues in HDF's supplemental amicus brief, only Defendants will be permitted to file an additional brief.

The thrust of HDF's argument in its supplemental amicus brief appears to be summarized as follows:

> Defendants suggest that H.R.S. [§] 134-7 is an application of federal law onto Mr. Fisher. As the Ninth Circuit ruling in <u>United States v. Chovan</u>, 735 F.3d 1127 (9th Cir. 2013) illustrates, H.R.S. [§] 134-7 has no federal mandate and is unconstitutional as applied to Mr. Fisher. The Ninth Circuit applied intermediate scrutiny in finding California's adoption of [the] Lautenberg [Amendment] fulfills federal intent and is constitutional largely because California has an expungement process which allows domestic violence offenders to regain their firearm[] rights.
>
> Unlike California, Hawaii has no means to expunge or set aside a conviction of <u>any</u> crime of violence. Accordingly, Hawaii can not purport to properly apply federal law because [the] Lautenberg [Amendment] explicitly requires [s]tates to have some means to restore rights in order to properly apply its provisions. The plain language of the Lautenberg Amendment contemplates some mechanism for reinstating Second Amendment rights after a misdemeanor conviction for domestic violence by having the conviction set aside or expunged.

(Supp. Amicus Brief at 3-4) (emphasis in original.) On page four of its supplemental amicus brief, HDF included a footnote in which it

> . . . concedes that in accordance with Planck's constant a gubernatorial pardon could in theory partially restore Second Amendment rights. Mr. Fisher would still be unable to purchase firearms in other states in order to own in Hawaii as these pardons only apply within Hawaii. As a more practical matter a pardon must specifically state it restores Second Amendment rights and these pardons are not granted. . . .

(<u>Id.</u> at 4 n. 1.) The Court notes that under Article Five Section Five of The Constitution of the State of Hawaii the Governor of Hawaii is authorized to grant pardons; however, HDF contends, without citing any authority, that such a pardon would only apply in Hawaii and must specifically restore Second Amendment rights.

The Court notes that Defendants did not discuss <u>U.S. v. Chovan</u>, 735 F.3d 1127 (9th Cir. 2013) in its brief; as that case and the constitutionality of H.R.S. § 134-7 as applied to Plaintiff was raised only by HDF.

The Court concludes that given HDF's challenge that H.R.S. § 134-7 is unconstitutional as applied to Plaintiff because allegedly there is no process by which his Second Amendment rights could be sufficiently restored, and the asserted harsh results, HDF's argument should be addressed now.

IT IS SO ORDERED.  (JUDGE ALAN C. KAY)

Submitted by Leslie L. Sai, Courtroom Manager