1              IN THE UNITED STATES DISTRICT COURT

2                 FOR THE DISTRICT OF HAWAII

3

   KIRK C. FISHER,                ) CIVIL NO. 11-00589 ACK-BMK
4                                 )
            Plaintiff,            ) Honolulu, Hawaii
5                                 ) August 12, 2013
       vs.                        ) 10:07 A.M.
6                                 )
   LOUIS KEALOHA, et al.,         ) Plaintiff's Motion for
7                                 ) Permanent Injunction and
            Defendants.           ) Plaintiff's Motion for
8  _____) Summary Judgment

9                  TRANSCRIPT OF PROCEEDINGS
               BEFORE THE HONORABLE ALAN C. KAY,
10            SENIOR UNITED STATES DISTRICT JUDGE

11

   APPEARANCES:
12

   For the Plaintiff:       Te-Hina Ickes
13                          Donald Wilkerson
                            1003 Bishop Street, Suite 703
14                          Honolulu, HI 96813

15 For the City             D. Scott Dodd
   Defendants:              Office of Corporation
16                          Counsel-Honolulu
                            530 S King St Ste 110
17                          Honolulu, HI 96813

18 Amicus Brady Center to   Mark M. Murakami
   Prevent Gun Violence:    Damon Key Leong Kupchak Hastert
19                          1003 Bishop Street, Suite 1600
                            Honolulu, HI 96813
20
                            Phillip A. Rubin
21                          Covington & Burling LLP
                            1201 Pennsylvania Ave N W
22                          Washington, DC 20004-2401

23 Amicus Hawaii Defense    Alan A. Beck (By Telephone)
   Foundation:              4780 Governor Drive
24                          San Diego, CA 92122

25

1    APPEARANCES CONTINUED:

2    Official Court          Cynthia Ott, RMR, CRR
     Reporter:               United States District Court
3                            300 Ala Moana Blvd, Room C-270
                             Honolulu, Hawaii  96850
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
     Proceedings recorded by machine shorthand, transcript produced
25   with computer-aided transcription (CAT).

```
 1   MONDAY, AUGUST 12, 2013                           10:07 A.M.
 2           THE CLERK:  Calling the Case of Civil 11-00589ACK-BMK,
 3   Kirk Fisher versus Louis Kealoha, et al.  This hearing has been
 4   called for plaintiff's permanent injunction and plaintiff's
 5   motion for summary judgment.  Counsel, appearances, please.
 6           MS. ICKES:  Good morning, Your Honor.  Te-Hina Ickes
 7   and Don Wilkerson on behalf of Plaintiff Kirk Fisher.
 8           THE COURT:  Good morning.
 9           MR. DODD:  Good morning, Your Honor.  Scott Dodd on
10   behalf of Defendants Kealoha and City and County of Honolulu.
11           THE COURT:  Good morning.
12           MR. RUBIN:  Good morning, Your Honor.  Phillip Rubin
13   and Mark Murakami on behalf of amicus Brady Center to Prevent
14   Gun Violence.
15           THE COURT:  Good morning.  Please be seated.
16           THE CLERK:  Judge, we also have Mr. Beck by phone.
17   Should he identify --
18           MR. BECK:  Alan Beck for the amicus curiae Hawaii
19   Defense Foundation, Your Honor.
20           THE COURT:  Good morning.  The court is troubled that
21   no defendant, no attorney has addressed the recent United
22   States Supreme Court decision in Descamps versus United States
23   regarding modified categorical approach, reversing the Ninth
24   Circuit and resolving a circuit split.
25           This decision came down more than a month or around a
```

1    month before each attorney filed an additional pleading or

2    brief in this case and yet none of you have referred to it.  So

3    you're obviously not prepared to argue this morning.

4         Ms. Ickes, do you wish to say anything more about the

5    city's request to file plaintiff's deposition as an exhibit?

6         MS. ICKES:  Yes, Judge.  Just -- well, I know the

7    court is aware that I filed an opposition midday on Friday,

8    unless the court has further questions.

9         THE COURT:  I've seen the opposition and I sympathize

10   with you, but I don't think you're going to suffer any

11   prejudice as a result of it.

12        MS. ICKES:  Well, if -- if the court doesn't have any

13   questions, I'll just rest on my submission.

14        THE COURT:  Very well.

15        MS. ICKES:  Thank you.

16        THE COURT:  I'm going to give you an opportunity to

17   respond to it.

18        MS. ICKES:  Should I just stay here, Judge --

19        THE COURT:  Not today.  I mean, by way of an

20   additional --

21        MS. ICKES:  Briefing.  Yes, understood, Judge.

22        THE COURT:  Thank you.  Also I wanted to ask you, in

23   your amended complaint, you referred to the Fifth Amendment,

24   the court, if you recall, already dismissed --

25        MS. ICKES:  Yes, Judge.

1          THE COURT:  The Fifth Amendment.

2          MS. ICKES:  I do recall that.  And, unfortunately, I

3   don't have that section of the file with me.  I believe the due

4   process claims if, as far as they related to the Fifth

5   Amendment were dismissed by the court.  And if I refer to them

6   in the first amended complaint, that obviously would have been

7   in error, and we would be proceeding on the Fourteenth

8   Amendment only rather than the Fifth Amendment.  And I think I

9   may have continuously referred to it as the Fifth Amendment.

10          But so far as the court dismissed those claims, I do

11   recall that being the case.

12          THE COURT:  I just wanted to clarify that.  Thank you.

13          So as I said, we're not going to proceed with argument

14   today.  All counsel have failed to address the United States

15   Supreme Court decision of Descamps versus United States 133 S.

16   Ct. 2276, 2281 (2013), which was filed June 20th, 2013.  And

17   this will likely be controlling in the determination of whether

18   plaintiff was convicted for a crime of violence under 18 USC

19   922(g)(9) and HRS 134-7B.  Particularly troubling to the court

20   when you have amicus curiae and you don't keep up with the

21   Supreme Court decisions.

22          Secondly, defendants have belatedly requested to file

23   an additional exhibit consisting of a deposition of plaintiff

24   taken on April 17th, 2013, which includes statements by

25   plaintiff that he pushed his wife causing her to fall backwards

1    on the ground.  Other statements regarding the counseling he

2    received on the probation condition that he, "attend substance

3    abuse assessment and shall participate in counseling and/or

4    treatment until clinically discharged or as directed by the

5    probation officer."

6         These are matters that this court will have to

7    consider in this case.  In view of the foregoing, the court

8    will grant defendant's request to submit plaintiff's deposition

9    as an exhibit.  Additionally, the court will grant all counsel

10   an opportunity to file supplemental briefs within 10 days that

11   should address the foregoing, provided that counsel for

12   plaintiff and defendants are limited to briefs of no more than

13   10 pages and counsel are limited to no more than five pages.

14        Additionally, defendants, by providing the parties an

15   opportunity to file additional briefs, the court finds that

16   there's no prejudice to plaintiff with the allowance of

17   plaintiff's deposition as an exhibit, as you will have an

18   opportunity to respond to that.  Actually, that was brought up

19   last year in the court's motion for reconsideration so it

20   should be no surprise, and it's questionable why the defendant

21   waited until the last minute to make that request.

22        Additionally, defendant's motion for summary judgment

23   under Local Rule 56.1(i) which was alluded to I think on page

24   three of their opposition and which I don't think the other

25   parties were even aware of is denied without prejudice.  Notice

1    of hearing requirements and Rule 56.1(i) have not been met and

2    the court declines to require the parties to address

3    defendant's motion.  It was submitted as part of their

4    opposition three weeks before this hearing.

5            So the court will set another hearing for argument in

6    this case on plaintiff's two motions, and that will be

7    September 17, that's a Tuesday, at 10 a.m.

8            Does any party wish to say anything at this point?

9            MR. RUBIN:  Your Honor, would it be possible for our

10   amicus Brady Center to address our argument that the court need

11   not rely on the modified categorical approach at all?

12           THE COURT:  Yes.

13           MR. RUBIN:  Thank you, Your Honor.

14           THE COURT:  I think that's what you've already done.

15   No, I'm not going to hear you now.  You may argue that in your

16   supplemental brief.

17           MR. RUBIN:  Yes, Your Honor.  Thank you.

18           THE COURT:  Yes, ma'am.

19           MS. ICKES:  Judge, can I clarify something on the

20   supplemental briefing?  Just to my understanding, I just want

21   to make sure I submit precisely what the court wants and

22   nothing -- nothing extra.

23           No more than 10 pages regarding whether or not there's

24   no prejudice to the plaintiff as to the motion for leave to

25   file the deposition transcript, is that what the supplemental

1  brief is limited to?

2            THE COURT:  No.

3            MS. ICKES:  As well as the new case.

4            THE COURT:  I want you to address the Supreme Court

5  decision which you failed to address.

6            MS. ICKES:  Yes, Judge.  Understood.  Just wanted to

7  clarify.

8            THE COURT:  As well as the matters in the deposition

9  that might affect your client.

10            MS. ICKES:  Thank you.

11            THE COURT:  Thank you.  We'll see you again on the

12  17th.

13     (The proceedings concluded at 10:16 a.m., August 12, 2013.)

14

15

16

17

18

19

20

21

22

23

24

25

1                           COURT REPORTER'S CERTIFICATE

2

3         I, CYNTHIA R. OTT, Official Court Reporter, United

4 States District Court, District of Hawaii, Honolulu, Hawaii, do

5 hereby certify that pursuant to 28 U.S.C. §753 the foregoing is

6 a true, complete and correct transcript of the stenographically

7 reported proceedings had in connection with the above-entitled

8 matter and that the transcript page format is in conformance

9 with the regulations of the Judicial Conference of the United

10 States.

11

           DATED at Honolulu, Hawaii, October 7, 2014.

12

13

14                             */s/ CYNTHIA R. OTT*
                          CYNTHIA R. OTT, RMR, CRR

15

16

17

18

19

20

21

22

23

24

25